IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JOHN RUFFINO and MARTHA RUFFINO, Husband and Wife, ) ) ) Plaintiffs, ) ) ) v. ) ) Dr. CLARK ARCHER and HCA ) HEALTH SERVICES OF TENNESSEE, ) INC. d/b/a STONECREST MEDICAL ) CENTER ) ) Defendants. ) | CASE No. 3:17-cv-00725 Chief Judge Waverly D. Crenshaw Magistrate Judge Alistair Newbern JURY DEMAND |

**DEFENDANT DR. CLARK ARCHER'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS**

COMES NOW Defendant **DR. CLARK ARCHER** ("Dr. Archer"), by and through counsel, files this Memorandum of Law in Support of Motion to Dismiss asserting that due to insufficient service of process, personal jurisdiction was not established over Dr. Archer. In addition, Plaintiffs issued insufficient summons to Dr. Archer. Alternatively, should the Court find exercise of personal jurisdiction over Dr. Archer appropriate, by failing to comply with Tennessee's pre-suit notice requirements for health care liability actions and the applicable statute of limitations, Plaintiffs failed to state a cause of action for which relief may be granted, and their claims are to be dismissed with prejudice.

### I. STATEMENT OF THE CASE

On or around February 17, 2016, the Plaintiff, John Ruffino ("Mr. Ruffino"), alleges he was presented at the emergency room of StoneCrest Medical Center and treated by Dr. Archer. (*See* Compl., ¶ 8, 11). Mr. Ruffino, along with his wife (jointly, "Paintiffs"), filed their

Complaint on April 20, 2017. (*See id.*, ¶ 1). In the Complaint, Plaintiffs allege that Dr. Archer did not comply with the appropriate standard of care in rendering medical care. (*See id.*, ¶ 93-96). On May 1, 2017, Plaintiffs mailed by certified mail a copy of the filed Complaint to Dr. Clark Archer at TriStar StoneCrest Medical Center at 200 StoneCrest Boulevard Smyrna, Tennessee 37167. (*See* Exhibit A). When delivered, some unknown individual signed the receipt. Dr. Archer has not authorized anyone at the aforementioned medical facility to receive service for him. At some later point in time, Dr. Archer discovered the envelope in the mailbox assigned to him at the aforementioned medical facility.

## II. ARGUMENT AND CITATION OF AUTHORITY:

### A. Plaintiffs have failed to effect service of process on Dr. Archer, and pursuant to Rule 12(b)(2) and 12(b)(5), the Court lacks personal jurisdiction over Dr. Archer.

Pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, a defendant may raise the defenses of insufficient service of process and lack of personal jurisdiction upon motion. Without proper service of process, a court cannot exercise personal jurisdiction over a named defendant. *King v. Taylor*, 694 F.3d 650, 655 (6th Cir. 2012) (citing *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999)). Absent personal jurisdiction, a federal court is "powerless to proceed to an adjudication." *Id.* (quoting *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 584 (1999)). "When the validity of the service of process is contested, the plaintiff bears the burden of proving that proper service was effected." *Bateman v. United States*, No. 3:10-00765, 2011 WL 1328897, at *3 (M.D. Tenn. Apr. 5, 2011) (citations omitted); *see also Sawyer v. Lexington-Fayette Urban Cty. Gov't*, 18 F. App'x 285, 287 (6th Cir. 2001) (citing *Byrd v. Stone*, 94 F.3d 217, 219 (6th Cir. 1996)). Further, Rule 4(l) of the Federal Rules of Civil Procedure provides that "[u]nless service is waived, proof of service must be made to the

court." Additionally, when evaluating a Rule 12(b)(5) motion, a court may refer to evidence outside of the pleadings. *Pendleton v. Williams*, No. 3:12-CV-00376, 2013 WL 2546684, at *1 (M.D. Tenn. June 10, 2013).

Rule 4(e) of the Federal Rules of Civil Procedure governs service of process on individuals and provides two (2) general methods. One method centers on complying with the appropriate state procedure in the state where the federal court is either located or where the service is attempted. Fed. R. Civ. P. 4(e). The other method permits: (1) personal service, (2) leaving a copy at the individual's abode with an eligible person who also resides there, or (3) serving an agent authorized appointed or by law. *Id.*

In the present case, Plaintiffs did not attempt to personally deliver the Summons and Complaint to Dr. Archer, nor did they leave copies at Dr. Archer dwelling or usual place of abode with a suitable individual. (*See* Exhibit A). Plaintiffs did not personally serve an appointed agent, nor did they serve someone appointed by law for Dr. Archer. (*See id.*) Instead, Plaintiffs attempted service through certified mail. As such, determining whether appropriate service of process occurred is restricted to whether Plaintiffs, through Rule 4(e)(1) of the Federal Rules of Civil Procedure, complied with Tennessee law concerning service of process in a health care liability action.

