# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| JOHN RUFFINO and MARTHA RUFFINO, Husband and Wife, | ) ) ) |
| Plaintiffs, | ) ) Case No. 3:17-cv-00725 |
| v. | ) ) JURY DEMAND |
| DR. CLARK ARCHER and HCA HEALTH SERVICES OF TENNESSEE, INC. d/b/a STONECREST MEDICAL CENTER, | ) ) ) ) ) |
| Defendants. | ) |

## PLAINTIFFS' RESPONSE IN OPPOSITION TO THE DEFENDANT, DR. ARCHER'S MOTION TO DISMISS

The Plaintiffs – John Ruffino and Martha Ruffino, Husband and Wife – submit this Response in Opposition to the Defendant, Dr. Archer's Motion to Dismiss (D.E. 9).

## INTRODUCTION

Dr. Archer argues that the pending case against him should be dismissed. In support, he claims that:

(1) Plaintiff did not serve him with process, *despite the undisputed successful service and receipt of the Complaint by Certified Mail*;

(2) Plaintiff did not "direct" the summons to him, *despite both receiving it and acknowledging that the summons "states Dr. Archer's name" and address of employment*; and

(3) Plaintiff did not mail Pre-Suit Notice to some unspecified address, *when Plaintiff did mail – and Dr. Archer received – Pre-Suit Notice by Certified Mail to the addresses specified as appropriate under Tennessee law*.

For all of the reasons below, Dr. Archer's Motion to Dismiss with Prejudice the claims against him should be denied.

## ARGUMENT

**I.  Plaintiff Effected and Defendant Received Proper Service of Process, Moreover the Time Has Not Even Expired for Plaintiff to Effect Service.**

Federal Rule (4)e governs the service of process on individual defendants. An individual may be served by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Tennessee Rule of Civil Procedure 4.04(10) authorizes service of process by certified mail.

> Service by mail of a summons and complaint upon a defendant may be made by the plaintiff, the plaintiff's attorney or by any person authorized by statute… Such person shall send, postage prepaid, a certified copy of the summons and a copy of the complaint by registered return receipt or certified return receipt mail to the defendant. *Id*.

The Plaintiff in this case sent the summons and complaint to Dr. Archer at his place of employment by Certified Mail on May 1, 2017. (D. E. 9-2). The Certified Mail was accepted and signed for on Dr. Archer's behalf on May 3, 2017. <u>Exhibit A</u>. Dr. Archer now argues, without affidavit, explanation, or even further identification, that the individual who accepted the Complaint via Certified Mail on his behalf was somehow unauthorized to do so, and, as a result – and despite his attorney appearing in this action on his behalf – that he has not been served with process in this matter.

Dr. Archer has been successfully served via Certified Mail under Tennessee law; however, even assuming for the sake of argument that Plaintiff has not achieved service of process, Defendant's Motion is premature. Rule 4(m) of the Federal Rules of Civil Procedure states that "[i]f a defendant is not served *within 90 days after the complaint is filed*, the court – on motion or

on its own after notice to the plaintiff – must dismiss the action *without prejudice* against that defendant, or order that service be made within a specified time." (Emphasis added).

This matter was filed on April 20, 2017 (D. E. 1). Even if the Certified Mailing received by Defendant was somehow ineffective, Plaintiff's deadline to achieve service of process on Dr. Archer does not expire until July 19, 2017. And were Plaintiff to fail in that effort; the result would be a dismissal without prejudice; not a dismissal with prejudice as Dr. Archer has requested here.

As documented above and in Plaintiff's forthcoming affidavit of service, Dr. Archer was served with process by Certified Mail as authorized by Tennessee law and permitted under Federal Rule of Civil Procedure 4. To the extent Dr. Archer claims not to have been served – despite receiving the Complaint and actively participating in the case through Counsel – <u>Plaintiff has until July 19, 2017 to file his affidavit of service of process with the Court</u>. Defendant's Motion to Dismiss for Insufficiency of Service of Process is thus both without merit substantively and premature procedurally. It should be denied.

Alternatively, this Court should exercise its discretion to deem process effective under the circumstances as served, or require substitute service, rather than dismissing this action as Dr. Archer requests. Dismissal does not serve the just, speedy, and inexpensive determination of this action. *See* Fed. R. Civ. P. 1.

