IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JOHN RUFFINO and MARTHA RUFFINO, Husband and Wife, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) CASE No. 3:17-cv-00725 ) Chief Judge Waverly D. Crenshaw ) Magistrate Judge Alistair Newbern |
| DR. CLARK ARCHER and HCA HEALTH SERVICES OF TENNESSEE, INC. d/b/a STONECREST MEDICAL CENTER | ) ) JURY DEMAND ) ) |
| Defendants. | ) ) |

**DEFENDANT DR. CLARK ARCHER'S REPLY MEMORANDUM**

COMES NOW Defendant, **DR. CLARK ARCHER** ("Dr. Archer"), by and through counsel who make a limited appearance, pursuant to Local Rule 7.01(b) and the Court's Order, and files this Reply Memorandum setting forth further clarification.

**(1)   Plaintiffs failed to serve Dr. Archer because they did not serve his agent.**

"It is well-settled that the plaintiff bears the burden to establish that service was proper when it is challenged through a Rule 12(b)(5) motion to dismiss for insufficient service of process."[1] Plaintiffs contend that Dr. Archer received sufficient service of process when a receptionist at the front desk of one of the hospitals signed for certified mail on his behalf.[2] Plaintiffs have clearly failed to carry their burden.

---

[1] *McGehee v. Diversified Glob. Servs., LLC*, No. 3:14-1684, 2017 WL 1036432, at *3 (M.D. Tenn. Mar. 17, 2017) (citing *Metropolitan Alloys Corp. v. State Metals Indus., Inc.*, 416 F. Supp. 2d 561, 563 (E.D. Mich. 2006); *Shires v. Magnavox Co.*, 74 F.R.D. 373, 377 (E.D. Tenn. 1977)).

[2] *See* Exhibit A to Plaintiffs' Response to Motion to Dismiss.

Although Rule 4.04(10) of the Tennessee Rules of Civil Procedure permits service by certified mail, Plaintiffs ignore that Rule 4.03(2)[3] of the Tennessee Rules of Civil Procedure defines who may sign the return receipt, which ultimately answers whether a defendant received service.[4] Service on an individual defendant by certified mail requires that the person signing the return receipt be either the defendant or "'an agent authorized by appointment . . . to receive service on behalf of' an individual defendant."[5] "'In the workplace context, service is not effective when another employee whom the individual defendant has not appointed as an agent for service of process nonetheless accepts process on the defendant's behalf.'"[6] Further, filing the return receipt is a mandatory requirement that establishes a court's jurisdiction over the defendant.[7]

In the present case, Plaintiffs have neither filed the return receipt identifying the signer nor have they put forth proof establishing that Dr. Archer authorized that individual to sign for the mail. Even if they did, "the authority to sign for and receive certified mail does not, without more, qualify as an agent authorized by appointment to receive service of process on behalf of an individual defendant."[8] Submitting a copy of a U.S. Postal Service tracking page indicating that someone at the front desk signed for the certified mail is insufficient to carry Plaintiffs' burden.[9] Absent proof of who received service, and his or her authority to accept service for Dr. Archer, Plaintiffs have not carried their burden. To the extent the Court requires further proof from Dr.

---

[3] In relevant part, "[i]f the return receipt is signed by the defendant, or by a person designated by Rule 4.04 or by statute, service on the defendant shall be complete. If not, service by mail may be attempted again or other methods authorized by these rules or by statute may be used. TENN. R. CIV. P. 4.03

[4] *Hall v. Haynes*, 319 S.W.3d 564, 576-77 (Tenn. 2010).

[5] *Id.* at 578 (quoting Tenn. R. Civ. Pro. 4.04(1)).

[6] *Cash Am. Int'l, Inc. v. Geico Gen. Ins. Co.*, No. M201501946COAR3CV, 2016 WL 3476845, at *5 (Tenn. Ct. App. June 17, 2016) (quoting *Hall*, 319 S.W.3d at 572).

[7] *Hall*, 319 S.W.3d at 577.

[8] *Id.* at 581.

[9] *See* Exhibit A to Plaintiffs Response to Motion to Dismiss.

Archer, he has indicated his willingness to execute an affidavit setting forth that he has not appointed an agent for service of process upon his return to the country within the present month.

Plaintiffs' contention concerning the active participation by Dr. Archer's counsel is without merit. "[A]ctual notice of the lawsuit is not 'a substitute for service of process when the Rules of Civil Procedure so require.'"[10] Dr. Archer's awareness of the lawsuit is legally irrelevant. Otherwise, filing a Rule 12(b)(5) motion to dismiss the suit for failure to serve a defendant would be an exercise in futility. Accordingly, Plaintiffs failed to carry their burden in proving service of process on Dr. Archer, and the action should be dismissed.

**(2) Plaintiffs' suit is barred by their failure to comply with Tennessee's pre-suit notice requirements for a healthcare liability action.**

In addition to Plaintiffs' failure to serve Dr. Archer, their claims are subject to a far more fatal error. Plaintiffs' certificate of mailing establishes that they failed to comply with Tennessee Code Annotated section 29-26-121; thus, they did not receive an extension to the statute of limitations, and their claims are to be dismissed with prejudice. Tennessee Code Annotated section 29-26-121 provides **one way** to establish that an individual provider was mailed the pre-suit notice within the statute of limitations. "Compliance with subdivision (a)(3)(B) [subsection dealing with mailing notice] **shall be demonstrated by filing a certificate of mailing** from the United States postal service stamped with the date of mailing and an affidavit of the party mailing the notice establishing that the specified notice was timely mailed by certified mail, return receipt requested."[11] The pertinent subsection provides:

> (B) Mailing of the notice:
> (i) To an individual health care provider at **both** the address listed for the provider on the Tennessee department of health web site **and** the provider's current business address,

---

[10] *Hall*, 319 S.W.3d at 572 (quoting *Frye v. Blue Ridge Neuroscience Ctr., P.C.*, 70 S.W.3d 710, 715 (Tenn. 2002)); *accord LSJ Inv. Co. v. O.L.D., Inc.*, 167 F.3d 320, 322 (6th Cir. 1999).

