IN THE UNITED STATES DISTRICT COURT MIDDLE DISTRICT OF TENNESSEE,
NASHVILLE DIVISION

| | |
|---|---|
| JOHN RUFFINO and MARTHA RUFFINO, Husband and Wife, ) ) ) Plaintiffs, ) ) v. ) ) ) DR. CLARK ARCHER and HCA HEALTH ) SERVICES OF TENNESSEE, INC. d/b/a ) STONECREST MEDICAL CENTER, ) ) Defendants. ) | Civil Action No.: 3:17-CV-00725<br><br>Jury Demand |

## MOTION FOR LEAVE TO FILE AMENDED COMAPLINT

The Plaintiffs respectfully move this Court, pursuant to Fed. R. Civ. P. 15 and Fed. R. Civ. P. 16(b) for leave to file the Amended Complaint attached hereto as **Exhibit 1** after the October 20, 2017 deadline to file motions to amend or add parties of the Initial Case Management Order (Dkt. 20).

As grounds for this Motion, the Plaintiffs state as follows:

1. Generally, motions for leave to amend a complaint should be "freely granted when justice requires." Fed. R. Civ. P. 15(a). The Sixth Circuit has a liberal standard for allowing motions for leave to amend pleadings, advising that district courts should "freely allow[] the amendment of pleadings in the absence of substantial prejudice to the opposing party." *Lawson v. Truck Drivers, Chauffeurs & Helpers, Local Union 100*, 698 F.2d 250, 256 (6th Cir. 1983). Factors relevant to the determination of whether to permit an amendment include "the delay in filing, the lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure

deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment." *Perkins v. Am. Elec. Power Fuel Supply, Inc*., 246 F.3d 593, 605 (6th Cir. 2001). "Delay alone ... does not justify the denial of leave to amend. Rather, the party opposing a motion to amend must make some significant showing of prejudice to prevail." *Sec. Ins. Co. of Hartford v. Kevin Tucker & Assocs., Inc.*, 64 F.3d 1001, 1009 (6th Cir. 1995). "Delay that is neither intended to harass nor causes any ascertainable prejudice is not a permissible reason, in and of itself to disallow an amendment of a pleading[.]"

2.  A motion to amend should be freely allowed, even when it is filed while a defendant's motion for summary judgment is pending. *Neeley v. Grainger Cnty. Gov't*, 2017 U.S. Dist. LEXIS 27498, *20, 2017 WL 782897 (E.D. Tenn. Feb. 28, 2017). Indeed, it is an abuse of discretion to grant a defendant's motion for summary judgment, without first considering a plaintiff's motion to amend. *Thompson v. Superior Fireplace Co.*, 931 F.2d 372, 374 (6th Cir. 1991).

3.  Pursuant to Fed. R. Civ. P. 16(b)(3)(A), this Court's initial case management order imposed a deadline of October 20, 2017 for the parties to file motions to amend or add parties. Since that deadline has passed, the Plaintiffs must show good cause for leave to file the proposed Amended Complaint. The two measures for "good cause" are (1) the movant's diligence in attempting to meet the deadline, and (2) the possibility of prejudice to the party opposing the modification. *Rich & Rich P'ship v. Poetman Records United States*, 2009 U.S. Dist. LEXIS 117246, *7 (E.D. KY Dec. 15, 2009) (*citing Inge v. Rock Financial Corp*., 281 F.3d 613, 625 (6th Cir. 2002).

4.  Here, the Plaintiffs are seeking to amend the Complaint to conform it evidence recently learned through the November 29, 2017 depositions of Carol McCulloch, RN and Robert

Bromley, RN,[1] as well as to track the opinions of Plaintiffs' medical experts based on their review of this newly-discovered evidence.[2] Plaintiffs are not seeking to add any new parties or causes of action.

5. As a general proposition, good cause is present when a party moves promptly to amend a complaint when new information is learned during discovery. *Rich & Rich*, 2009 U.S. Dist. LEXIS 117246, *10 (compiling cases for same). The federal rules also expressly favor this type of amendment, even as late as *during* trial:

> If, at trial, a party objects that evidence is not within the issues raised in the pleadings, the court may permit the pleadings to be amended. The court should freely permit an amendment when doing so will aid in presenting the merits and the objecting party fails to satisfy the court that the evidence would prejudice that party's action or defense on the merits. The court may grant a continuance to enable the objecting party to meet the evidence.

Fed. R. Civ. P. 15(b)(1).

