# IN THE UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| JOHN RUFFINO, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| v. ) | NO. 3:17-cv-00725 |
| ) | JUDGE CAMPBELL |
| DR. CLARK ARCHER, et al. ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM

Pending before the Court is Plaintiffs' Motion for Leave to File Amended Complaint (Doc. No. 50). For the reasons stated herein, Plaintiffs' Motion is **GRANTED**.

## BACKGROUND

This action involves alleged medical malpractice by Defendants. Plaintiffs' Complaint and proposed Amended Complaint allege that both Defendants Dr. Clark Archer and Stonecrest Medical Center[1] were negligent in their care and treatment of Plaintiff John Ruffino when he was in the Emergency Room ("ER") at Stonecrest Medical Center on February 17, 2016. Plaintiffs contend that Defendants failed to comply with the applicable standard of care for acceptable professional practice and that Defendants' negligence directly and proximately caused serious injury and damages to Mr. Ruffino.

Plaintiffs have filed a Motion for Leave to File Amended Complaint. The deadline in the Initial Case Management Order for filing any motions to amend was October 10, 2017 (Doc. No. 20). Plaintiffs argue that they seek to amend to conform the Complaint to evidence recently learned

---

[1] Plaintiffs sued Dr. Archer and HCA Health Services of Tennessee, Inc. d/b/a Stonecrest Medical Center.

through depositions taken on November 29, 2017. Plaintiffs received the transcripts of those depositions on December 9, 2017, and forwarded them to their experts. Plaintiffs received the revised Affidavits of their experts on December 27, 2017. Plaintiffs assert that they forwarded a draft of their proposed Amended Complaint to Defendants on December 29, 2017, and filed the instant Motion to Amend on January 3, 2018.[2]

MOTION TO AMEND SCHEDULING ORDER

Here, the first question is whether to amend the Scheduling Order[3] to allow a Motion to Amend after the October 10, 2017 deadline. Plaintiffs did not ask for that deadline to be moved before it passed. Plaintiffs had not taken the relevant depositions before that deadline passed, however, and the Court, in its discretion, credits Plaintiffs' assertion that the information in those depositions was "new."[4]

Under Fed. R. Civ. P. 16(b)(4), the Court's schedule may be modified for good cause and with the judge's consent. In determining whether good cause exists, courts consider the diligence of the party seeking the extension and whether the opposing party will suffer prejudice by virtue of the amendment. *Ott v. Publix Super Markets, Inc.*, 298 F.R.D. 550, 558 (M.D. Tenn. 2014). In light of the significant discovery taken after the deadline to amend had passed and the deposition transcripts

---

[2] The delay in ruling on this Motion is through no fault of Plaintiffs, but because of the shortage of judges and the congestion in this Court.

[3] Although the Scheduling Order (Initial Case Management Order) was entered by the Magistrate Judge, given the relation between amending that Scheduling Order and the Motion to Amend the Complaint, the district judge will consider both.

[4] There is no assertion that the taking of the relevant depositions was delayed by any action of Plaintiffs or was the result of bad faith.

2

not becoming available until December 9, 2017, the Court finds that Plaintiffs acted with sufficient diligence in moving to amend their Complaint on January 3, 2018.

Because the proposed amendment adds factual allegations and not parties or claims, any prejudice to Defendants is minimal. Moreover, to avoid prejudice, the Court will not require Defendants to refile their dispositive motions. Rather, Defendants may file supplements to those motions, if appropriate, as explained below.

For these reasons, the Scheduling Order will be amended to allow Plaintiffs to file their Motion to Amend on January 3, 2018.

## MOTION TO AMEND COMPLAINT

The Federal Rules of Civil Procedure provide that, once a responsive pleading is filed, a party may amend its pleading only with the opposing party's consent or the court's leave. Fed. R. Civ. P. 15(a)(2). A court should freely give leave to amend when justice so requires. *Id*. In determining whether to grant such leave, a court should consider a number of factors, including the delay in filing, the lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment. *Perkins v. Am. Elec. Power Fuel Supply, Inc.*, 246 F.3d 593, 605 (6th Cir. 2001) (*cited in Barker v. Professional Educators of Tenn.*, 2012 WL 4793544 at * 3 (M.D. Tenn. Oct. 9, 2012)). In determining whether "justice so requires," the court enjoys broad discretion. *Sykes v. First South Utility Const., Inc.*, 2006 WL 2792195 at * 4 (M.D. Tenn. Sept. 25, 2006).

Defendants argue that amendment of the Complaint indicates that Plaintiffs did not comply with Fed. R. Civ. P. 11 and Tenn. Code Ann. § 29-26-122 when they filed the original Complaint. The Court disagrees. Plaintiffs submitted, with the original Complaint, the appropriate certification

3

of notice to Defendants and compliance with state law concerning consultation with experts *(see* Doc. No. 1 and exhibits thereto). The proposed Amended Complaint does not change those facts.

Plaintiffs contend that discovery, specifically the depositions of two nurses, who were employees of Defendant Stonecrest, revealed "new evidence" that was then reviewed by Plaintiffs' experts and included in their opinions. Plaintiffs seek to amend the Complaint to conform it to this new evidence. As Plaintiffs point out, the Court may allow amendments to the pleadings, to conform to the evidence, even as late as trial. Fed. R. Civ. P. 15(b)(1). The Court finds that such an amendment will aid in conforming the pleadings to include this relevant evidence before the Court resolves any dispositive motions.

Defendants argue that the proposed Amended Complaint is a "radical overhaul" of Plaintiffs' claims. Although the Amended Complaint clarifies and alters some of the underlying factual bases for Plaintiffs' claim, however, that claim is still medical negligence by the health care providers, resulting in injury to Plaintiff. To the extent Defendants claim the "new" evidence does not reveal what Plaintiffs claim, they may challenge those facts during the summary judgment process or at trial. Moreover, the substantive defenses Defendants assert are more appropriate for summary judgment or trial, not a Motion to Amend.[5]

In order to avoid any prejudice related to their pending dispositive motions, Defendants may file supplemental arguments and/or statements of undisputed facts in support of their Motion to Dismiss and/or Motion for Summary Judgment, and Plaintiffs may respond thereto, in accordance

---

[5] For example, the question of whether Mr. Ruffino was "neurologically normal" when he arrived at the ER is a factual question that can be challenged and argued on summary judgment and/or at trial. Similarly, whether the treatments Plaintiffs claim should have been given would have been effective and whether Mr. Ruffino's December 23, 2015 imaging study precludes recovery on Plaintiffs' claim are also issues that are more appropriately argued at a later time.

with the accompanying Order. For these reasons, Plaintiffs' Motion to Amend Complaint (Doc. No. 50) is **GRANTED**.

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE

5