KeyCite Yellow Flag - Negative Treatment
Distinguished by Clem v. Delta Pharma, Inc., W.D.Tenn., June 25, 2015
2013 WL 3964758
Only the Westlaw citation is currently available.

SEE COURT OF APPEALS RULES 11 AND 12

Court of Appeals of Tennessee.

Anne GROVES, Individually and As Next of Kin of
Charles Groves.
v.
Christopher COLBURN, M.D.

No. M2012–01834–COA–R3–CV.
|
May 9, 2013 Session.
|
July 30, 2013.

Appeal from the Circuit Court for Davidson County, No.
10C3225; Amanda Jane McClendon, Judge.

**Attorneys and Law Firms**

Cyrus Lucius Booker, Nashville, Tennessee, for the
appellant, Ann Groves, individually and as next of kin of
Charles Groves.

Jonathan Eric Miles, Phillip Lester North, and Lauren J.
Smith, Nashville, Tennessee, for the appellee, Christopher
Colburn, M.D.

ANDY D. BENNETT, J., delivered the opinion of the
Court, in which PATRICIA J. COTTRELL, M.S., P.J.,
and RICHARD H. DINKINS, J., joined.

**OPINION**

ANDY D. BENNETT, J.

*1 Plaintiff filed a complaint against a hospital in which
she asserted claims for medical malpractice and wrongful
death. She later amended her complaint to add a party and
did not contemporaneously file a certificate of good faith.
The trial court dismissed the second complaint with
prejudice based upon the court's determination that
plaintiff failed to satisfy the requirements of Tenn.Code
Ann. § 29–26–122. We affirm the trial court.

**I. Facts and Procedural History**

This case involves a medical malpractice[1] cause of action
arising out of the defendant's treatment of Deacon
Charles Groves ("decedent"). According to the complaint,
on April 25, 2009, decedent presented to Skyline Medical
Center Emergency Room with complaints of severe
nausea and vomiting. He was admitted to Skyline Medical
Center for evaluation. During his hospitalization,
decedent fell from his hospital bed and sustained a head
abrasion which led to additional medical complications
and, ultimately, his death.

On August 20, 2010, Anne Groves ("Mrs.Groves"),
decedent's widow, filed her initial complaint asserting
medical malpractice and wrongful death claims against
HTI Memorial Corporation d/b/a Skyline Medical Center
("Skyline"). Mrs. Groves alleged "[t]he Defendant's
medical personnel did not immediately notify a physician
that Mr. Groves had fallen and failed to request that a CT
head scan be ordered in order to evaluate the condition of
Mr. Groves post fall." The complaint included a
certificate of good faith in accordance with Tenn.Code
Ann. § 29–26–122.

Following discovery, Mrs. Groves determined that Dr.
Christopher Colburn should be added as a party to the
lawsuit. On August 25, 2011, she sent Dr. Colburn notice
of the claim in compliance with Tenn.Code Ann. §
29–26–121. On November 9, 2011, Mrs. Groves filed a
motion to amend the complaint, which was granted by
order entered December 9, 2011. Mrs. Groves filed her
amended complaint against Skyline and Dr. Colburn on
December 28, 2011 asserting that, "Nurse Victor Street
alleges that [Dr. Colburn] was contacted shortly after
[decedent] had fallen, and that [Dr. Colburn] did not order
any test to assess [decedent's] post-fall condition." Mrs.
Groves did not contemporaneously file a certificate of
good faith with the amended complaint.

On February 15, 2012, Dr. Colburn moved for summary
judgment arguing that Mrs. Groves's claim was barred by
the statute of limitations and that her failure to file a
certificate of good faith entitled him to judgment as a
matter of law. The next day, Mrs. Groves filed a
certificate of good faith that included Dr. Colburn as a
defendant in the style of the case; the content of this
second certificate was the same as the original certificate
filed with the initial complaint.

On May 31, 2012, the trial court entered an order granting
summary judgment in favor of Dr. Colburn. The court

EXHIBIT
1
ALL-STATE LEGAL®

held that Mrs. Groves was required to file a second certificate of good faith with her amended complaint.[2] The court further held that the original certificate of good faith did not cover the addition of Dr. Colburn as a defendant and that the delayed filing of the certificate did not satisfy the requirements of Tenn.Code Ann. § 29–26–122.

*2 On June 8, 2012, Mrs. Groves moved the court to alter, amend, or reconsider its ruling, and moved, in the alternative, for leave to file a second amended complaint or an interlocutory appeal. The trial court denied these motions and made its May 31 order a final judgment as to Dr. Colburn.

