| | | |
|---|---|---|
| BARBARA RAMIREZ, et al, | * | NO. 15C336 |
| | * | |
| Plaintiffs | * | IN THE CIRCUIT COURT OF |
| | * | |
| vs. | * | HAMILTON COUNTY, |
| | * | |
| MATTHEW A. ROBERTS, D.O., | * | TENNESSEE |
| | * | |
| Defendant | * | DIVISION III |

## ORDER

This cause is before the Court on the Motion to Dismiss filed by defendant Matthew A. Roberts, D.O., on October 21, 2016. The motion is based on the defendant's contention that plaintiff failed to comply with T.C.A. 29-26-122 which mandates a filing of a certificate of good faith in any health care liability action in which expert testimony is required by T.C.A. 29-26-115.

The initial complaint was filed March 3, 2015 alleging medical negligence of defendant Matthew A. Roberts, which complaint complied with T.C.A. 29-26-121 and 122. That initial complaint alleged at paragraph 4 the defendant failed to comply with the recognized standard of acceptable professional practice in the relevant geographic area by (1) using excessive force; (2) combining forceps and vacuum extractions; and (3) failing to perform a cesarian section. The issue before the Court is created by an amendment to the complaint granted by order of September 22, 2016. That motion was made and opposed but ultimately granted by the Court.

The amendment to the complaint was filed September 22, 2016 and adds the language to paragraph 4 "without informing Ms. Ramirez of the risk attendant to the use of vacuum assisted delivery devices and without obtaining her informed consent." This is the first reference to an informed consent cause of action in this litigation. It is undisputed that no certificate of good

faith was filed with the amended complaint. A certificate was filed October 26, 2016. It is the contention of the defendant that this certificate of good faith filed more than 30 days after the filing of the amended complaint is fatal to the informed consent cause of action. There properly is no challenge to the absence of a second notice pursuant to T.C.A. 29-26-121.

In construing a statute such as T.C.A. 29-26-122, the Court must determine the meaning of the statute in issue by examining the statute's language, presuming the legislature intended that each word be given full effect and, if the import of the statute is unambiguous, discerning the legislative intent "from the natural and ordinary meaning of the statutory language within the context of the entire statute without any forced or subtle construction that would extend or limit the statute's meaning." If the statutory language is unambiguous, the plain and ordinary meaning of the statute must be given effect.

The language before the Court has been analyzed by several Tennessee appellate courts.

This language is as follows:

(a) In any health care liability action in which expert testimony is required by § 29-26-115, the plaintiff or plaintiff's counsel shall file a certificate of good faith with the complaint. If the certificate is not filed with the complaint, the complaint shall be dismissed, as provided in subsection (c), absent a showing that the failure was due to the failure of the provider to timely provide copies of the claimant's records requested as provided in § 29-26-121 or demonstrated extraordinary cause. (Emphasis supplied.) The certificate of good faith shall state that:

> (1) The plaintiff or plaintiff's counsel has consulted with one (1) or more experts who have provided a signed written statement confirming that upon information and belief they:
>
> > (A) Are competent under § 29-26-115 to express an opinion or opinions in the case; and

-2-

> (B) Believe, based on the information available
> from the medical records concerning the care and
> treatment of the plaintiff for the incident or
> incidents at issue, that there is a good faith basis to
> maintain the action consistent with the requirements
> of § 29-26-115; or
>
> (2) The plaintiff or plaintiff's counsel has consulted with one (1) or
> more experts who have provided a signed written statement
> confirming that upon information and belief they:
>
> > (A) Are competent under § 29-26-115 to express an
> > opinion or opinions in the case; and
> >
> > (B) Believe, based on the information available
> > from the medical records reviewed concerning the
> > care and treatment of the plaintiff for the incident or
> > incidents at issue and, as appropriate, information
> > from the plaintiff or others with knowledge of the
> > incident or incidents at issue, that there are facts
> > material to the resolution of the case that cannot be
> > reasonably ascertained from the medical records or
> > information reasonably available to the plaintiff or
> > plaintiffs counsel; and that, despite the absence of
> > this information, there is a good faith basis for
> > maintaining the action as to each defendant
> > consistent with the requirements of § 29-26-115.
> > Refusal of the defendant to release the medical
> > records in a timely fashion or where it is impossible
> > for the plaintiff to obtain the medical records shall
> > waive the requirement that the expert review the
> > medical record prior to expert certification.

