IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JOHN RUFFINO, et al., | ) |
| Plaintiffs, | ) |
| v. | ) NO. 3:17-cv-00725 |
| | ) JUDGE CAMPBELL |
| DR. CLARK ARCHER, et al. | ) |
| Defendants. | ) |

## MEMORANDUM

Pending before the Court is Defendant Archer's Motion to Dismiss (Doc. No. 9). For the reasons stated herein, Defendant Archer's Motion to Dismiss is denied.

## INTRODUCTION

Plaintiffs allege that Defendant Archer, a physician in the emergency room at StoneCrest Medical Center on February 17, 2016, was negligent in his provision of care and treatment to John Ruffino, resulting in serious injury to Mr. Ruffino. Plaintiffs aver that Dr. Archer failed to comply with the applicable standard of care on February 17, 2016, in the following ways:

(1) not providing proper care and treatment to Mr. Ruffino during his ER presentation;

(2) not timely ordering the administration of tPA[1] for Mr. Ruffino for his thrombotic stroke;

(3) not timely arranging for a transfer to a comprehensive stroke center so that a endovascular thrombectomy could be performed on Mr. Ruffino;

(4) failing to communicate significant information about the presentation and progression of Mr. Ruffino's neurological condition to the consulting neurologist, Dr. Chitturi;

---

[1] tPA is "tissue plasminogen activator," a treatment for thrombotic stroke. Doc. No. 61 (Amended Complaint) at 7.

(5) not following Stonecrest's written policies and procedures that existed on February 17, 2016, as applied to the work-up, diagnosis, and treatment of ER patients with a suspected stroke;

(6) not timely diagnosing Mr. Ruffino with a thrombotic stroke; and

(7) not timely arranging for treatment for Mr. Ruffino's thrombotic stroke.

Doc. No. 61.

## MOTIONS TO DISMISS

For purposes of a motion to dismiss, the Court must take all of the factual allegations in the complaint[2] as true. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Id*. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Id*. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Id*. at 1950. A legal conclusion couched as a factual allegation need not be accepted as true on a motion to dismiss, nor are recitations of the elements of a cause of action sufficient. *Fritz v. Charter Township of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010).

## PRE-SUIT NOTICE

Having withdrawn his arguments concerning service of process,[3] Dr. Archer's remaining challenge to the Amended Complaint is Plaintiffs' alleged noncompliance with Tennessee's pre-suit

---

[2] The operative complaint here is the Amended Complaint at Docket No. 61.

[3] *See* Doc. No. 27.

notice requirements in health care liability actions. Tennessee law provides that any person asserting a potential claim for health care liability shall give written notice of the potential claim to each health care provider that will be a named defendant at least sixty (60) days before the filing of the complaint. Tenn. Code Ann. § 29-26-121(a)(1).

To meet this requirement of pre-suit notice, a patient must provide the notice to each potential individual defendant through one of two methods: (1) personal delivery of the notice to the health care provider or (2) mailing of the notice to the individual health care provider at both the address listed for the provider on the Tennessee Department of Health website and the provider's current business address, if different from the address maintained by the Tennessee Department of Health. Tenn. Code Ann. § 29-26-121(a)(3). If the mailings are returned undelivered from both addresses, then, within five business days after receipt of the second undelivered letter, the notice shall be mailed to the provider's office or business address at the location where the provider last provided a medical service to the patient. *Id*.

Compliance with the mailing notice provision shall be demonstrated by filing a certificate of mailing from the United States postal service stamped with the date of mailing and an affidavit of the party mailing the notice establishing that the specified notice was timely mailed by certified mail, return receipt requested. Tenn. Code Ann. § 29-26-121(a)(4). The court has discretion to excuse compliance with this statute only "for extraordinary cause shown." Tenn. Code Ann. § 29-26-121(b). When notice is given to a health care provider as provided in this statute, the applicable statute of limitations shall be extended for a period of 120 days from the date of the expiration of the statute of limitations applicable to that provider. Tenn. Code Ann. § 29-26-121(c).

ANALYSIS

Dr. Archer contends that Plaintiffs' claims against him must be dismissed as barred by the applicable one-year statute of limitations. He argues that the statute of limitations is not extended in this case because Plaintiffs did not follow the required procedure for providing pre-suit notice to him. Specifically, Dr. Archer alleges that Plaintiffs did not mail a notice of intent to him at his address as it is listed on the Tennessee Department of Health's website.

