IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JOHN RUFFINO and MARTHA RUFFINO, Husband and Wife,<br><br>    Plaintiffs,<br><br>v.<br><br>DR. CLARK ARCHER and HCA HEALTH SERVICES OF TENNESSEE, INC. d/b/a STONECREST MEDICAL CENTER<br><br>    Defendants. | CASE No. 3:17-cv-00725<br>Judge Campbell<br>Magistrate Judge Newbern<br><br>JURY DEMANDED |

### DR. ARCHER'S RESPONSE TO PLAINTIFF'S MOTION FOR CONTINUANCE OF THE CURRENT TRIAL DATE

COMES NOW Defendant, Dr. Clark Archer ("Dr. Archer" or "Defendant") and respectfully files this Response to Plaintiffs' Motion for Continuance of the Current Trial Date (Doc. 110). Dr. Archer does not object to a continuance of the current trial date to a new date mutually available for the Court, the parties and counsel, particularly in light of Plaintiff Martha Ruffino's recent medical issue. However, Defendant does not agree with counsel for the Plaintiff's estimation that this matter will now only take one week to complete due to dismissal of the hospital defendant, Stonecrest Medical Center ("Stonecrest"). For the reasons stated below, Defendant respectfully requests that this matter be set for six (6) to seven (7) trial days if the Court determines that a continuance is appropriate.

First, Defendant believes that dismissal of Stonecrest will not significantly reduce the number of experts to testify at trial from either party. All of the allegations of medical malpractice in this case against Dr. Archer and Stonecrest involve care rendered in the Stonecrest Emergency

Department. In order to maximize efficiency and avoid duplication of expert testimony, Dr. Archer and Stonecrest disclosed experts in distinct specialties and cross-designated each other's expert witnesses. Dr. Archer designated emergency medicine expert witnesses and Stonecrest designated neurology experts that are primarily intended to speak to causation in this case.[1] Both classes of experts are still necessary for presentation at trial whether or not Stonecrest is still a party at the time of trial. The Plaintiffs have likewise designated emergency medicine experts and neurology experts, and it is anticipated that Plaintiffs intends to present both types of expert at trial. Therefore, the same number of expert witnesses will be called to testify at trial even after dismissal of Stonecrest.

Second, despite Stonecrest being dismissed from the case, counsel for Dr. Archer still anticipates that Plaintiffs will present testimony from the nurses and nursing staff that rendered care to Mr. Ruffino at Stonecrest, as this testimony appears to be necessary to Plaintiff's theory of their case against Dr. Archer. Thus, despite the reduction in parties, there has been no significant reduction in witnesses. There will be some reduction in trial time due to the elimination of the participation of counsel for Stonecrest, for example in direct and cross-examinations, but as a practical matter Defendant does not believe that this will justify reduction of trial time by an entire week, from its current two week setting to a one week setting.

## CONCLUSION

For the foregoing reasons, Dr. Archer respectfully requests that any continuance of the current trial date be rescheduled to a six (6) to seven (7) day setting that comports with the calendars of the Court, counsel and the parties.

---

[1] Stonecrest also designated a nursing expert, but this expert was withdrawn when it became clear that the plaintiff's experts were not making direct allegations against the nursing staff.

Respectfully submitted on this 12th day of December 2018.

           **HALL BOOTH SMITH, P.C.**

       By: /s/ Bryant C. Witt
          James E. Looper, Jr. BPR #025200
          Bryant C. Witt, BRP #018295
          Fifth Third Center
          424 Church St., Ste. 2950
          Nashville, TN 37219
          (615) 313-9911
          *Counsel for Defendant Dr. Clark Archer*

## **CERTIFICATE OF SERVICE**

  I hereby certify that a true and correct copy of the foregoing document has been furnished by electronic means via the Court's electronic filing system, this 12th day of December 2018, to counsel of record as follows:

Afsoon Hagh, Esq.
CUMMINGS MANOOKIAN PLC
45 Music Square West Nashville, TN 37203
bmanookian@cummingsmankoonian.com
afsoon@cummingsmanookian.com

Brian Cummings, Esq.
Cummings Law
4235 Hillsboro Pike #300
Nashville TN 37215
T: 615.800.6822
F: 615.815.1876
brian@cummingsinjurylaw.com

Mark Hammervold, Esq.
Hammervold, PLC
315 Deaderick Street, Suite 1550
Nashville, TN 37238

*Counsel for Plaintiffs, John Ruffino and Martha Ruffino,*

           HALL BOOTH SMITH

       By: /s/ Bryant C. Witt