UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE, NASHVILLE DIVISION

| | |
|---|---|
| JOHN RUFFINO and MARTHA RUFFINO, Husband and Wife, | ) ) ) |
| Plaintiffs, | ) Civil Action No.: 3:17-cv-00725 |
| v. | ) Jury Demand ) |
| DR. CLARK ARCHER and HCA HEALTH SERVICES OF TENNESSEE, INC. d/b/a STONECREST MEDICAL CENTER, | ) Judge Crenshaw ) Magistrate Judge Newbern ) ) |
| Defendants. | ) |

## PLAINTIFFS' MOTIONS IN LIMINE

The Plaintiffs, John and Martha Ruffino, by and through undersigned Counsel, file this Omnibus Motion in Limine ("Motion") to present the following evidentiary issues to the Court for pre-trial rulings.

## SPECIFIC MOTIONS IN LIMINE

**1. This Court Should Not Allow Any New Experts, New Expert Opinions or New Bases for Expert Opinions Not Disclosed in Defendant's Rule 26 Expert Witness Disclosure.**

Pursuant to Fed. R. Civ. P. 26(a)(2) and 37(c), and this Court's scheduling orders, this Court should limit the Defendant to presenting the expert witnesses and opinions (1) disclosed in his Rule 26 expert witness disclosure, and (2) not thereafter withdrawn.

Fed. R. Civ. P. 26(a)(2)(B) provides that each party to a lawsuit must disclose a written report for all retained opinion witnesses, which includes a complete statement of all opinions of the witness and the basis and reasons for them and the facts and data considered by the witness. For non-retained witnesses, each party must still provide a "summary of the facts and opinions to which the witness is expected to testify."

This Court imposed a deadline for such disclosures that has long since passed. Plaintiff has

relied on the Defendant's disclosures (and any non-disclosures) in their efforts to prepare for trial. Where a party fails to disclose an opinion of one of its experts in its expert disclosure, a court may exclude the expert's testimony pursuant to Rule 37(c) of the Federal Rules of Civil Procedure.

The Plaintiff submits that any expert, opinions, or bases for opinions not included in the Defendant's detailed Rule 26 disclosures should be excluded at trial because the admission of undisclosed experts, undisclosed opinions, or new reasons for opinions constitutes "trial by ambush" and will cause undue prejudice to the Plaintiff.

The Plaintiff provides the following non-exhaustive applications of limiting the Defendant to his expert witness disclosure:

**a. This Court Should Preclude Any Testimony from Expert Witness Kevin Bonner.**

On June 1, 2018, Defendant withdrew this expert. Plaintiff expects this aspect of the motion to be uncontested.

**b. No Opinions that Plaintiffs or Any Third Party Acted Negligently, or Otherwise Bear Any Responsibility for the Injuries Alleged.**

The Defendant did not disclose any anticipated expert testimony that any person or agent of StoneCrest or any other third party violated the standard of care. Likewise, the Defendant did not disclose any anticipated expert testimony that the Plaintiffs acted without due care and/or contributed to cause the damages they allege. Therefore, Defendant should not be permitted to present such testimony at trial. Plaintiff expects this aspect of the motion to be uncontested.

**c. No Opinions from Dr. Stopya Regarding the Onset Time of a Stroke or Stroke Symptoms – Other than He Cannot Say One Way or the Other.**

Dr. Stopyra did not identify any time, or even three window period of time, for when he believes Mr. Ruffino suffered a stroke, or even stroke symptoms, on February 17, 2016.[1] He did not disclose any opinion that Mr. Ruffino had a "wake-up stroke."[2] Dr. Stopyra did not disclose these

---

[1] Deposition of Dr. Stopyra, pp. 42:12-22, 44:8-12, 45:6-20, 46:8-11; Excerpts attached as **Exhibit 1**.
[2] Deposition of Dr. Stopyra, p. 39:14-25.

opinions because he cannot offer them to a reasonable degree of medical probability.[3]

Dr. Stopyra should not be able to offer these opinions at trial, both because they were not disclosed in his Rule 26 report and because he cannot offer them to a reasonable degree of medical certainty. *See Johnson v. Memphis Light Gas & Water Div.,* 695 Fed. Appx. 131, 138-139 (6th Cir. 2017).

### 2. This Court Should Exclude Evidence or Comment Regarding Plaintiff Martha Ruffino's 1992/1993 Arrest / No Contest Plea.

Pursuant to Rule 609(b)(1), this Court should exclude evidence or comment regarding a 1992 or 1993 arrest and no contest plea of Plaintiff Martha Ruffino because that arrest and plea are more than 10 years old and the probative value does not significantly outweigh its prejudicial effect.

Impeachment by past arrests/pleas occurring over ten (10) years ago is only admissible if the proponent of the evidence can show that the probative value significantly outweighs its prejudicial effect. Fed. R. Evid. 609(b)(1). The advisory comment to the note indicates that the different treatment of arrests/pleas occurring over ten (10) years' prior is driven by "practical considerations of fairness and relevancy."

In 1992 or 1993, Ms. Ruffino was the manager of a gas station in Oakland County, Michigan. She was arrested and entered a plea agreement (pleading no contest) because she allowed a trucking company to use a bad credit card. In her deposition, Ms. Ruffino explained her understanding of the factual basis for the charge as follows:

> Mr. Gideon: All right. Now, in the answers to interrogatories there was a reference to you, and I really didn't understand this at all, but it referred to you in answer to Interrogatory Number 11 being charged with a crime where you were a manager of a gas station. You let a company use a bad credit card. You got charged and placed on probation. And for the life of me I couldn't understand how you, if you let somebody use a bad credit card, could be charged with a crime. Can you tell me what that was actually about?

---

[3] Deposition of Dr. Stopyra, pp. 42:12-22, 45:6-20.

3

| | |
|---|---|
| Ms. Ruffino: | Yes. Normally when you run the credit card, if it didn't run, you would type in numbers. But my supervisor gave me a certain number to put that card through because she said it was a good card. So I was doing it and had been doing it for them whenever they came in; and then we went to court on it because apparently it wasn't a good card.· And I didn't have money for a lawyer and… |
| Mr. Gideon: | So did you plead guilty to some crime? |
| Ms. Ruffino: | I plead no contest.[4] |

With regard to the legal classification and legal basis of the charge, Ms. Ruffino could not recall the name of the charge and testified that she did not understand the legal basis for the charge. Ms. Ruffino did admit that the charge had "something to do with dishonesty."[5]

Here, given the amount of time that has passed since the arrest/plea (26 years), and Ms. Ruffino's description of the factual and legal basis of the arrest, evidence of the arrest/plea has minimal probative value to assess Ms. Ruffino's truthfulness. However, the potential prejudice of permitting questioning, comment and/or evidence of Ms. Ruffino's 1992/1993 arrest is significant, including because the jury may form a negative opinion of Ms. Ruffino and decide not to award the Plaintiffs a verdict on an improper basis.

For these reasons, this motion in limine should be granted.

**3. This Court Should Exclude Hearsay Testimony of an Unidentified "Guy at the Smyrna Home Depot" Telling Mr. Ruffino he Looked "Funny" or "Weird."**

Pursuant to Rules 401, 801-803, this Court should exclude evidence, comment, or testimony regarding a hearsay statement from an unidentified "guy at the Smyrna Home Depot" that Mr. Ruffino looked "funny" or "weird" on the morning of February 17, 2016. Pursuant to Fed. R. Evid. 703, this Court should preclude the Defendant and/or any of Defendant's expert witnesses from providing any opinions based on this statement.

During Plaintiff John Ruffino's deposition, Defense Counsel elicited testimony from Mr.

---

[4] Deposition of Martha Ruffino, p. 13:3-22. Cited excerpts attached as **Exhibit 2**.
[5] Deposition of Martha Ruffino, p. 13:23-14:10.

4
Case 3:17-cv-00725   Document 115   Filed 12/14/18   Page 4 of 12 PageID #: 1490

Ruffino that an unidentified "guy at the Smyrna Home Depot" that Mr. Ruffino looked "funny" or "weird" on the morning of February 17, 2016.[6]

Hearsay is an out-of-court statement offered for the truth of the matter asserted. Fed. R. Evid. 801(c). Hearsay is inadmissible unless an exception applies for *every level* of hearsay. Fed. R. Evid. 802-803.

The statement by the unidentified "guy at the Smyrna Home Depot" is clearly an out of court statement. It is equally clear that the Defendant intends to use this statement for the truth of the matter stated – that Mr. Ruffino indeed looked "funny" or "weird" on the morning of February 17, 2016 – and therefore – was actually having a stroke by the time that statement was made.[7]

The foundation for "present sense impression" under the Rule 803(1) exception cannot be met because the statement is a vague statement of opinion by an unknown person. It is not clear what the unidentified declarant meant – or what the unidentified declarant was responding to – in saying that Mr. Ruffino looked "funny" or "weird." "An unknown source is hardly trustworthy." *Ricciardi v. Children's Hospital Medical Center,* 811 F.2d 18, 23 (1st Cir. Mass. 1987). As such, the Defendant cannot establish the prerequisite components of Rule 803(1) for the statement to be admissible.

No other exception applies, including the following:

| Exception | Reason it Does Not Apply |
|---|---|
| **Fed. R. Evid. 803(2)** Excited Utterance | There is no evidence that the statement was made under stress of excitement in response to a shocking event. |
| **Fed. R. Evid. 803(3)** State of Existing Mental or Physical Condition | This exception is limited to statements regarding the *declarant's* physical state or state of mind. |
| **Fed. R. Evid. 803(4)** Statement for Medical Diagnosis/Treatment | This statement was not made for the purpose of medical diagnosis or treatment because it was not made to a health care provider of any kind. |

For these reasons, this motion in limine should be granted.

---

[6] Deposition of John Ruffino, p. 47:21-48:4. Cited excerpts attached as **Exhibit 3.**
[7] *See e.g.,* Deposition of Dr. Criner, 14:17-18:17, attached as **Exhibit 4**.

5

### 4. This Court Should Exclude Any Opinion from Roger Criner, M.D. that Mr. Ruffino had a Stroke before 10:37 am on February 17, 2016.

For reasons similar to the prior motion (#3), this Court should exclude any opinion from Roger Criner that Mr. Ruffino suffered a stroke before 10:37 am on February 17, 2016 pursuant to Fed. R. Evid. 702.

Fed. R. Evid. 703 requires that the facts or data "be of a type reasonably relied upon by experts in the particular field." If the underlying data is so lacking in probative force and reliability that no reasonable expert could base an opinion on it, an opinion which rests entirely upon it must be excluded. Expert medical testimony should also be excluded as unreliable when the opinion cannot be offered to a reasonable degree of medical certainty. *See Johnson v. Memphis Light Gas & Water Div.,* 695 Fed. Appx. 131, 138-139 (6th Cir. 2017).

While an expert may form an opinion based on certain types of hearsay, "the hearsay source should be acceptable to the members of the expert's profession or class." *Smith v. Tennessee Life Ins. Co.*, 618 S.W.2d 829, 832 (1st Cir. 1981). For example, a medical expert may rely on medical records, death certificates, imaging report findings from other physicians, and statements from patients in the course of medical treatment. However, a medical expert generally may not rely on hearsay statements of third parties, particularly unknown third parties, not involved in the patient presentation or treatment. *See Smith*, 618 S.W.2d at 832 ("report of private investigators is not the type of hearsay data that a doctor can rely upon in forming his expert opinion"); *Riccardi,* 811 F.2d at 22; (excluding proposed expert witness testimony that was based on a note in patient's chart from an unknown source); *In re "Agent Orange" Prod. Liab. Litig.*, 611 F. Supp. 1223, 1246 (E.D.N.Y. 1985) ("The court takes judicial notice -- based on hundreds of trials -- that no reputable physician relies on hearsay checklists by litigants to reach a conclusion with respect to the cause of their afflictions.").

In his deposition, Dr. Criner offered the opinion that Mr. Ruffino may have suffered a

6

stroke before 10:37 am on February 17, 2016. Dr. Criner admitted that the "most significant piece of information" he is relying on for this opinion is the hearsay statement of the unknown person at the Smyrna Home Depot to Mr. Ruffino that he looked "funny" or "weird."[8]

Despite basing his opinion on this statement, Dr. Criner admitted he did not know exactly what the statement meant.[9] Dr. Criner's opinion was not only primarily based on the hearsay statement of an unknown third party, but it is contrary to hearsay sources that are typically used by experts in the field, including a CT Scan performed at 10:37 am and contrary to the neurological assessments of the trained nurses that were evaluating Mr. Ruffino in a hospital setting from 10 am to 12 pm.[10] Dr. Criner ultimately admitted that his opinion on this issue could not be offered to a reasonable degree of medical certainty.[11]

For these reasons, this motion in limine should be granted.

### 5. This Court Should Prevent Defendant's Counsel from Asking About the "Reasonableness" of Other Experts.

This Court should prevent Defendant's Counsel from asking about the "reasonableness" of other experts.

The weight and reasonableness of expert testimony is a matter that is solely for the jury to determine. T.P.I Civil – 2.30. The jurors in this case should be instructed that they "should consider each expert opinion and give it the weight, if any that you think it deserves. You are not required to accept the opinion of any expert." *Id.* The jurors will also be instructed that they should consider the following factors in determining the weight given to each expert's opinion:

1. The education, qualifications, and experience of the witness; and
2. The credibility of the witness; and
3. The facts relied upon by the witness to support the opinion; and

---

[8] Deposition of Dr. Criner, 17:13-18:17.
[9] Deposition of Dr. Criner, 18:24-20:1.
[10] Deposition of Dr. Criner, 25:14-26:5, 36:1-43:9; Deposition of Dr. Stopyra, p. 51:5-16.
[11] Deposition of Dr. Criner, 32:23-33:11.

4. The reasoning used by the witness to arrive at the opinion.

In any medical malpractice case that proceeds to trial, there <u>will</u> be competing expert testimony. The Plaintiff moves for an Order preventing Defense Counsel from trying to improperly bolster the credibility of defense opinion witnesses by asking the Plaintiff's experts if they would agree that "reasonable experts can have different opinion," or that the Defendant's retained witnesses' opinions are "reasonable."

A "reasonable" expert can hold an opinion that is less credible than the opinions of another expert. Testimony regarding the "reasonability" of other experts' opinions invades the providence of the jury to determine the credibility of experts, and thus, should be excluded pursuant to Rules 401, 403, and 702.

### 6. This Court Should Prevent the Defendant, Defendant's Counsel, and/or Defendant's Witnesses from Eliciting Testimony or Referring to Non-Expert Medical Opinions of the Plaintiff and Other Lay Witnesses.

Pursuant to Rules of Evidence 701, 702, 703, and Tenn. Code Ann. §29-26-115, this Court should enter an order precluding Defendant's Counsel from attempting to elicit testimony regarding the medical standard of care or medical causation, or from referring to any medical opinions of the Plaintiffs or other lay witnesses. Lay witnesses, such as the Plaintiffs, may only offer opinions rationally based on their own perception or to contextualize their factual testimony. Fed. R. Evid. 701. Only qualified experts may testify to the issues of the medical standard of care and causation. Tenn. Code Ann. §29-26-115.

Because the Plaintiffs are not qualified to testify to the standard of care applicable to Defendant, or to medical causation, they should not be quizzed on these subjects at trial.

### 7. This Court Should Prevent the Defendant from Presenting any Argument or Evidence in Support of a Comparative Fault Defense Against the Plaintiff or Any Third Party.

This Court should prevent the Defendant from presenting any argument or evidence in

support of any affirmative defense not specifically plead by the Defendant, including any comparative fault defense against the Plaintiff or against any non-party (which was not plead).

An affirmative defense "must be specifically pleaded." *Pratcher v. Methodist Healthcare Memphis Hospitals*, 407 S.W.3d. 727, 736 (Tenn. 2013). "The specific pleading requirements of [Rule] 8.03 are designed to prevent trial by ambush...." *George v. Bldg. Materials Corp. of Am.*, 44 S.W.3d 481, 487 (Tenn.2001). "Rule 8.03…must be strictly adhered to if it is to achieve its purposes." *George v. Alexander*, 931 S.W.2d 517, 522 (Tenn. 1996).

Affirmative defenses are "waived unless they are specifically pleaded." *Estate of Brown*, 402 SW 3d 193, 199 (Tenn. 2013); *see Allgood v. Gateway Health Systems,* 309 S.W.3d 918, 924 ("Failure to comply with Rule 8.03 will result in a waiver of the defense.") (physician waived affirmative defense "because his answer did not include the facts supporting the defense.").

In *George v. Alexander*,[12] the Tennessee Supreme Court applied Rule 8.03 in the medical malpractice context to exclude evidence at trial of a comparative fault defense that was not previously well-plead in the Answer. 931 S.W.2d at 523-527. It is clear from *George* that a defendant must "plead comparative fault as an affirmative defense if the defendant wishes to introduce evidence that a person other than itself caused the plaintiff's injury." 931 S.W.2d at 518. It is reversible error for a trial court to allow a defendant to blame anyone "other than itself" for the plaintiff's injury, when the defense of comparative fault is not specifically plead in the manner required by Rule 8.03. *Id.* at 518. This includes a plaintiff. *See e.g. Simmons v. Lenoir City Utilities Bd.,* 1987 Tenn. App. LEXIS 2721, *4, 1987 WL 11767 (Tenn. Ct. App. June 5, 1987).

The Defendant has only plead comparative fault in his operative answer against the Plaintiffs based on Plaintiff John Ruffino's alleged failure to *return* to the hospital after being discharged from Centennial Medical Center (Dkt. 65, p. 14). The Defendant has not plead

---

[12] *See Free v. Carnesale*, 110 F.3d 1227, 1230 (6th Cir. 1997) (citing *George v. Alexander* approvingly).

comparative fault against the Plaintiff for any other reason or for any other period of time and has not plead comparative fault against any third party.

For these reasons, this Court should prevent the Defendant from presenting any argument or evidence in support of any defense not specifically plead by the Defendant, including any comparative fault allegation beyond what Defendant has alleged in his Amended Answer.

**8. This Court Should Exclude Any Comment by Counsel Regarding Counsel's Own Personal Opinions Regarding the Justness of this Case, the Credibility of a Witness, or the Culpability of the Parties and any Comment or Evidence by Counsel Regarding their Personal Experience with Providers or Patients.**

The Court should exclude any comment by Counsel regarding Counsel's own personal opinions regarding the justness of this case, the credibility of a witness, the culpability of the parties, or their own personal knowledge or experience with providers.

Tennessee Supreme Court Rule 3.4(e)(2)-(3) provides that "a lawyer shall not…in trial…assert personal knowledge of facts in issue except when testifying as a witness; or … state a personal opinion as to the justness of a cause, the credibility of a witness, the culpability of a civil litigant or the guilt or innocence of an accused."[13] While it is appropriate for Counsel to *analyze* the credibility of the proof (*e.g.* "the testimony is not credible because it conflicts with the records"), it is improper to interject attorney characterizations that reflect the *personal* assessment/experience of the lawyer (*e.g.* "in my decades of practicing law, I have never…"). It would also be improper for Defense Counsel to share personal anecdotes from their own experiences with providers, or family members' experience with patients.

The Plaintiffs request the Court to enter an order excluding such comments by Counsel at trial.

**9. This Court should prevent the Defendant, Defendant's Counsel, and/or Defendant's witnesses from referring to the ad damnum in the Plaintiff's Complaint.**

---

[13] On June 21, 2017, the TBPR publicly censured attorney Kristen Menke. One of the reasons for the censure was "Ms. Menke improperly injected personal opinion about the justness of the cause in her closing argument."

10

Tenn. Code Ann. §29-26-117 provides that an ad damnum in a health care liability complaint "shall not be disclosed to the jury during a trial of the case notwithstanding § 20-9-302 to the contrary." This Court should bar the Defendant, Defendant's Counsel, and Defendant's Witnesses from disclosing and/or referring to the Plaintiffs' ad damnum in contravention of this clear statutory rule.

10. **This Court Should Preclude Comment or Evidence that StoneCrest Medical Center was Previously a Defendant to this Action.**

Pursuant to Rules 401 and 403, this Court should prevent the Defendant, Defendant's Counsel and/or Defendant's witnesses from referring to the fact that StoneCrest Medical Center was previously a defendant, or that the Plaintiffs dismissed the claims against StoneCrest. Such references do not relate to the issues before this court, and only risk confusing and/or unfairly prejudicing the jury.

## CONCLUSION

Based on the pertinent facts and the issues that the jury will be asked to consider and determine in this case, the Plaintiffs respectfully submit that the above-identified items should be excluded for the cited evidentiary reasons. Therefore, the Plaintiffs requests that the Court enter a corresponding Order granting each of the requests in this composite Motion.

RESPECTFULLY SUBMITTED,

s/ Mark Hammervold
**Brian Cummings, #19354**
Cummings Law
4235 Hillsboro Pike, #300
Nashville, TN 37215
Phone: 615-800-6822
Fax: 615-815-1876
brian@cummingsinjurylaw.com

**Mark Hammervold, #31147**
Hammervold, PLC
315 Deaderick Street, Suite 1550
Nashville, TN 37238
(615) 928-2466 (phone)
(615) 928-2264 (fax)
mark@hammervoldlaw.com

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I certify that I served all parties in this matter through counsel of record listed below with the foregoing by CM/ECF on December 14, 2018:

James E. Looper, Jr.
Hall Booth Smith, PC
Fifth Third Center
424 Church Street, Suite 2950
Nashville, TN 37219
(615) 313-9911 (phone)
(615) 313-8008 (fax)
jlooper@hallboothsmith.com

*Counsel for the Defendant
Dr. Clark Archer*

s/ Mark Hammervold
**Mark Hammervold**