IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JOHN RUFFINO and MARTHA RUFFINO, Husband and Wife, <br><br> Plaintiffs, <br><br> v. <br><br> DR. CLARK ARCHER and HCA HEALTH SERVICES OF TENNESSEE, INC. d/b/a STONECREST MEDICAL CENTER <br><br> Defendants. | CASE No. 3:17-cv-00725 <br> Judge Campbell <br> Magistrate Judge Newbern <br><br> JURY DEMANDED |

### DR. ARCHER'S MOTION IN *LIMINE* NO. 3 TO EXCLUDE TESTIMONY, EVIDENCE AND ARGUMENT THAT TPA COULD BE ADMINISTERED PAST 4.5 HOURS OF LAST KNOWN NORMAL.

COMES NOW Defendant, Dr. Clark Archer (hereinafter "Dr. Archer") and respectfully moves the Court in *limine* to enter an Order excluding testimony, evidence, or argument that tPA can be safely administered past 4.5 hours from the last time a patient is deemed normal. Although there are differing theories and opinions about when Mr. Ruffino was last normal, one common fact remains, which is that there is no expert testimony in this case that tPA can be or should be administered any time greater than 4.5 hours of a patient's last known normal.

### ARGUMENT AND AUTHORITY:

In the Plaintiffs' Amended Complaint, they state that "[i]n February 2016, the treatment of thrombotic stroke with tPA typically requires that tPA be provided within 6-8 hours of the onset of the symptoms."[1] However, Plaintiff's expert, Dr. Pope, a board-certified emergency

---
[1] Amended Complaint (Doc. 61), at ¶ 48.

1

room physician, testified that it would be outside the standard of care to administer tPA outside of 4.5 hours.[2] In fact, Dr. Pope expressly denied paragraph 48 of the Plaintiff's Amended Complaint.[3] Similarly, Dr. Dhar, one of the Plaintiffs' neurologists, testified that the standard of care for a place like StoneCrest was that tPA could be administered no later than 4.5 hours after last normal.[4] Further still, Dr. Callahan, one of the other neurologists retained by the Plaintiffs, testified that tPA could be administered up to 4.5 hours in select patients,[5] but gave no testimony that supported the administration of tPA past 4.5 hours from last known normal.

Plaintiffs have the burden to establish through competent expert testimony the applicable standard of care and a deviation from that standard of care. Tenn. Code Ann. § 29-26-115(a). None of the Plaintiffs' experts have offered an opinion that tPA should be administered beyond 4.5 hours of last normal. Therefore, pursuant to Rules 401 and 402 of the Federal Rules of Evidence, testimony that tPA may be administered beyond 4.5 hours of last normal is irrelevant and cannot be admitted into evidence. Even if it were relevant, Rule 403 of Federal Rules of Evidence requires that it be excluded because any potential probative value is substantially outweighed by unfair prejudice to Dr. Archer since no expert opinions were provided during discovery that tPA could or should be administered beyond 4.5 hours from last normal. Likewise, to permit testimony that tPA could be administered beyond 4.5 hours from last normal is highly likely to confuse the issues and mislead the jury as the issues. There are enough timing issues in dispute without asking confusing the jury further about when tPA could even be provided. Likewise, to the extent such testimony is permitted, it will lead to undue delay and

---

[2] Transcript of Deposition of Troy T. Pope, M.D., on March 23, 2018 ("Dr. Pope Depo."), at 44:14 – 24. A complete copy of this transcript will be filed pursuant to a separate Notice of Filing.

[3] Dr. Pope Depo., at 106:9 – 25.

[4] Transcript of Deposition of Rajat Dhar, M.D. on April 17, 2018 (Dr. Dhar's Depo."), at 138:6 – 24. A complete copy of this transcript will be filed pursuant to a separate Notice of Filing.

[5] Transcript of Deposition of Alfred Callahan, III, M.D., on April 10, 2018 (Dr. Callahan's Depo."), at 35:3 – 36:10. A complete copy of this transcript will be filed pursuant to a separate Notice of Filing.

wasting time, as defense counsel will be forced to spend considerable time impeaching the witnesses on their prior testimony. Therefore, such testimony or argument should not be permitted.

## CONCLUSION

For the foregoing reasons, Dr. Archer respectfully asks this Court to enter an Order excluding all testimony, evidence, or argument that tPA could be administered beyond 4.5 hours of last known normal.

Respectfully submitted on this 14th day of December 2018.

**HALL BOOTH SMITH, P.C.**

By: /s/ Bryant C. Witt
James E. Looper, Jr. BPR #025200
Bryant C. Witt, BRP #018295
Fifth Third Center
424 Church St., Ste. 2950
Nashville, TN 37219
(615) 313-9911
*Counsel for Defendant Dr. Clark Archer*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been furnished by electronic means via the Court's electronic filing system, this 14th day of December 2018, to counsel of record as follows:

Afsoon Hagh, Esq.
CUMMINGS MANOOKIAN PLC
45 Music Square West Nashville, TN 37203
afsoon@cummingsmanookian.com

Brian Cummings, Esq.
Cummings Law
4235 Hillsboro Pike #300
Nashville TN 37215
T: 615.800.6822
F: 615.815.1876
brian@cummingsinjurylaw.com

Mark Hammervold, Esq.
Hammervold, PLC
315 Deaderick Street, Suite 1550
Nashville, TN 37238
mark@hammervoldlaw.com

*Counsel for Plaintiffs, John Ruffino and Martha Ruffino,*

                                            HALL BOOTH SMITH

                                            By:   /s/ Bryant C. Witt

4

Case 3:17-cv-00725   Document 118   Filed 12/14/18   Page 4 of 4 PageID #: 1646