Rule 4.04 of the Tennessee Rules of Civil procedure generally follows its federal counterpart; however, one major deviation is that Tennessee permits service by certified mail. *Bateman*, 2011 WL 1328897, at *3. Although service of process by certified mail is permitted, "such mail must be received and signed for by the individual named defendant or by an agent authorized to accept service." *Bateman*, 2011 WL 1328897, at *3 (citing Tenn. R. Civ. P. 4.04; *Hall v. Haynes*, No. W200702611COAR9CV, 2009 WL 782761, at *3 (Tenn. Ct. App. Mar. 26,

3

2009), *aff'd*, 319 S.W.3d 564 (Tenn. 2010)). More specifically, when serving an individual by certified mail addressed to the individual at the individual's place of employment whereby another person accepts service on behalf of the individual, Rule 4.04(1) of the Tennessee Rules of Civil Procedure requires that the person accepting service have authority, express or implied, to accept service on the individual's behalf. *Hall v. Haynes*, 319 S.W.3d 564, 572-73 (Tenn. 2010). Pursuant to both federal and Tennessee Rules of Civil Procedure, a defendant's actual notice of a lawsuit against him or her is never sufficient to establish proper service of process. *Hall*, 319 S.W.3d at 572 (citing *Frye v. Blue Ridge Neuroscience Ctr., P.C.*, 70 S.W.3d 710, 715 (Tenn. 2002); *LSJ Inv. Co. v. O.L.D., Inc.*, 167 F.3d 320, 322 (6th Cir. 1999)); *see also King*, 694 F.3d at 655.

In the present case, as previously mentioned, Dr. Archer did not receive personal service of process. (*See* Exhibit A). Instead, the attempted service of process occurred by mailing a copy of the Summons and Complaint addressed to Dr. Archer by certified mail to TriStar StoneCrest Medical Center in Smyna, Tennessee. Dr. Archer never signed the receipt for the certified mail, which means someone else must have signed it. Yet, Dr. Archer has never authorized someone at the aforementioned medical facility to receive service of process on his behalf. *See Hall*, 319 S.W.3d at 572-73 (detailing express authority). Similarly, no one at the aforementioned medical facility has implied authority to accept service of process on Dr. Archer's behalf. *See id.* (detailing implied authority). Regardless of whether someone at the aforementioned hospital may be authorized to receive mail on Dr. Archer's behalf, "acting as an agent for some other purpose does not automatically make" the mail receiver an agent for accepting service of process. *Hall*, 319 S.W.3d at 573 (citations omitted). Accordingly, other than Dr. Archer, no one at the aforementioned medical facility was authorized to receive service

4

of process on Dr. Archer's behalf. Accordingly, Plaintiffs failed to serve process upon Dr. Archer, which renders the Court without personal jurisdiction over him. Further, the claims against Dr. Archer must be dismissed.

> **B. Plaintiffs failed to direct the summons to the Dr. Archer, which resulted in prejudice to Dr. Archer, and due to insufficient process, claims against Dr. Archer should be dismissed pursuant to Rule 12(b)(4) of the Civil Rule of Procedure.**

A Rule 12(b)(4) motion is the proper method to challenge the form of the summons.[1] More specifically, the motion challenges "provisions of Rule 4(b) or any applicable provision incorporated by Rule 4(b) that deals specifically with the content of the summons." *Phillips*, 2006 WL 897985, at *1 (quoting 5B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1353 (3d ed. 2004)). By requiring proper completion of the summons form prior to receiving the clerk's signature, Rule 4(b) of the Federal Rules of Civil Procedure incorporates the content requirements of subsection (a) of the rule. *See Whitaker v. Stamping*, 302 F.R.D. 138, 146 (E.D. Mich. 2014) (citing Fed. R. Civ. P. 4(a)(1)).

In the present case, the summons is not "directed to the defendant." Fed. R. Civ. P. 4(a). Although the Summons states Dr. Archer's name, the address is not the appropriate place for service. Consequently, the Summons fails to comply with the content requirements of Rule 4 of the Federal Rules of Civil Procedure and is insufficient. As such, along with the failure to serve Dr. Archer, he is prejudiced because the court does not have personal jurisdiction over him.

---

[1] *Buck Mountain Cmty. Org. v. Tennessee Valley Auth.*, 629 F. Supp. 2d 785, 792 n. 5 (M.D. Tenn. 2009) (citing *Phillips v. Tennessee Hotel Supply*, No. 1:04-CV-353, 2006 WL 897985, at *1 (E.D. Tenn. Apr. 4, 2006); *see also Whitaker v. Stamping*, 302 F.R.D. 138, 146 (E.D. Mich. 2014) (quoting 5B Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 1353 (3d ed. 2014)).

5

**C. Non-compliance with Tennessee's pre-suit notice requirements establishes Plaintiffs failed to state a claim upon which relief may be granted and requires Plaintiffs' claims be dismissed with prejudice pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.**

Alternatively, should the Court find that proper service of process on Dr. Archer occurred and the exercise of personal jurisdiction over him is appropriate, the Plaintiffs' failures to comply with Tennessee's health care liability pre-suit notice requirements and the corresponding statute of limitations bars the Plaintiffs claims. Accordingly, without a viable claim, Plaintiffs have failed to plead a cause of action upon which relief may be granted, and pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court should dismiss there claims against Dr. Archer with prejudice.

When exercising jurisdiction pursuant to diversity, a federal court must apply the substantive law, including choice of law rules, of the state in which it sits. *Andersons, Inc. v. Consol, Inc.*, 348 F.3d 496, 501 (6th Cir. 2003) (citing *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941)); *see also Standard Fire Ins. Co. v. Ford Motor Co.*, 723 F.3d 690, 692 (6th Cir. 2013). Regarding torts, "Tennessee follows the most significant relationship rule, which provides that the law of the state where the injury occurred will be applied unless some other state has a more significant relationship to the litigation." *Miller v. Uchendu*, No. 2:13-CV-02149-JPM, 2013 WL 4097340, at *2 (W.D. Tenn. Aug. 13, 2013) (citations omitted) (internal quotation marks omitted); *see also Menuskin v. Williams*, 145 F.3d 755, 761 (6th Cir. 1998) (applying Tennessee law to transactions wholly connected with Tennessee). In the present case, because the Court is exercising jurisdiction pursuant to diversity, the alleged injuries took place in Tennessee, and no other state has a more significant relationship to the litigation, Tennessee law supplies the substantive law in the present case.

Likewise, as the forum state, Tennessee's statutes of limitations, though procedural in nature, apply to the Plaintiffs' claims. *Mackey v. Judy's Foods, Inc.*, 867 F.2d 325, 328 (6th Cir. 1989) (citing *Whitfield v. City of Knoxville*, 756 F.2d 455, 461 (6th Cir. 1985)); *see also Jackson v. Regions Bank*, No. 3:09-CV-00908, 2013 WL 2359564, at *5 (M.D. Tenn. May 29, 2013). Tennessee statutes or rules that are an "integral part of a state statute of limitations" must also be given full weight by a federal court.[2] More specifically, Tennessee's Health Care Liability Act supplies the substantive law, statute of limitations, any statutes that modify the statute of limitations for the claims. *Stinnett*, 891 F. Supp. 2d at 867; *ee Miller*, 2013 WL 4097340, at *2 (requiring compliance with the Tennessee pre-suit notice requirements); *see also* Tenn. Code Ann. § 29-26-101 (defining "health care liability action" to be all civil actions alleging a health care provider caused an injury by providing or failing to provide health care services to a person regardless of the theory of liability); Tenn. Code Ann. § 29-26-116 (providing the statute of limitations for a Tennessee health care liability action); Tenn. Code Ann. § 29-26-121 (permitting an extension of the statute of limitations for compliance with the pre-suit notice requirements).

Tennessee's statute of limitations for a health care liability action is one (1) year from either the date of the alleged injury or, if the alleged injury is not discoverable within that one (1) year time period, the date of discovery. Tenn. Code Ann. § 29-26-116. Here, the injury was discovered within one (1) year from the alleged injury; thus, the date of the alleged injury controls when the statute of limitations began to run. Plaintiffs allege the injury occurred on February 17, 2016. Therefore, this date will dictate when the statute of limitations began to run.

---

[2] *See Blaha v. A.H. Robins & Co.*, 708 F.2d 238, 240 (6th Cir. 1983) (upholding dismissal of state claim pursuant to state law regarding service deadline); *see also Walker v. Armco Steel Corp.*, 446 U.S. 740, 751-52 (1980). This is not to be confused with the debate surrounding enforcement of the filing of the certificate of good faith. *See Stinnett v. United States*, 891 F. Supp. 2d 858, 866 n.9 (M.D. Tenn. 2012) (recognizing the split in authority regarding whether filing a certificate of good faith is substantive or procedural).

7

In return for a plaintiff complying with the pre-suit notice requirements of the Tennessee Health Care Liability Act, the statute of limitations will be extended by one hundred twenty (120) days. Tenn. Code Ann. § 29-26-121. To receive this extension of time, sixty (60) days prior to filing of such an action, the prospective plaintiff must provide written notice of intent to file the claim to each health care provider that will be named as a defendant. *Id.* Further, when mailing the notice of intent to an individual health care provider such as Dr. Archer, a plaintiff must send the written notice to "both the address listed for the provider on the Tennessee department of health web site and the provider's current business address, if different from the address maintained by the Tennessee department of health." *Id.* Compliance is established by attaching a "certificate of mailing from the United States postal service stamped with the date of mailing and an affidavit of the party mailing the notice establishing that the specified notice was timely mailed by certified mail, return receipt requested." *Id.*

In the present case, however, the Plaintiffs failed to comply with the notice of intent requirements. Consequently, the statute of limitations was not extended, and at the time of filing, which occurred after the one (1) year expiration of the statute of limitations, Plaintiffs' claims were barred. The specific failure is that Plaintiffs did not mail a notice of intent to Dr. Archer at his address as it is listed on the Tennessee Department of Health's website, as evidenced by certificate of mailing attached as Exhibit 1B to the Complaint. The attached certificate of mailing only demonstrates that the Summons and Complaint were mailed to Dr. Archer at a Murfreesboro, Tennessee address and the address of the facility where alleged medical care took place in Smyrna, Tennessee. The certificate of mailing is devoid of any attempt to mail the Summons and Complaint to Dr. Archer at his Brentwood, Tennessee address as it is listed on the Tennessee Department of Health's website. A compliant certificate of

8

mailing is a prerequisite to the extension of the statute of limitations. Absent this requirement, the Plaintiffs are not entitled to an extension of the statute of limitations. Accordingly, because the Complaint was filed on April 20, 2017, and the statute of limitations expired on February 17, 2017, the claims were filed after the deadline and barred at the time of filing. Therefore, Plaintiffs have failed to state a cause of action upon which relief can be granted, and the claims against Dr. Archer are to be dismissed with prejudice.[3]

### III. CONCLUSION

In conclusion, Plaintiffs' failure to serve process on Dr. Archer renders the Court without personal jurisdiction over Dr. Archer. Similarly, the process issued by Plaintiffs was not directed at Dr. Archer; thus it was insufficient and requires dismissal of the claims against Dr. Archer. Alternatively, absent a mailing certificate demonstrating compliance with Tennessee's pre-suit notice requirements for a health care liability action, Plaintiffs were not entitled to the extension of the statute of limitations. Therefore, when Plaintiffs filed their Complaint after the statute of limitations had expired, they failed to state a cause of action upon which relief may be granted, which requires dismissal with prejudice.

Respectfully submitted on this 22nd day of May, 2017.

                              HALL BOOTH SMITH, P.C.

                    By:    /S/ James Looper_____
                            James E. Looper, Jr. BPR #025200
                            Fifth Third Center
                            424 Church St., Ste. 2950
                            Nashville, TN 37219
                            (615) 313-9911
                            *Attorney for Defendant Dr. Clark Archer*

---

[3] Failure to comply with Tennessee Code Annotated section 29-26-121(a)(1) results in dismissal without prejudice. *Malott v. Marriott Hotel Servs., Inc.*, 200 F. Supp. 3d 713, 717 n.6 (M.D. Tenn. 2016) (citing *Ellithorpe v. Weismark*, 479 S.W.3d 818, 828 (Tenn. 2015)). In the present case, however, dismissal with prejudice is appropriate because the claim was filed after the statute of limitations and is barred. Therefore, the defense is premised upon the expiration of the statute of limitation and not upon the contents of the notice of intent.

9

Case 3:17-cv-00725   Document 9-1   Filed 05/22/17   Page 9 of 10 PageID #: 118

## CERTIFICATE OF SERVICE

I hereby certify that: I have this 22nd day of May, 2017, served all parties in this matter with the foregoing **DEFENDANT DR. CLARK ARCHER'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS by CM/ECF**, to counsel of record as follows:

Brian Manookian, Esq., BPR# 26455
Brian Cummings, Esq., BPR # 19354
**CUMMINGS MANOOKIAN PLC**
45 Music Square West
Nashville, TN 37203
Phone: 615-266-3333
Fax: 615-266-0250
bcummings@cummingsmankoonian.com
bmanookian@cummingsmankoonian.com
Counsel for Plaintiffs, JOHN RUFFINO and MARTHA RUFFINO, Husband and Wife

C.J. Gideon, Jr., Esq
J. Blake Carter, Esq.
**GIDEON COOPER & ESSARY**
315 Deaderick Street, Suite 1100
Nashville, TN 37238
Phone: (615) 254-0400
Fax: (615) 254-0459
E-mail: cj@gideoncooper.com
E-mail: blake@gideoncooper.com
Counsel for HCA Health Services of Tennessee, Inc. d/b/a StoneCrest Medical Center

                          HALL BOOTH SMITH

                          By:    /S/ James Looper