**II.    Plaintiff Issued and Defendant Received Proper Summons**

Dr. Archer next argues that the case against him should be dismissed with prejudice because the summons he received was "not directed" to him. Dr. Archer makes this claim solely because the summons includes the address of his place of employment as opposed to "the appropriate place for service."

3

Case 3:17-cv-00725    Document 12    Filed 06/06/17    Page 3 of 7 PageID #: 137

Dr. Archer neither cites any case law for this proposition, nor does he reveal what address he prefers to have been included within the body of the summons. In either event, he does not dispute that he received the summons at the address to which it was directed and served. And despite claiming that the summons was "not directed to him;" he is ultimately forced to acknowledge that the summons "states Dr. Archer's name." (D. E. 9, at Page 5).

Dr. Archer's argument on this point lacks any basis in law or fact. It is apparent from the summons that it is directed to the same Clark Archer that Plaintiff alleges committed the wrongs detailed in the Complaint, a fact underscored by Dr. Archer's receipt and defense of this matter. Moreover, as previously discussed, the deadline for issuing and serving process in this case has not expired. To the extent the Court finds that addressing the summons to the place where Dr. Archer is both employed and treated the patient (and where he successfully received it) is somehow improper or deficient, Plaintiff is entitled to reissue and reserve the same. Dr. Archer's request should be denied.

**III.   Plaintiff Complied with the Pre-Suit Notice Requirements**

Dr. Archer finally argues that Plaintiff failed to comply with Tennessee's Pre-Suit Notice requirements when Plaintiff successfully delivered Pre-Suit Notice to both Dr. Archer's business address and to the location where Dr. Archer last saw the Plaintiff as a patient.

Tenn. Code Ann. 29-26-121specifies the manner in which notice may be provided to an individual health care provider.

> To an individual health care provider at both the address listed for the provider on the Tennessee department of health web site and the provider's current business address, if different from the address maintained by the Tennessee department of health; provided, <u>that, if the mailings are returned undelivered from both addresses</u>, then, within five (5) business days after receipt of the second undelivered letter, the notice shall be mailed in the specified manner to the provider's office or business

address at the location where the provider last provided a medical service to the patient. *Id*. (Emphasis added).

Like many physicians, Dr. Archer does not maintain a mailing address on the Tennessee Department of Health's provider website. His address is simply listed as "Brentwood, Tennessee." *See*, Exhibit B. As such, and as expressly permitted by Tennessee Statute, Plaintiff sent Pre-Suit Notice to both Dr. Archer's business address and the address at which he last treated the patient as permitted by the Tennessee statute. (D. E. 1). Dr. Archer does not allege that he did not receive notice, or that he was prejudiced in any way by receiving the same at two of the three addresses expressly permitted by Tennessee statute. Plaintiff has fully complied with the Pre-Suit Notice requirement.

## **CONCLUSION**

For all of the preceding reasons, Plaintiff respectfully requests that the Court deny Dr. Archer's Motion to Dismiss.

Respectfully submitted,

/s/ Brian P. Manookian
**Brian Cummings, #19354**
**Brian P. Manookian, #26455**
Cummings Manookian PLC
45 Music Square West
Nashville, Tennessee 37203
(615) 266-3333 (phone)
(615) 266-0250 (fax)
bcummings@cummingsmanookian.com
bmanookian@cummingsmanookian.com

*Attorneys for the Plaintiffs*

# CERTIFICATE OF SERVICE

I certify that I have served all parties in this matter through counsel of record listed below with the foregoing by CM/ECF:

James E. Looper, Jr.
Hall Booth Smith, PC
Fifth Third Center
424 Church Street, Suite 2950
Nashville, TN 37219
(615) 313-9911 (phone)
(615) 313-8008 (fax)
jlooper@hallboothsmith.com

*Counsel for the Defendant*
*Dr. Clark Archer*

C.J. Gideon, Jr.
J. Blake Carter
Gideon Cooper & Essary
315 Deaderick Street, Suite 1100
Nashville, TN 37238
(615) 254-0400 (phone)
(615) 254-0459 (fax)
cj@gideoncooper.com
blake@gideoncooper.com

*Counsel for the Defendant*
*HCA Health Services of Tennessee, Inc.*
*d/b/a StoneCrest Medical Center*

    /s/ Brian P. Manookian