[11] TENN. CODE ANN. § 29-26-121(a)(4) (emphasis added).

> if different from the address maintained by the Tennessee department of health; provided, that, *if the mailings are returned undelivered **from both addresses**,* **then**, within five (5) business days **after receipt of the <u>second undelivered letter</u>**, the notice shall be mailed in the specified manner to the provider's office or business address at the location where the provider last provided a medical service to the patient."[12]

In order to comply with the pre-suit notice requirements, Plaintiffs must file a certificate of mailing that indicates one of the pre-suit notices was sent by certified mail to Dr. Archer's address as it is listed on the Tennessee Department of Health's web site. At the time of mailing, Plaintiffs were aware that the Tennessee Department of Health's website listed Dr. Archer's address as "Brentwood, TN 37027."[13] Plaintiffs' certificate of mailing conclusively establishes that they did not mail a pre-suit notice to this address.[14]

Instead, Plaintiffs seek to beguile the Court into holding that the statute does not require this step. Although the Tennessee Supreme Court has held that substantial compliance with Tennessee Code Annotated sections 29-26-121(a)(3)(B) and (a)(4) is sufficient, the court limited its holding to deviations concerning the "method of service—'certified mail, return receipt requested'—or the proof of service requirement—'filing a certificate of mailing from the United States [P]ostal [S]ervice.'"[15] As a result, the court held that substantial compliance occurred when plaintiffs used private commercial carriers instead of the U.S. Postal Service to send the pre-suit notices to the addresses in the order they are listed in the statute.[16] On the other hand, as is the present case, when plaintiffs disregard the statute's progression of addresses, they are not in substantial compliance.

---

[12] TENN. CODE ANN. § 29-26-121(a)(3)(B)(i) (emphasis added).
[13] *See* Exhibit 1A to Complaint; Plaintiffs' Response to Motion to Dismiss.
[14] *See* Exhibit 1B to Complaint.
[15] *Arden v. Kozawa*, 466 S.W.3d 758, 764 (Tenn. 2015) (quoted authorities omitted).
[16] *Id.*

4

Only after **both** letters were returned undelivered, and within five (5) business days **after** receiving the second undelivered letter, may Plaintiffs **then** mail pre-suit notice to the address where the medical services were last provided to Mr. Ruffino. Here, that never occurred. Even if it did, Plaintiffs are still required to file a certificate of mailing that demonstrates this attempt. To find otherwise completely dispenses with the statute's five (5) day deadline. The record is clearly devoid of any such attempt.[17]

Plaintiffs do not contest that they never attempted to comply with this statutory requirement. Rather, Plaintiffs now ask the Court to excuse compliance and permit them to circumvent the statute of limitations. When Plaintiffs filed the Complaint, it was beyond the statute of limitations because their non-compliance with the pre-suit notice requirements did not operate to extend the statute of limitations.[18] Consequently, Plaintiffs' claims are barred, and their claims should be dismissed with prejudice on statute of limitations grounds.

**In conclusion**, for the forgoing reasons, Plaintiffs' claims against Dr. Archer should be dismissed with prejudice.

Respectfully submitted on this 19th day of June 2017.

HALL BOOTH SMITH, P.C.

By: /S/ James Looper, Esq.
James E. Looper, Jr. BPR #025200
Fifth Third Center
424 Church St., Ste. 2950
Nashville, TN 37219
(615) 313-9911
*Attorney for Defendant Dr. Clark Archer*

---

[17] *See* Exhibit 1B to Complaint.
[18] TENN. CODE ANN. § 29-26-121(c) ("When notice is given to a provider as provided in this section, the applicable statutes of limitations and repose shall be extended for a period of one hundred twenty (120) days from the date of expiration of the statute of limitations and statute of repose applicable to that provider.").

5

## CERTIFICATE OF SERVICE

   I hereby certify that: I have this 19th day of June 2017, served all parties in this matter with the foregoing **DEFENDANT DR. CLARK ARCHER'S REPLY MEMORANDUM by CM/ECF**, to counsel of record as follows:

Brian Manookian, Esq., BPR# 26455
Brian Cummings, Esq., BPR # 19354
CUMMINGS MANOOKIAN PLC
45 Music Square West Nashville, TN 37203
Phone: 615-266-3333
Fax: 615-266-0250
bcummings@cummingsmankoonian.com
bmanookian@cummingsmankoonian.com
**Counsel for Plaintiffs, JOHN RUFFINO and MARTHA RUFFINO Husband and Wife**

C. J. Gideon, Jr., Esq
J. Blake Carter, Esq.
GIDEON COOPER & ESSARY
315 Deaderick Street, Suite 1100
Nashville, TN 37238
Phone: (615) 254-0400
Fax: (615) 254-0459
E-mail: cj@gideoncooper.com
E-mail: blake@gideoncooper.com
**Counsel for HCA Health Services of Tennessee, Inc. d/b/a StoneCrest Medical Center**

        HALL BOOTH SMITH

      By: /S/ James Looper, Esq.

6