6. The Plaintiffs were diligent in obtaining (and having its medical experts review/analyze) the deposition discovery from StoneCrest that requires the Plaintiff to amend its Complaint. On August 25, 2017, the Plaintiffs served a Rule 30(b)(6) notice on Defendant StoneCrest. Dkt. 31-2. When StoneCrest objected to this discovery, the Parties conferred regarding same, but ultimately, the Defendant filed a Motion for Protective Order to preclude the discovery on September 28, 2017. Dkt. 31. The matter was heard before Mag. Judge Alistair Newbern on November 1, 2017 via teleconference. *See* Minute Entry: 11/01/2017. Mag. Judge Newbern entered an Order requiring the Parties to confer again about the discovery sought by Plaintiffs after Defendant Dr. Archer and the identified nurses were deposed. Dkt. 37. Dr. Archer was deposed on November 11, 2017. Nurse McCulloch and Nurse Bromley were both deposed on November 29,

---

[1] The transcripts of these depositions were not available until December 6, 2017 and December 8, 2017, respectively.
[2] *See* Affidavit of Dr. Troy Pope, executed Dec. 22, 2017, and Affidavit of Dr. Alfred Callahan, executed Dec. 22, 2017.

2017. Dkt. 46-4, -5. On November 30, 2017 – the day after these depositions – Defendant StoneCrest filed a motion for summary judgment. Dkt. 38. On November 7, 2017, The Plaintiffs filed a motion for an extension of time to respond to StoneCrest's motion for summary judgment, as the Plaintiffs had not yet received the transcripts of the nurses' depositions, and anticipated delays in getting its medical experts to review these materials and provide responsive affidavits due to the holidays. Dkt. 44. Plaintiffs received the transcripts of the nurses' depositions on December 9, 2017, and provided those transcripts to its medical experts for their review. On December 22, 2017, the Plaintiffs received affidavits from their medical experts reflecting their opinions in light of the new factual testimony. Dkt. 46-1, -2. Plaintiffs' timely-filed its response in opposition to Defendant's Motion for Summary Judgment and supporting Materials on the late evening of December 28, 2017. Dkt. 46-48.

7.  On December 29, 2017, the Plaintiffs sent a draft of the proposed Amended Complaint to Counsel for the Defendants, to attempt to solicit agreement to the relief sought by this Motion (after attempts to call Defense Counsel were unsuccessful). On January 3, 2017, Counsel for both Defendants indicated that they did not agree to the relief sought in this Motion, but would re-evaluate their positions upon seeing Plaintiffs' Motion for Leave to amend.

8.  The Defendants will not be prejudiced by the filing of the Amended Complaint.

    a. <u>For Dr. Archer</u>: he has not yet even filed an Answer to the original Complaint.

    b. <u>For StoneCrest</u>: the Amended Complaint is proposed to be amended to track the testimony of its employees, Nurse McCulluch and Nurse Bromley, to whom StoneCrest had exclusive access, until those nurses were deposed.

    c. <u>For both Defendants</u>: since the Amended Complaint does not add any new claims or parties, and simply conforms to the evidence, the Defendants were

already on notice of the facts alleged therein from the discovery that prompted the amendment, and there is no need to extend or modify any other case deadlines.

9. *Goode v. Genesee*, 2014 U.S. Dist. LEXIS 26473 (E.D. Micd. Mar. 3, 2014) reflects application of these guiding principles to a factually analogous scenario. In that case, the plaintiff moved to amend the Complaint shortly after the deadline to do so had passed. *Id.* at *4-5. Because the plaintiff's proposed amended complaint did not assert any new causes or action or add any new parties, but rather, simply conformed to the evidence revealed in discovery, the court granted the motion for leave to amend. *Id.* at *5. The court noted that the defendants would not be unduly prejudiced by the amendment because "to the extent any additional discovery is needed, it should be minimal." *Id.* The court further stated that "any prejudice suffered by Defendants as a result of the amended complaint can easily be rectified with a limited extension of discovery as necessary." *Id.*

## **CONCLUSION**

For the reasons stated above, the Plaintiffs respectfully request leave to file the Amended Complaint attached as **Exhibit 1** hereto.


## CERTIFICATE OF SERVICE

I certify that I have served all parties in this matter through counsel of record listed below with the foregoing by CM/ECF this 3rd day of January 2018:

James E. Looper, Jr.
Hall Booth Smith, PC
Fifth Third Center
424 Church Street, Suite 2950
Nashville, TN 37219
(615) 313-9911 (phone)
(615) 313-8008 (fax)
jlooper@hallboothsmith.com

*Counsel for the Defendant*
*Dr. Clark Archer*

C.J. Gideon, Jr.
J. Blake Carter
Gideon Cooper & Essary
315 Deaderick Street, Suite 1100
Nashville, TN 37238
(615) 254-0400 (phone)
(615) 254-0459 (fax)
cj@gideoncooper.com
blake@gideoncooper.com

*Counsel for the Defendant*
*HCA Health Services of Tennessee, Inc.*
*d/b/a StoneCrest Medical Center*

        s/ Mark Hammervold