Mrs. Groves appeals.

## II. Analysis
The issue before us is whether Tenn.Code Ann. § 29–26–122 required Mrs. Groves to file a second certificate of good faith when she amended her complaint to add a defendant. Mrs. Groves asserts that the certificate she filed when she commenced the action against Skyline was sufficient to cover the addition of Dr. Colburn as a party.

To resolve this issue, we must construe Tenn.Code Ann. § 29–26–122(a). We do so according to the well-settled principles articulated by our Supreme Court as follows:

The leading rule governing our construction of any statute is to ascertain and give effect to the legislature's intent. To that end, we start with an examination of the statute's language, presuming that the legislature intended that each word be given full effect. When the import of a statute is unambiguous, we discern legislative intent "from the natural and ordinary meaning of the statutory language within the context of the entire statute without any forced or subtle construction that would extend or limit the statute's meaning."

*Myers v. AMISUB (SFH), Inc.,* 382 S.W.3d 300, 308 (Tenn.2012) (citations omitted). Statutory construction is a question of law that is reviewed de novo without a presumption of correctness. *Estate of French v. Stratford House,* 333 S.W.3d 546, 554 (Tenn.2011).

Tennessee Code Annotated section 29–26–122(a) states:

In any health care liability action in which expert testimony is required by § 29–26–115, the plaintiff or plaintiff's counsel shall file a certificate of good faith with the complaint. If the certificate is not filed with the complaint, the complaint shall be dismissed, as provided in subsection (c), absent a showing that the failure was due to the failure of the provider to timely provide copies of the claimant's records requested as provided in § 29–26–121 or demonstrated extraordinary cause. The certificate of good faith shall state that:

(1) The plaintiff or plaintiff's counsel has consulted with one (1) or more experts who have provided a signed written statement confirming that upon information and belief they:

(A) Are competent under § 29–26–115 to express an opinion or opinions in the case; and

(B) Believe, based on the information available from the medical records concerning the care and treatment of the plaintiff for the incident or incidents at issue, that there is a good faith basis to maintain the action consistent with the requirements of § 29–26–115; or

(2) The plaintiff or plaintiff's counsel has consulted with one (1) or more experts who have provided a signed written statement confirming that upon information and belief they:

*3 (A) Are competent under § 29–26–115 to express an opinion or opinions in the case; and

(B) Believe, based on the information available from the medical records reviewed concerning the care and treatment of the plaintiff for the incident or incidents at issue and, as appropriate, information from the plaintiff or others with knowledge of the incident or incidents at issue, that there are facts material to the resolution of the case that cannot be reasonably ascertained from the medical records or information reasonably available to the plaintiff or plaintiff's counsel; and that, despite the absence of this information, there is a good faith basis for maintaining the action as to each defendant consistent with the requirements of § 29–26–115. Refusal of the defendant to release the medical records in a timely fashion or where it is impossible for the plaintiff to obtain the medical records shall waive the requirement that the expert review the medical record prior to expert certification.

Our Supreme Court has previously opined that the filing of a certificate of good faith with a complaint is mandatory, and strict compliance is required. *Myers,* 382 S.W.3d at 308 (noting that the use of the word "shall" in Tenn.Code Ann. § 29–26–122(a) "indicates that the

legislature intended the requirements to be mandatory, not directory").

When Mrs. Groves filed the certificate with her initial complaint, she confirmed that she or her counsel had consulted with at least one expert who provided a signed written statement confirming there was a "good faith basis to maintain the action consistent with the requirements of § 29–26–115." The expert's opinion was predicated on his or her belief that there was a good faith basis to maintain the cause of action against the named defendant, Skyline. The allegations in the initial complaint were directed toward nurses who "did not immediately notify a physician that Mr. Groves had fallen."[3] When Mrs. Groves learned additional information that implicated Dr. Colburn, she was required to consult with an expert[4] to determine whether there was a good faith basis to maintain a cause of action against him and to file a certificate indicating as such with her amended complaint. Since the allegations changed to claim physician liability based on different facts, a new certificate based upon the expert's review of newly alleged facts was necessary. Because Mrs. Groves failed to file a certificate of good faith with her amended complaint, Tenn.Code Ann. § 29–26–122(a) directed the trial court to dismiss the action.[5]

We now consider Mrs. Groves's argument that the trial court's "[f]ailure to allow the filing of an amended complaint and/or to grant other relief constitutes an abuse of discretion."

To address Mrs. Groves's contention, we turn to our Supreme Court's decision in *Myers v. AMISUB (SFH), Inc.*, 382 S.W.3d 300 (Tenn.2012) for guidance. In *Myers*, the plaintiff filed a medical malpractice suit in 2007, which he later voluntarily dismissed. *Myers*, 382 S.W.3d at 304. When the plaintiff re-filed his action in 2009, he failed to file a certificate of good faith or pre-suit notice in compliance with Tenn.Code Ann. §§ 29–26–121 and 122. *Id.* at 306. In determining that his complaint should be dismissed with prejudice pursuant to Tenn.Code Ann. § 29–26–122, the Court reasoned as follows:

*\*4 The legislature expressly provided the consequence of a plaintiff's failure to file the required certificate of good faith with the complaint in Tennessee Code Annotated section 29–26–122, stating that "the complaint shall be dismissed, as provided in subsection*

*(c), absent a showing that the failure was due to the failure of the provider to timely provide copies of the claimant's records requested as provided in § 29–26–121 or demonstrated extraordinary cause."* Tenn.Code Ann. § 29–26–122(a) (emphasis added). Subsection (c) of the statute provides that "[t]he failure of a plaintiff to file a certificate of good faith in compliance with this section shall, upon motion, make the action *subject to dismissal with prejudice.*" *Id.* at § 29–26–122(c) (emphasis added). Although the statutory scheme provides the trial court with discretion to, "upon motion, grant an extension within which to file a certificate of good faith if the court determines that a health care provider who has medical records relevant to the issues in the case has failed to timely produce medical records upon timely request, or for other good cause shown," *id.*, Mr. Myers did not file a motion seeking such relief. Consequently, his complaint must be dismissed with prejudice.

*Id.* at 311–12. The Court further emphasized that the legislature expressly provided for the consequence of dismissal with prejudice in Tenn.Code Ann. § 29–26–122 but did not provide for the same consequence when a plaintiff fails to comply with the pre-suit notice requirement in Tenn.Code Ann. § 29–26–121. *Id.* at 312.

Like the plaintiff in *Myers*, Mrs. Groves does not argue that her failure to file the certificate resulted from a failure on the part of the defendants to provide records, nor did she demonstrate "extraordinary cause" or any "other good cause." We find the trial court appropriately dismissed the complaint with prejudice in accordance with Tenn.Code Ann. § 29–26–122(a) and (c).

### III. Conclusion
For the foregoing reasons, we affirm the trial court's dismissal of Mrs. Groves's claim against Dr. Colburn. Costs of appeal are assessed against appellant for which execution may issue if necessary.

### All Citations

Slip Copy, 2013 WL 3964758

Footnotes

1    We note that 2012 Tennessee Public Acts Chapter 798 substituted the words "health care liability" for the words "medical malpractice" in the statutes involved in this appeal. The complaint at issue here was filed December 28, 2011, thus we refer to the cause of action as medical malpractice as did the statute in effect at the time.

2       The court held that the statute of limitations had not expired as to Dr. Colburn. The court's holding regarding the statute of limitations is not a subject of this appeal.

3       The complaint also asserted that Skyline: "knew or should have known of Mr. Groves's need for proper medical attention and monitoring due to his 'fall risk' "; "failed to ensure that Mr. Groves's Smart Bed was turned on prior to his falling"; and "chose to attempt to cover-up the initial acts of negligence by not taking reasonable steps to immediately inform family members and/or any physician at the hospital."

4       Asserting causes of action against multiple defendants who practice in differing specialties (such as the doctor and the nurses in this case) *may* necessitate different experts to opine regarding the standard of acceptable professional practice and proximate cause. *See* Tenn.Code Ann. § 29–26–115.

5       We believe this holding is consistent with Tenn.Code Ann. § 29–26–122(b), which requires a defendant who alleges fault against a non-party to file a certificate of good faith with their answer.

End of Document                                        © 2018 Thomson Reuters. No claim to original U.S. Government Works.

KeyCite Yellow Flag - Negative Treatment
Distinguished by Clem v. Delta Pharma, Inc., W.D.Tenn., June 25, 2015

469 S.W.3d 46

Editor's Note: Additions are indicated by Text and deletions by ~~Text~~.

Court of Appeals of Tennessee,
AT NASHVILLE.

Susan SIRBAUGH
v.
VANDERBILT UNIVERSITY, d/b/a Vanderbilt University Medical Center, et al.

No. M2014–00153–COA–R9–CV
|
September 16, 2014 Session
|
Filed December 30, 2014
|
Permission to Appeal Denied by Supreme Court May 14, 2015

## Synopsis

**Background:** Patient brought action against surgeon and hospital where surgery was performed for medical malpractice. Surgeon and hospital asserted comparative fault claims against non-party home health service and a medical center where patient received treatment of the incision opening. Patient amended her complaint to add home health service and medical center as defendants. The Circuit Court, Davidson County, No. 12C4744, Hamilton V. Gayden, Jr., J., dismissed patient's claims against home health service and medical center. Patient filed interlocutory appeal.

[Holding:] The Court of Appeals held that patient's failure to file a new certificate of good faith as to the home health service and medical center mandated dismissal of patient's claims against them.

Reversed and remanded.

West Headnotes (2)

[1] **Appeal and Error**
    Interlocutory rulings and appeals

Unlike an appeal as of right, in which both the appellant and the appellee have broad latitude with regard to the issues that may be raised, the questions the Court of Appeals may address on interlocutory appeal are limited to those matters clearly embraced within the issues certified by the trial court. Tenn. R. App. P. 3, 9.

Cases that cite this headnote

[2] **Health**
    Affidavits of merit or meritorious defense; expert affidavits

When a health care liability plaintiff learned that a non-party home health service and medical center might be at fault, waived the filing of a certificate of good faith for surgeon's and hospital's comparative fault claims against the home health service and medical center, and decided to amend her complaint to add the home health service and medical center as defendants, patient was required to consult with an expert to determine whether there was a good faith basis to maintain a cause of action against the home health service and medical center and to file a new certificate of good faith indicating as such with her amended complaint adding them as defendants, and thus patient's failure to do so mandated dismissal of patient's claims against the home health service and medical center. Tenn. Code Ann. § 29-26-122(c).

1 Cases that cite this headnote

**Appeal from the Circuit Court for Davidson County, No. 12C4744, Hamilton V. Gayden, Jr., Judge**

**Attorneys and Law Firms**

Reid D. Leitner and Leighann D. Ness, Nashville,

Tennessee, for the appellant, Elk Valley Home Health d/b/a Deaconess Homecare.

James E. Looper, Jr. and Heather D. Piper, Nashville, Tennessee, for the appellant Hardin Medical Center.

*47 Joe Bednarz, Jr., and Joe Bednarz, Sr., Hendersonville, Tennessee, for the appellee, Susan Sirbaugh.

Steven E. Anderson, Sara F. Reynolds, and Sean C. Wlodarczyk, Nashville, Tennessee, for the appellees, The Vanderbilt University and Kevin Hagan, M.D.

## Opinion

Unpublished Text Follows
End of Unpublished Text

John W. McClarty, J., delivered the opinion of the Court, in which J. Steven Stafford, P.J., M.S., and Brandon O. Gibson, J., joined.

## OPINION

John W. McClarty, J.

The plaintiff in this interlocutory appeal filed a complaint asserting health care liability claims against the original defendants, at which time she included a certificate of good faith in accordance with Tennessee Code Annotated section 29–26–122. The original defendants asserted comparative fault against non-party health care providers. The plaintiff waived compliance by the original defendants with section 29–26–122(b), which required the defendants to file a certificate of good faith regarding the non-party health care providers. The plaintiff thereafter amended her complaint to add the named non-party health care providers as new defendants but did not file a new certificate of good faith. The new defendants moved to dismiss the amended complaint. The trial court denied the motions and granted this interlocutory appeal. We reverse.

## I. BACKGROUND

The plaintiff, Susan Sirbaugh, underwent a bilateral reduction mammoplasty and panniculectomy, performed by Kevin F. Hagan, M.D., at Vanderbilt University

Medical Center ("VUMC") on April 4, 2011. Upon experiencing some hemorrhaging at the incision site, Ms. Sirbaugh was taken back to the operating room. She was later discharged home and received home health services from Elk Valley Home Health d/b/a Deaconess Homecare ("Deaconess") over the next several months. According to the complaint, Ms. Sirbaugh experienced pain and suffering, nausea, vomiting, low grade fever, and intermittent chest pain during this period.

On April 20, 2011, Ms. Sirbaugh went to Hardin Medical Center ("HMC") for treatment of the incision opening. She returned to HMC on July 21, 2011, with complaints of chest pain and was transferred to VUMC via ambulance for further evaluation and treatment. During this admission to VUMC, additional tests were performed, and a second surgery took place on July 25, 2011, at which time it is alleged that a sponge was discovered and removed.[1]

Ms. Sirbaugh submitted pre-suit notice of her intent to file a health care liability[2] action against Dr. Hagan and VUMC ("the Original Defendants") on April 2, 2012. Seven months later, suit was filed against the Original Defendants on November 20, 2012, seeking damages allegedly associated with the retained foreign body. A certificate of good faith was attached to the complaint in accordance with Tennessee Code Annotated section 29–26–122. Neither *48 HMC nor Deaconess were named by Ms. Sirbaugh in the initial complaint.

The Original Defendants filed an answer on March 26, 2013, asserting comparative fault claims against non-parties HMC and Deaconess. As provided by Tennessee Code Annotated section 29–26–122(b), the Original Defendants were required to file a certificate of good faith establishing a good faith basis for alleging fault against HMC and Deaconess within thirty days after filing their answer. Pursuant to Tennessee Code Annotated section 29–26–122(c), however, Ms. Sirbaugh orally waived this requirement. The oral waiver was confirmed later by letter.

Ms. Sirbaugh amended her complaint on May 30, 2013, to add HMC and Deaconess as parties ("the New Defendants"). Ms. Sirbaugh did not, however, file a certificate of good faith in conjunction with her amended complaint.

Subsequently, both HMC and Deaconess moved for dismissal of the claims against them based on Ms. Sirbaugh's failure to attach a certificate of good faith to her amended complaint. They argued that pursuant to Tennessee Code Annotated section 29–26–122(a), Ms. Sirbaugh was required to submit proof, in the form of a

certificate of good faith, verifying a good faith basis for pursuing an action against the newly named defendants.

According to Ms. Sirbaugh, the good faith certificate requirement only applied to the initial complaint. She argued that if one has filed a certificate of good faith with the original complaint, the plaintiff is compliant and there can be no dismissal. Ms. Sirbaugh's counsel stated as follows:

> The plain language of the statute doesn't say that Plaintiff may waive that requirement [that the defendant file a certificate of good faith] if they submit a certificate of good faith. It's presumed that the legislature means exactly what they say, and that if they had meant that the Plaintiff had to file a certificate of good faith upon waiving the Defendant's obligation to do so, they would have said that.

Counsel continued:

> TCA § 29-26-121, where the legislature has made a distinction between the original complaint and an amended complaint that's filed after an allegation of comparative fault.
>
> Paragraph C of that statute says, "Once a Complaint is filed alleging a claim for health care liability, the notice provisions of this section shall not apply to any person or entity that is made a party to the action thereafter by amendment to the pleadings as a result of the defendant's alleging comparative fault." So they have made that distinction as to the process that somebody has to go through between filing the original complaint and filing a complaint in response to an allegation of comparative fault.
>
> The statutes have to be construed to have a purpose. If we were to accept [the New Defendants'] interpretation, it's hard to imagine a situation where Plaintiff would ever waive compliance where they have to accept the responsibility to file a certificate of good faith. So that would render this part of the statute completely meaningless.... The statute just doesn't put this burden on the Plaintiff. Any statutes have to be strictly construed, there is no such burden.
>
> As far as a good faith basis for alleging comparative fault, Rule 11 required the lawyers for Vanderbilt to have a good faith basis for making these allegations of comparative fault when they filed this answer.

HMC argued that Ms. Sirbaugh's waiver of the Original Defendants' requirement to *49 file a certificate of good faith addressing their comparative fault claims did not release her from the obligation to file a certificate of good faith when she added the New Defendants to the lawsuit.[3] Deaconess added that the requirement to file a good faith certificate with a complaint is "mandatory," and "not subject to satisfaction by substantial compliance." *Myers v. AMISUB (SFH), Inc.,* 382 S.W.3d 300, 310 (Tenn. 2012). Thus, Deaconess claimed that Ms. Sirbaugh's filing of a certificate of good faith certificate with respect to VUMC and Dr. Hagan with the initial complaint cannot be found to "substantially comply" with the requirement to file a certificate of good faith with the amended complaint adding HMC and Deaconess. *Jenkins v. Marvel,* 683 F.Supp.2d 626 (E.D. Tenn. 2010) was cited by Deaconess in support of the claim that the primary purpose of enacting the good faith certificate requirement was to ensure that a health care provider will not be sued for professional negligence unless a plaintiff has first conferred with a medical expert to establish that there is a good faith basis for the action. *See* Tenn. Code Ann. § 29-26-122(a)(1); *Jenkins,* 683 F.Supp.2d at 639 (good faith certificate requirement is to "weed out frivolous lawsuits" before parties incur substantial litigation expenses).

Bottom line, HMC and Deaconess were sued as health care provider defendants without any certificate of good faith being filed by any party to evidence the opinion of a qualified medical expert that there was a good faith basis to maintain the action against them consistent with the requirements of Tennessee Code Annotated section 29-26-115(a), which provides:

> (a) In a health care liability action, the claimant shall have the burden of proving by evidence as provided by subsection (b):
>
> (1) The recognized standard of acceptable professional practice in the profession and the specialty thereof, if any, that the defendant practices in the community in which the defendant practices or in a similar community at the time the alleged injury or wrongful action occurred;
>
> (2) That the defendant acted with less than or failed to act with ordinary and reasonable care in accordance with such standard; and
>
> (3) As a proximate result of the defendant's negligent act or omission, the plaintiff suffered injuries which would not otherwise have occurred.

Tenn. Code Ann. § 29–26–115(a)(1)–(3).

The trial court granted an interlocutory appeal at the motion hearing, providing, inter alia, as follows:

> So the Court is going to rule that the Plaintiff did not have to give a good faith certificate in suing the amended defendants, [HMC] and [Deaconess]. And that'll go up because the statute does say the Plaintiff can waive this. And how they can affect Defendants like [Deaconess] and [HMC] is beyond me, but that's what the statute says.... And the Court is going to rule that it is not filed outside the statute of limitations, which should be answered in the appeal.

The court thereafter denied the motions to strike and dismiss in an order entered on January 15, 2014. We subsequently granted **\*50** this interlocutory appeal pursuant to Rule 9 of the Tennessee Rules of Appellate Procedure.

## II. ISSUES

[1]Unlike an appeal as of right pursuant to Rule 3 of the Tennessee Rules of Appellate Procedure, "in which both the appellant and the appellee have broad latitude with regard to the issues that may be raised," the questions we may address are limited to "those matters clearly embraced within" the issues certified by the trial court. *Sneed v. The City of Red Bank, Tennessee,* 459 S.W.3d 17 (Tenn.2014) (internal citations omitted). We have restated the issues identified by the trial court in its order as follows:

(1) Whether Ms. Sirbaugh violated Tennessee Code Annotated section 29–26–122 by failing to attach a certificate of good faith to her amended complaint verifying a good faith basis for pursuing health care liability claims against the New Defendants, where the New Defendants were added as parties via the amended complaint;

(2) Whether Ms. Sirbaugh's waiver of the requirement of the Original Defendants to file a certificate of good faith under Tennessee Code Annotated section 29–26–122(c), made when HMC and Deaconess were non-parties, creates a statutory

obligation for Ms. Sirbaugh to submit a certificate of good faith with her amended complaint; and

(3) Whether the Original Defendants had an obligation under Tennessee Code Annotated section 29–26–122 to file a certificate of good faith in support of their defense of comparative fault when HMC and Deaconess were added as new parties via Ms. Sirbaugh's amended complaint due to the allegations of comparative fault asserted by VUMC and Dr. Hagan and the effect, if any, that Ms. Sirbaugh's waiver under Tennessee Code Annotated section 29–26–122(c) had on any such obligation under Tennessee Code Annotated section 29–26–122.

## III. STANDARD OF REVIEW

Statutory construction is a question of law that we review de novo without any presumption of correctness. *In re Estate of Tanner,* 295 S.W.3d 610, 613 (Tenn. 2009). As noted by our Supreme Court in *Myers v. AMISUB (SFH), Inc.,* 382 S.W.3d 300 (Tenn. 2012):

> The leading rule governing our construction of any statute is to ascertain and give effect to the legislature's intent. To that end, we start with an examination of the statute's language, presuming that the legislature intended that each word be given full effect. When the import of a statute is unambiguous, we discern legislative intent "from the natural and ordinary meaning of the statutory language within the context of the entire statute without any forced or subtle construction that would extend or limit the statute's meaning."

*Id.* at 308 (citations omitted). Where statutory language or a statute's meaning is ambiguous, we review the overall statutory scheme, the legislative history, and other sources. In construing multiple statutes, our goal is to choose the most reasonable construction "which avoids statutory conflict and provides harmonious operation of the laws." *Thurmond v. Mid–Cumberland Infectious Disease Consultants, PLC,* 433 S.W.3d 512, 517 (Tenn. 2014) (internal quotation marks omitted).

## IV. DISCUSSION

### Certificate of Good Faith

Tennessee Code Annotated section 29–26–122(a) states as follows:

>*51 (a) In any health care liability action in which expert testimony is required by § 29–26–115, the plaintiff or plaintiff's counsel shall file a certificate of good faith with the complaint. *If the certificate is not filed with the complaint, the complaint shall be dismissed, as provided in subsection (c),* absent a showing that the failure was due to the failure of the provider to timely provide copies of the claimant's records requested as provided in § 29–26–121 or demonstrated extraordinary cause. The certificate of good faith shall state that:

>(1) The plaintiff or plaintiff's counsel has consulted with one (1) or more experts who have provided a signed written statement confirming that upon information and belief they:

>(A) Are competent under § 29–26–115 to express an opinion or opinions in the case; and

>(B) Believe, based on the information available from the medical records concerning the care and treatment of the plaintiff for the incident or incidents at issue, that there is a good faith basis to maintain the action consistent with the requirements of § 29–26–115; or

>(2) The plaintiff or plaintiff's counsel has consulted with one (1) or more experts who have provided a signed written statement confirming that upon information and belief they:

>(A) Are competent under § 29–26–115 to express an opinion or opinions in the case; and

>(B) Believe, based on the information available from the medical records reviewed concerning the care and treatment of the plaintiff for the incident or incidents at issue and, as appropriate, information from the plaintiff or others with knowledge of the incident or incidents at issue, that there are facts material to the resolution of the case that cannot be reasonably ascertained from the medical records or information reasonably available to the plaintiff or plaintiff's counsel; and that, despite the absence of this information, there is a good faith basis for maintaining the action *as to each defendant consistent with the requirements of § 29–26–115.* Refusal of the defendant to release the medical records in a timely fashion or where it is impossible for the

plaintiff to obtain the medical records shall waive the requirement that the expert review the medical record prior to expert certification.

Tenn. Code Ann. § 29–26–122(a) (emphasis added). Expert testimony is required under Tennessee Code Annotated section 29–26–115, except where the act of alleged health care liability lies within the knowledge of ordinary laymen. *See Kenyon v. Handal,* 122 S.W.3d 743, 758 (Tenn. Ct. App. 2003). Our Supreme Court in *Myers* has opined that the filing of a certificate of good faith with a complaint is mandatory, and strict compliance is required. *Myers,* 382 S.W.3d at 308. We note that Tennessee Code Annotated section 29–26–122(a)(2)(B) specifically references "each defendant."

Pursuant to Tennessee Code Annotated section 29–26–122(b), a defendant who identifies comparative fault by a non-party is required to file a certificate of good faith regarding the non-party at fault within thirty days after the filing of the answer:

>(b) Within thirty (30) days after a defendant has alleged in an answer or amended answer that a non-party is at fault for the injuries or death of the plaintiff and expert testimony is required to prove fault as required by *52 § 29–26–115, each defendant or defendant's counsel shall file a certificate of good faith stating that:

>(1) The defendant or defendant's counsel has consulted with one (1) or more experts, which may include the defendant filing the certificate of good faith, who have provided a signed written statement confirming that upon information and belief they:

>(A) Are competent under § 29–26–115 to express an opinion or opinions in the case; and

>(B) Believe, based on the information reviewed concerning the care and treatment of the plaintiff for the incident or incidents at issue, that there is a good faith basis to allege such fault against another consistent with the requirements of § 29–26–115; or

>(2) The defendant or defendant's counsel has consulted with one (1) or more medical experts, which may include the defendant filing the certificate of good faith, who have provided a signed written statement confirming that upon information and belief they:

>(A) Are competent under § 29–26–115 to express

an opinion[ ] or opinions in the case; and

(B) Believe, based on the information reviewed concerning the care and treatment of the plaintiff for the incident or incidents at issue, that there are facts material to the resolution of the case that cannot be reasonably ascertained from the information reasonably available to the defendant or defendant's counsel; and that, despite the absence of this information, there is a good faith basis for alleging such fault against another, whether already a party to the action or not, consistent with the requirements of § 29–26–115.

Tenn. Code Ann. § 29–26–122(b).

Pursuant to Tennessee Code Annotated section 29–26–122(c), a plaintiff faced with a defendant who raises comparative fault allegations against a non-party may:

• Allow the defendant to timely file the requisite certificate of good faith and either (a) file suit against the non-party subject to –122(a), or (b) face the risk of fault being assigned to a non-party at trial;

• Seek to strike the allegations of comparative fault if the defendant fails to timely file the certificate of good faith; or

• Waive the defendant's requirement to file a certificate of good faith and either (a) file suit against the non-party subject to –122(a), or (b) face the risk of fault being assigned to a non-party at trial.

Tennessee Code Annotated section 29–26–122(c) specifically provides:

> (c) The failure of a plaintiff to file a certificate of good faith in compliance with this section shall, upon motion, make the action subject to dismissal with prejudice. The failure of a defendant to file a certificate of good faith in compliance with this section alleging the fault of a non-party shall, upon motion, make such allegations subject to being stricken with prejudice *unless the plaintiff consents to waive compliance with this section.* If the allegations are stricken, no defendant, except for a defendant who complied with

this section, can assert, and neither shall the judge nor jury consider, the fault, if any, of those identified by the allegations. The court may, upon motion, grant an extension *53 within which to file a certificate of good faith if the court determines that a health care provider who has medical records relevant to the issues in the case has failed to timely produce medical records upon timely request, or for other good cause shown.

Tenn. Code Ann. § 29–26–122(c)(emphasis added).

[2]In this action, when Ms. Sirbaugh filed her initial complaint, the expert's opinion was predicated on his or her belief that there was a good faith basis to maintain the cause of action against the Original Defendants, VUMC and Dr. Hagan. As permitted in § 29–26–122(c), Ms. Sirbaugh apparently waived the requirement that the Original Defendants file a certificate of good faith when they made allegations against non-party health care providers. However, when Ms. Sirbaugh learned that HMC and Deaconess might be at fault, waived the filing of a certificate of good faith by the Original Defendants, and decided to amend her complaint to add the non-parties, "she was required to consult with an expert to determine whether there was a good faith basis to maintain a cause of action against [HMC and Deaconess] and to file a certificate indicating as such with her amended complaint"[4] adding them as defendants. *Groves v. Colburn,* No. M2012–01834–COA–R3–CV, 2013 WL 3964758, at *3 (Tenn. Ct. App. July 30, 2013). Like we noted in *Groves,* "[s]ince the allegations changed to claim ... liability based on different facts, a new certificate based upon the expert's review of newly alleged facts was necessary." *Id.* The purpose of this mandate is to ensure that there has been expert certification of a good faith basis for maintaining a claim against any new defendant.

Like the plaintiff in *Groves,* Ms. Sirbaugh failed to file a second certificate of good faith with her amended complaint that certified an expert's review of the facts and claims specific to HMC and Deaconess and the belief that there was a good faith basis for pursuing the claims against them. As the *Groves* decision makes clear, Ms. Sirbaugh could not rely on the certificate of good faith filed with the initial complaint because that certificate was predicated on an expert's belief that there was a good faith basis to maintain the cause of action against the

Original Defendants and not the New Defendants. *Groves,* 2013 WL 3964758, at \*3. Ms. Sirbaugh was obligated to file a statutorily compliant certificate of good faith with her amended complaint. She violated Tennessee Code Annotated section 29–26–122 by failing to do so. Therefore, dismissal of the claims against HMC and Deaconess was mandated. *See Portwood v. Montgomery Cnty., Tenn.,* No. 3:13–cv–0186, 2013 WL 6179188 (M.D. Tenn. Nov. 25, 2013) ("If either a plaintiff or a defendant fails to comply with Section 122, the plaintiff's complaint or the defendant's allegations of fault against a non-party are, upon motion, subject to mandatory dismissal with prejudice.").

Our ruling regarding the above issue, which dismisses the claims against HMC and Deaconess, pretermits consideration of the other issues presented.

## V. CONCLUSION

For the foregoing reasons, the trial court's ruling on the motions to dismiss is reversed. The case is remanded to the **\*54** trial court for entry of an order dismissing the amended complaint adding Hardin Medical Center and Elk Valley Home Health d/b/a Deaconess Homecare as defendants. Costs of this appeal are assessed against appellee Susan Sirbaugh for which execution may issue if necessary.

## All Citations

469 S.W.3d 46

## Footnotes

1    In Dr. Hagan's operative report he states he found "a sponge, which was some type of a 4 x 4 sponge without any radiologic markers." The Surgical Pathology Report indicates "retained foreign object" and "consists of single strip of surgical gauze measuring 23.8 x 7.1 x 0.3 cm."

2    In 2012, Tennessee Code Annotated sections 29–26–115 to –122 and section –202 of the Medical Malpractice Act were amended to replace "medical malpractice" with "health care liability." Act of Apr. 23, 2012, ch. 798, sections 7 to 15, §§ 29–26–115 to –122 & –202.

3    HMC, as a governmental entity, additionally sought dismissal based on Ms. Sirbaugh's failure to timely file her claim against it within the statute of limitations applicable to claims falling under the Governmental Tort Liability Act ("GTLA").

4    This court has previously indicated its belief that this holding is consistent with Tennessee Code Annotated section 29–26–122(b), which requires defendants who allege fault against non-parties to file a certificate of good faith with their answer. *Groves,* 2013 WL 3964758, at \*3, n. 5.

End of Document

© 2018 Thomson Reuters. No claim to original U.S. Government Works.