\* \* \*

(c) The failure of a plaintiff to file a certificate of good faith in compliance with this section <u>shall</u>, upon motion, <u>make the action subject to dismissal with prejudice</u>. The failure of a defendant to file a certificate of good faith in compliance with this section alleging the fault of a non-party shall, upon motion, make such allegations subject to being stricken with prejudice unless the plaintiff consents to waive compliance with this section. If the allegations are stricken, no

-3-

defendant, except for a defendant who complied with this section, can assert, and neither shall the judge nor jury consider, the fault, if any, of those identified by the allegations. The court may, upon motion, grant an extension within which to file a certificate of good faith if the court determines that a health care provider who has medical records relevant to the issues in the case has failed to timely produce medical records upon timely request, or for other good cause shown. (Emphasis supplied.)

It is undisputed that an informed consent cause of action requires expert testimony as required by T.C.A. 29-26-115. It is undisputed that the certificate was not filed with the amendment to the complaint and there is no contention that this omission was due to the failure of the health care provider to timely provide copies of the claimant's records when properly requested. There is no demonstration of extraordinary cause. The Court has the authority under subsection (c) of this statute to grant an extension within which to file a certificate of good faith upon a showing that medical records have not been produced in a timely manner or for other good cause shown. There has been no request for such an extension. Further, there has been no showing of good cause. It is the plaintiff's position that the case law cited by the defendants does not support their position and that because the amendment to the complaint relates back to the original filing, the certificate of good faith originally filed does so also.

Defendant cites *Moses v. Dirghangi*, 430 S.W.3d 371 (Tenn.App. 2013), for the proposition that before the Court by way of amendment to the complaint is a case of medical negligence as opposed to medical battery. This Court agrees with that analysis. Because it is a medical negligence case, expert proof is required by T.C.A. 29-26-115.

The *Moses* case also cites *Myers v. Amisub, Inc.*, 382 S.W.3d 300, for the proposition failure to file a certificate of good faith with a medical malpractice complaint is fatal to the

-4-

action. The Tennessee Supreme Court in *Myers* summarized T.C.A. 29-26-122 by stating "the essence of *Tennessee Code Annotated* section 29-26-122 is that a defendant receive assurance that there are good faith grounds for commencing such action." The Supreme Court held those requirements to be mandatory. That Court also rejected the argument that the certificate of good faith requirement of T.C.A. 29-26-122 was met when the plaintiff non-suited the original complaint and reinstituted the action pursuant to the savings statute without filing a certificate of good faith with the refiled case. The Court noted that after the original action was terminated, the plaintiff ". . . could not rely on statements made by experts relative to that action as a substitute for a certificate of good faith filed with his new action because the statute provides that if the certificate is not filed with the complaint, the complaint shall be dismissed."

*Sirbaugh v. Vanderbilt University*, 469 S.W.3d 46 (Ct.App. 2014), upheld the mandatory requirement of a good faith certificate being filed with an amended complaint whose allegations changed alleging liability based on different facts. The Court held a new certificate based on an expert's review of newly alleged facts was necessary. This result is consistent with and based upon *Groves v. Colburn*, 213 Tenn.App., Lexis 494.

These cases are consistent with the clear language of T.C.A. 29-26-122 and its intent that a certificate of good faith stating that competent experts believe, based on the information available from the medical records at issue, that there is a good faith basis to maintain the action consistent with the requirements of T.C.A. 29-26-115. If the complaint is amended to allege new facts and a new cause of action as is the situation before the Court, the original certificate of good faith clearly has no applicability to facts and a cause of action which were not pled initially. To

allow the addition of a new cause of action without the certificate required by T.C.A. 29-26-122 would defeat the intent of the legislation and the clear language of the statute. Therefore, this Court finds the plaintiffs have failed to comply with T.C.A. 29-26-122(a) as to the claim for lack of informed consent. There being no language in the original complaint from which such a cause of action could be inferred, the Court finds that the violation mandates dismissal with prejudice of the allegations contained in the amendment to the complaint.

It is so ORDERED.

ENTER this 5 day of January, 2017.

L. MARIE WILLIAMS, JUDGE
CIRCUIT COURT - DIVISION III

**CLERK'S CERTIFICATE**

The undersigned hereby certifies that a copy of this order has been served on all parties or counsel to all parties in this cause.

This 5th day of Jan., 2017.

LARRY L. HENRY, CLERK
By: [signature], D.C.

CC: Jeffrey D. Boehm
Jennifer M. Eberle

-6-

Case 3:17-cv-00725  Document 68-2  Filed 04/24/18  Page 6 of 6 PageID #: 823