Attached to the Complaint is evidence that the pre-suit notice was mailed to Dr. Archer at 2910 South Church Street, Suite B, Murfreesboro, TN 37127 and at TriStar StoneCrest, 200 StoneCrest Boulevard, Smyrna, TN 37167 (the address of the facility where the alleged negligence occurred). Dr. Archer does not dispute that the Tennessee Department of Health's website lists his address as simply "Brentwood, TN 37027." Doc. No. 21 at 4; *see also* Doc. No. 12-2. Dr. Archer seems to contend that Plaintiffs should have sent the notice to him at this incomplete address of simply "Brentwood, TN 37027," waited until that notice was returned as undeliverable, and only then have sent the notice as indicated above. The Court does not believe the statute, even if it requires strict compliance (which, in this case, it does not), requires such a futile act. Dr. Archer does not contend that he did not receive the pre-suit notice. Dr. Archer has not shown that he was prejudiced in any way by receiving the notice at his business address and at StoneCrest.

The Tennessee Supreme Court has held that the manner and proof of service prescribed by Tenn. Code Ann. § 29-26-121(a)(3)(B) and (a)(4) may be achieved through substantial compliance. *Arden v. Kozawa*, 466 S.W.3d 758, 761 (Tenn. 2015). Dr. Archer cites this case to argue that the court limited its holding to deviations concerning the method of service or proof of the service requirement. Yet, the court in *Arden* clearly states that substantial compliance is also sufficient to

4

satisfy the requirement of section 29-26-121(a)(3)(B) that the notice be mailed to the health care provider's address as indicated on the Tennessee Department of Health website. *Arden*, 466 S.W.3d at 765, n.6. "While Mr. Arden mistakenly sent Dr. Kozawa's notice letter to the Sweetwater Hospital address . . . Dr. Kozawa made no allegation that he failed to receive notice or that he was prejudiced by this error. Accordingly, Mr. Arden substantially complied with this statutory requirement." *Id*.

The "essence" of the pre-suit notice statute is to notify potential defendants of a health care liability claim before suit is filed. *Thurmond v. Mid-Cumberland Infectious Disease Consultants*, 433 S.W.3d 512, 519 (Tenn. 2014).[4] The *Thurmond* court also held that unless strict compliance with a notice content requirement is essential to avoid prejudicing an opposing litigant, substantial compliance will suffice. *Id*. at 520 (citing *Stevens v. Hickman Comm. Health Care Serv.*, 418 S.W.3d 547, 555 (Tenn. 2013)). In *Stevens*[5], the court explained that to determine whether a plaintiff has substantially complied with a statutory requirement, the court should consider the extent and significance of the plaintiff's errors and omissions and whether the defendant was prejudiced by the plaintiff's noncompliance. *Id*. at 556.

In *Grizzle v. Parkwest Med. Ctr.*, 2017 WL 3149611 (Tenn. Ct. App. July 25, 2017), the court found that where pre-suit notice was timely served and the defendants made no claim of prejudice, the plaintiff substantially complied with the pre-suit notice provision, even though she

---

[4] In *Thurmond*, the plaintiff failed to file an affidavit "with the complaint," as required by Tenn. Code Ann. § 29-26-121(a)(3). Rather, he filed it five days later. *Thurmond*, 433 S.W.3d at 520-21. The court found he substantially complied with the statute and reversed the trial court's dismissal of his complaint. *Id*. at 521.

[5] The court in *Stevens* found that substantial compliance with the HIPPA form requirement under Tenn. Code Ann. § 29-26-121(a)(2)(E) was sufficient, but the plaintiff did not substantially comply with this portion of the statute. *Stevens*, 418 S.W.3d 547, 555-56 (Tenn. 2013).

5

failed to file an affidavit with the complaint as required by Tenn. Code Ann. § 29-26-121(a)(3), and that substantial compliance was sufficient. *Id*. at * 7. Similarly, in *Clary v. Miller*, 546 S.W.3d 101 (Tenn. Ct. App. 2017), the court concluded that the documentation requirement in the pre-suit notice is not mandatory, and substantial compliance is sufficient. *Id*. at 106. The court stated that allowing the plaintiff to proceed under those circumstances promotes the judicial goal of disposing of a case on its merits. *Id*. at 107.

In accordance with these authorities, the Court finds that Plaintiffs' failure to send their pre-suit notice to Dr. Archer at an address of "Brentwood, Tennessee 37027," given that Dr. Archer received the notice and has not shown prejudice, was sufficient to substantially comply with the statute. Dr. Archer's Motion to Dismiss is denied. As with *Clary*, allowing this case to move forward promotes the judicial goal of disposing of a case on its merits.

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE