**Collective Exhibit 1 to MIL 5**

2010 WL 4340797
Only the Westlaw citation is currently available.
United States District Court,
W.D. Tennessee,
Western Division.

Cassie NALAWAGAN, for herself and
as surviving mother and next friend of
Demario Nalawagan, Deceased, Plaintiff,
v.
Hai V. DANG, M.D., Defendant.

No. 06–2745–STA–dkv.
|
Oct. 27, 2010.

**Attorneys and Law Firms**

Michael P. Pfrommer, Pfrommer & Castle, Memphis, TN, for Plaintiff.

Harris Frederick Powers, III, Upshaw, Williams, Biggers, Beckham & Riddick, LLP, Greenwood, MS, for Defendant.

### ORDER GRANTING IN PART, DENYING IN PART DEFENDANT'S MOTION IN LIMINE TO LIMIT EVIDENCE OF DAMAGES

THOMAS ANDERSON, District Judge.

*\*1* Before the Court is Defendant's Motion in Limine to Limit Evidence of Damages (D.E.# 100) filed on October 12, 2010. Plaintiff has responded in opposition to Defendant's Motion. The Court heard oral arguments on the Motion from counsel at the pretrial conference on October 19, 2010. For the reasons stated below, the Motion is **GRANTED IN PART, DENIED IN PART.**

### BACKGROUND

Plaintiff has alleged in part that Defendant is liable for medical malpractice resulting in injuries during the labor and delivery of her son Demario Nalawagan. In the Motion before the Court, Defendant first argues that Plaintiff's damages are barred by Tennessee's Medical Malpractice Act, found at Tenn.Code Ann. § 29–26–119

("the statute"). According to Defendant, the proof at trial will show that the medical expenses incurred by Plaintiff's son were paid by Medicaid, and none of the expenses were paid out-of-pocket. Defendant reads the statute to prevent Plaintiff from recovering any expenses which Medicaid has already paid on her son's behalf. Defendant further argues that to the extent that Plaintiff did incur out-of-pocket expenses, Plaintiff should only be permitted to seek recovery of amounts actually paid, and not the amounts billed. Second, Defendant contends that Plaintiff's claims for damages are too speculative. Plaintiff's medical expert has opined that even if Defendant had complied with the standard of care and delivered Demario Nalawagan much sooner, the child would still have sustained injuries. Defendant submits that Plaintiff has failed to offer any expert proof about what medical expenses Plaintiff would have incurred in this event. For the same reasons, Defendant argues that Plaintiff's claims for her son's future lost wages are also speculative. Plaintiff cannot show what impact her son's brain injuries would have had on his future earning capacity. Therefore, the Court should limit the evidence Plaintiff may offer at trial in support of her claims for damages.

In her response in opposition, Plaintiff argues that she should still be allowed to recover any amounts Medicaid has already paid for her son's medical expenses. Citing decisions from the Tennessee courts, Plaintiff states that the statute does not preclude recovery of medical expenses already paid by a third-party if the third-party has a right of subrogation. Plaintiff further seeks recovery for the amounts billed, construing the statute's reference to "cost of reasonable and necessary medical care" to mean the "actual cost." Plaintiff discusses a number of decisions from other jurisdictions where courts have held that the collateral source rule permits a plaintiff to recover not only the amount paid by Medicaid but also any amounts written-off or forgiven. In the alternative, Plaintiff suggests that if there is a danger of the jury granting Plaintiff an excessive award of damages, the better procedure would be to issue a post-verdict *remittitur.* Plaintiff does not address Defendant's argument that some of Plaintiff's claims for damages are too speculative.

### ANALYSIS

WESTLAW   © 2018 Thomson Reuters. No claim to original U.S. Government Works.   1

**\*2** The issue presented is whether Plaintiff may recover as damages the medical expenses actually billed by the providers or only the amounts paid by Medicaid on behalf of her son. The parties agree that Tennessee law applies. Under the *Erie* doctrine, the Court is bound to apply the substantive law of the state of Tennessee as if this action had been brought in a Tennessee state court.[1] The Court must apply the law as it has been determined by the Tennessee Supreme Court.[2] When the Tennessee Supreme Court has not answered a particular question of law, the federal court must discern or predict how the state courts would respond if confronted with the question.[3]

The Court holds that pursuant to Tennessee law, Plaintiff may recover only the amounts "paid or payable" on behalf of her son by Medicaid as well as any amounts "paid or payable" by Plaintiff. The statute reads in relevant part:

> In a malpractice action ..., the damages awarded may include ... actual economic losses suffered by the claimant by reason of the personal injury including, but not limited to cost of reasonable and necessary medical care ... but only to the extent that such costs are not *paid or payable* and such losses are not replaced, or indemnified in whole or in part, by insurance provided by an employer either governmental or private, by social security benefits, service benefit programs, unemployment benefits, or any other source except the assets of the claimants or of the members of the claimant's immediate family and insurance purchased in whole or in part, privately and individually.[4]
> (emphasis added)

The Tennessee Court of Appeals has held that the statute does not prevent a medical malpractice plaintiff from recovering medical expenses paid by Medicaid.[5] At the pretrial conference, Defendant conceded as much. Based on the *Hughlett* decision and on Defendant's concession at the hearing, the Court holds that Plaintiff may seek recovery of medical expenses already "paid or payable" by Medicaid on behalf of her son Demario Nalawagan. Therefore, Defendant's Motion is **DENIED** as to this issue.

However, the Court holds that pursuant to Tennessee law, Plaintiff may not recover the amounts actually billed by her son's medical providers over and above the amounts "paid or payable." Medicaid programs pay only a scheduled fee for medical services, and those payments commonly are lower than a provider's customary fee.[6] The precise issue of whether a plaintiff may recover billed amounts exceeding Medicaid payments already made has not been addressed by the Tennessee state courts.[7] As a result, the Court is left to predict how the Tennessee courts would answer the question, or, more specifically, how the courts would construe the statute. Under Tennessee law, the Court's role in construing a statute is to ascertain and give effect to the legislative intent without unduly restricting or expanding the statute's coverage beyond its intended scope.[8] In fulfilling this role, the Court must presume that every word in the statute has meaning and purpose and should be given full effect if the obvious intention of the Tennessee General Assembly is not violated by so doing.[9] When the language of the statute is clear, the Court should apply its plain meaning, without complicating the task.[10]

**\*3** The Court finds that the Medical Malpractice Act is sufficiently clear on this point and limits damages to costs "paid or payable." The statute contemplates the recovery of "actual economic losses suffered by the claimant" including medical expenses, "but only to the extent" of costs "not paid or payable." As previously noted, the Tennessee courts have construed the statute to permit recovery of medical expenses "paid or payable" where a third-party like Medicaid retains the right of subrogation. The Court finds that the statute confines recoverable medical expenses to those expenses which were "paid or payable."[11] Based on the plain meaning of these terms, it is clear that medical expenses are limited to expenses already paid or such expenses yet to be paid, and not simply the amounts billed. The Court concludes that in so far as amounts billed by the providers for medical care differ from actual amounts "paid or payable," Plaintiff is not entitled to recover amounts billed pursuant to the statute. Therefore, Defendant's Motion is **GRANTED** as to this issue.

WESTLAW  © 2018 Thomson Reuters. No claim to original U.S. Government Works.

2

## CONCLUSION

Defendant's Motion in Limine is **GRANTED IN PART, DENIED IN PART** . Plaintiff may seek recovery of amounts "paid or payable" for her son's medical expenses by Medicaid. Plaintiff may only seek amounts actually billed by her son's medical providers to the extent that the amounts billed were "paid or payable." Concerning all other matters raised in Defendant's Motion, the Court reserves ruling at this time.

**IT IS SO ORDERED.**

**All Citations**

Not Reported in F.Supp.2d, 2010 WL 4340797

## Footnotes

1   *Erie R.R. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938); *Corrigan v. U.S. Steel Corp.,* 478 F.3d 718, 723 (6th Cir.2007).

2   *Gahafer v. Ford Motor Co.,* 328 F.3d 859, 861 (6th Cir.2003).

3   *Hartford Fire Ins. Co. v. Lawrence, Dykes, Goodenberger, Bower & Clancy,* 740 F.2d 1362, 1365 (6th Cir.1984); *Clutter v. Johns–Manville Sales Corp.,* 646 F.2d 1151, 1153 (6th Cir.1981).

4   Tenn.Code Ann. § 29–26–119.

5   *Hughlett v. Shelby County Health Care Corp.,* 940 S.W.2d 571 (Tenn.Ct.App.1996) (citing *Nance by Nance v. Westside Hosp.,* 750 S.W.2d 740 (Tenn.1988)). In the absence of any indication that the Tennessee Supreme Court would adopt a rule contrary to the rule announced in the Tennessee Court of Appeals, this Court is not free to ignore the announcement of the state appellate court on matters of state law. *Central States, Southeast & Southwest Areas Pension Fund v. Howell,* 227 F.3d 672, 676 (6th Cir.2000).

6   *See Spectrum Health Continuing Care Group v. Anna Marie Bowling Irrecoverable Trust,* 410 F.3d 304, 313 (6th Cir.2005).

7   *Ward v. Glover,* 206 S.W.3d 17, 41 (Tenn.Ct.App.2006) ("We have determined that it is not necessary for us to resolve this issue, simply because the jury found for the defendants as to liability on all of the remaining claims. Thus, the jury did not reach the issue of damages.").

8   *Owens v. State,* 908 S.W.2d 923, 926 (Tenn.1995).

9   *In re C.K.G.,* 173 S.W.3d 714, 722 (Tenn.2005).

10   *Eastman Chem. Co. v. Johnson,* 151 S.W.3d 503, 507 (Tenn.2004).

11   *See Donathan v. Orthopaedic & Sports Med. Clinic, PLLC,* No. 4:07–cv–18, 2009 WL 3584263, at *10 (E.D.Tenn. Oct. 26, 2009).

© 2018 Thomson Reuters. No claim to original U.S. Government Works.

WESTLAW © 2018 Thomson Reuters. No claim to original U.S. Government Works.   3

KeyCite Yellow Flag - Negative Treatment
Order Corrected by Calaway v. Schucker, W.D.Tenn., August 12, 2013

2013 WL 960495
Only the Westlaw citation is currently available.
United States District Court,
W.D. Tennessee,
Western Division.

Kaitlyn CALAWAY, a minor, by Natural Mother
and Next Friend, Kathleen CALAWAY, Plaintiff,
v.
Jodi SCHUCKER, M.D., Defendant.

No. 2:02–cv–02715–STA–cgc.
|
March 12, 2013.

**Attorneys and Law Firms**

Carroll C. Johnson, III, Attorney at Law, Joann
Nicholson Bell, Timothy R. Holton, Deal Cooper &
Holton PLLC, Memphis, TN, for Plaintiff.

Darrell E. Baker, Jr., Deborah Whitt, Baker & Whitt
PLLC, Memphis, TN, for Defendant.

## OMNIBUS ORDER ON
## DEFENDANT'S MOTIONS IN LIMINE

CHARMIANE G. CLAXTON, United States Magistrate
Judge.

**\*1** Before the Court are several of Defendant's motions
in limine, as detailed below. The instant motions were
referred to the Magistrate Judge for determination.
(Docket Entry "D.E." # 399).[1] The Magistrate Judge
held a status conference on December 14, 2012. At the
status conference, the following motions were resolved as
follows and are hereby terminated:

D.E. # 307—Denied as moot due to previous Court
orders

D.E. # 311—Denied as moot

D.E. # 355—Parties have provided the requested
documents

The rulings on the motions listed below are as follows:

• **Motion in Limine # 2 to Exclude Evidence Regarding
Liability Insurance Coverage (D.E.# 273, # 343)**

In this motion, Defendant requests that the Court prohibit
Plaintiff, her witnesses, and her counsel from introducing
into evidence, inquiring into on cross-examination, or in
any way making reference before the jury venire or jury
at the trial in this cause, directly or by implication, the
existence, - existence, or terms of Defendant's liability
insurance. Defendant makes this request pursuant to
Rules 402, 403, and 411 of the Federal Rules of Evidence.

Rule 411 provides that "[e]vidence that a person was
or was not insured against liability is not admissible to
prove whether the person acted negligently or otherwise
wrongfully," but "the court may admit this evidence for
another purpose, such as proving a witness's bias or
prejudice or proving agency, ownership, or control ."
Fed.R.Evid. 411. Plaintiff agrees that she does not intend
to use evidence of liability insurance to demonstrate that
Defendant acted negligently or wrongfully but contends
that she may seek to offer it for another purpose.
Upon review, as the admissibility of evidence of liability
insurance depends upon the purpose of its introduction,
and as such a determination may only properly be made at
trial, the Court finds that this motion should be DENIED
without prejudice as premature.

While this issue cannot be resolved pre-trial, it nonetheless
remains a delicate matter, as the Sixth Circuit has held
that improperly introducing evidence of liability insurance
may be prejudicial error and grounds for a mistrial. *City of
Cleveland v. Peter Kiewit Sons' Co.,* 624 F.2d 749, 758 (6th
Cir.1980). As such, the parties are cautioned that, should
they seek to introduce such evidence, they should raise the
issue out of the presence of the jury for guidance by the
District Court.

• **Motion in Limine # 4 to Exclude Evidence Regarding
Prior Lawsuits Against Defendant or Defendant's
Expert Witnesses (D.E.# 275, # 345)**

In this motion, Defendant request that the Court prohibit
Plaintiff, her witnesses, and her counsel from introducing
into evidence, inquiring into on cross-examination, or in
any way making reference before the jury venire or jury at
the trial in this cause, the issue of whether Defendant or
Defendant's expert witnesses have been named as parties

WESTLAW © 2018 Thomson Reuters. No claim to original U.S. Government Works.    1

to prior medical malpractice lawsuits. Defendant makes this request pursuant to Rules 401, 402, 403, 404, and 608 of the Federal Rules of Evidence. Plaintiff's Response does not rely upon a specific rule of evidence but argues that the evidence may be admissible as impeachment by prior inconsistent statement, which appears to invoke Rule 608.

**\*2** Rule 608 provides that extrinsic evidence of specific instances of a witness's conduct, other than a criminal conviction, is "not admissible to attack or support the witnesses's character for truthfulness"; however, the court may, on cross-examination, allow such extrinsic evidence if it is probative of the character for truthfulness or untruthfulness of the witness or another witness whose character the witness being cross-examined has testified about. Fed.R.Evid. 803. As Rule 803 prohibits extrinsic evidence for certain purposes and permits it for others, the Court finds that the determination of the admissibility must be made at trial. Accordingly, the Court finds that this motion should be DENIED without prejudice as premature. Any objections regarding prior lawsuits against Defendant or Defendant's expert witnesses should be raised at trial.

- **Motion in Limine # 5 to Preclude Testimony Concerning Gender or Racial Discrimination Encountered by Helen Barnes, M.D. (D .E.# 276)**

In this motion, Defendant requests that the Court preclude counsel from mentioning in opening statement, eliciting from Dr. Barnes, or showing portions of a video from Dr. Barnes' deposition concerning difficulties on the basis of gender or race that she was forced to overcome in her career as an obstetrician at the University of Mississippi. Defendant makes this request pursuant to Rules 401, 402, and 403 of the Federal Rules of Evidence.

Upon review, the Court finds that evidence of Dr. Barnes's personal life story is not relevant to the issues in this case, as it does not have any tendency to make the existence of any fact that is of consequence to the determination of the action more or less probable than it would be without the evidence. Fed.R.Evid. 401. Thus, Defendant's motion is DENIED. While the specifics of the difficulties she faced during her career due to her race and gender are not admissible, Dr. Barnes will be permitted to testify to her general education and background, including that she attended the University of Mississippi during certain dates.

- **Motion in Limine # 6 to Exclude the Testimony of Lay Witnesses Including Dr. Irmo Marini Regarding Their Understanding of Medicine (D.E. # 277/ D.E. # 346)**

In this motion, Defendant requests that the Court exclude the testimony of lay witnesses, including the Plaintiff's life care planner, Irmo Marini, Ph.D, regarding their understanding of the medicine underlying the allegations of negligence in this matter. Defendant makes this request pursuant to Rule 701 of the Federal Rules of Evidence, which requires that lay witness opinions and inferences must be "limited to those opinions or inferences which are (a) rationally based on the perception of the witness, (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue, and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." Fed.R.Evid. 701. The Court finds that Rule 701 prohibits any lay witnesses from rendering expert testimony in any field, including medicine; however, the lay witnesses are permitted to testify to the opinions or inferences as expressly permitted in Rule 701. Accordingly, Defendant's Motion is GRANTED. Any further challenges to the admissibility or inadmissibility of specific lay testimony under Rule 701 should be raised at trial.

**\*3** - **Motion in Limine # 7 to Preclude the Physical or Cognitive Manipulation, Examination, or Demonstration of Kaitlyn Calaway in the Presence of the Jury (D.E.# 278, # 347)**

In this motion, Defendant requests that the Court preclude the physical or cognitive manipulation, examination, or demonstration of Kaitlyn Calaway in the presence of the jury. Defendant's motion focuses only upon such manipulation, examination, or demonstration *by an expert* on the grounds that Plaintiff did not disclose any such expert. Plaintiff's response does not claim that any such expert was disclosed, and Plaintiff does not even argue that she wishes to present any such expert manipulation, examination, or demonstration. Accordingly, as it appears the parties agree that no such expert was disclosed or is sought to be used, the Court finds that Plaintiff shall not be permitted to present expert manipulation, examination, or demonstration of Kaitlyn Calaway in the presence of the jury. Thus, Defendant's motion is hereby GRANTED.

WESTLAW © 2018 Thomson Reuters. No claim to original U.S. Government Works. 2

In Plaintiff's Response, her sole concern is that she should be permitted to testify and be present in the courtroom even though she may be unable to conceal her physical and cognitive disabilities. Defendant's motion does not argue that Plaintiff should not be permitted to either testify or be present throughout the trial of her case. In any event, the Court clarifies that its ruling regarding expert manipulation, examination, or demonstration does not preclude Plaintiff from testifying on her own behalf and being present in the courtroom at all times.

- **Defendant's Motion in Limine # 9 to Limit Plaintiff's Evidence of Economic Loss to Amounts that Comply with Tennessee Code Annotated Section 29–26–119 (D.E.# 280, # 348)**

In this motion, Defendant requests that the Court limit Plaintiff's evidence of economic loss to amounts that comply with Tennessee Code Annotated Section 29–26–119, which governs damages in a medical malpractice case. Plaintiff agrees that this statute applies to damages in a medical malpractice case; however, there are two points of dispute regarding the application of the statute in the instant case.

First, Defendant's Motion argues that Plaintiff may not recover costs paid or payable by Medicaid and TennCare.[2] Plaintiff's Response states that she has not and is not currently receiving benefits by Medicaid and TennCare. However, it is not clear from Plaintiff's Response whether she could potentially receive benefits from Medicaid and TennCare in the future. It is only these future expenses at issue in this case, as Plaintiff's pre-majority expenses are time-barred. The Tennessee Court of Appeals has expressly held that a plaintiff may recover expenses that are paid or payable by the Medicaid program. *See Hughlett v. Shelby County Health Care Corp.,* 940 S.W.3d 571, 572–75 (Tenn.Ct.App.1996). Thus, to the extent Plaintiff seeks to recover any future medical expenses that are also paid or payable by Medicaid or TennCare, she is entitled to do so under Section 29–26–119 and Tennessee law. Accordingly, Defendant's Motion to prevent Plaintiff from introducing evidence of expenses paid or payable by Medicaid and Tenncare is DENIED.

*4 Second, Defendant's Motion asserts that Plaintiff may not recover the amount *billed* by her insurer, which is also referred to as the gross amount or "sticker price," but instead may only recover the *discounted* amount actually paid or payable by her insurer. Defendant bases this argument on the language of the statute, which allows Plaintiff to recover "actual economic losses." Tenn.Code Ann. § 29–26–119. Plaintiff's Response argues to the contrary, claiming that a plaintiff with private insurance may recover the gross amount of the expenses. Plaintiff's position is based upon the argument that Section 29–26–119 does not apply when the damages are being paid for either out-of-pocket or by private insurance and that the common law collateral source rule permits payment of the gross expenses.[3]

This District Court has previously considered this issue in *Cassie Nalawagan v. Hai v. Dang,* No. 06–2745–STA–dkv, 2010 WL 4340797, at *2–*3 (W.D.Tenn. Oct.27, 2010) (quoting Tenn.Code Ann. § 29–26–119). This Court concluded that no Tennessee state courts had addressed the precise issue; thus, this Court was required to predict how Tennessee state courts would construe the statute. *Id.* at *2. This Court held that a Plaintiff may not recover "the amounts actually billed by [the plaintiff's] medical providers over and above the amounts 'paid or payable.' " *Id.* at *2 (quoting Tenn.Code Ann. § 29–26–119). This Court reasoned that the plain language of the statute is "sufficiently clear" on this point and "contemplates the recovery of 'actual economic losses suffered by the claimant' including medical expenses, 'but only to the extent' of costs 'not paid or payable.' " *Id.* at *3 (quoting Tenn.Code Ann. § 29–26–119). This Court advised that, "in so far as amounts billed by the providers for medical care differ from action amounts 'paid or payable,' a plaintiff is not entitled to recover amounts billed pursuant to the statute. *Id.* As the Magistrate Judge is not aware of any Tennessee state court decisions following *Nalawan* reaching a contrary result, and the parties have cited none, the Magistrate Judge will follow this Court's reasoning in *Nalawagan.*

Plaintiff asks the Magistrate Judge to distinguish *Nalawagan,* which pertained to Medicaid billing, from the instant case, which pertains to insurance billing. However, the Magistrate Judge does not find that there is a meaningful distinction. A plaintiff may recover Medicaid expenses that are paid or payable, *see Hughlett,* 940 S.W.3d at 572–75, just as a plaintiff may recover expenses that are paid or payable by private insurance, Tenn.Code Ann. § 29–26–119. The Magistrate Judge does not find any reason why the statute should be construed differently

WESTLAW  © 2018 Thomson Reuters. No claim to original U.S. Government Works.

3

when applied to reimbursement by private insurance. Accordingly, Plaintiff will only be permitted to recover the amounts billed, not the gross "sticker price" of the medical service, as set forth in *Nalawagan*. Thus, Defendant's Motion to limit Plaintiff's medical expenses to the amount billed is GRANTED.

### *5 • Motion in Limine # 10 to Allow Evidence of Government Assistance to Plaintiff to Assist the Jury in a Determination of Reasonable and Necessary Future Medical Care for Plaintiff (D.E.# 281, # 349)

In this motion, Defendant requests that the Court allow evidence of past government assistance received by Plaintiff to assist the trier of fact in the determination of the cost of future care and for impeachment purposes Defendant asserts that Plaintiff has received aid through the public school system, TennCare, and other government assistance. Defendant's Motion focuses primarily on public education services, stating that Plaintiff will continue to receive such services through the school years with no costs or expenses "paid or payable" by Plaintiff.

While Defendant relies upon Section 29–26–119 governing what Plaintiff may recover, it is important at the outset to reiterate that Plaintiff has been time-barred from recovering pre-majority medical expenses. (*See* D.E. # 403). Thus, it is undisputed that the question before this Court is not the propriety of Plaintiff recovering such expenses, but the relevance of the availability of these past services to the calculation of future medical expenses.

Defendant claims that the best indication of the cost of Plaintiff's future medical expenses are her past medical expenses. Defendant seeks to challenge the reasonableness of Plaintiff's proposed future expenses with evidence of Plaintiff's past expenses. Defendant further wants to be able to impeach certain of Plaintiff's witnesses with this information to attempt to show bias in favor of Plaintiff because these witnesses did not include potential government assistance in their calculations of future medical expenses.

Upon review, the Court finds that Plaintiff's past medical expenses should not be admissible as substantive evidence of the reasonableness of Plaintiff's proposed future medical expenses for several reasons. While Plaintiff has apparently obtained the benefit of services through public school during her minority and may obtain certain limited

services through public school during her majority if she is still enrolled after reaching the age of eighteen, public school services will not continue throughout her majority. As the projection of future medical expenses in this case will only relate to Plaintiff's adult expenses, her childhood school accommodations bear little to no relevance to this calculation.

Additionally, Defendant seeks to offer other general sources of government assistance other than public school, such as TennCare. Plaintiff has already stated in her briefing on other motions that she has not received any TennCare benefits to date, (D.E.# 398), and Defendant has not specified any other public assistance programs that Plaintiff may benefit from in the future. In any event, the Court again finds that evidence of any past medical expenses is not necessary or relevant to a future calculation, and Defendant shall not be permitted to use past medical expenses for this purpose. This does not prevent Defendant from attempting to demonstrate the amounts of public assistance that Plaintiff may receive in the future based upon the available programs, but such a demonstration should not in any way depend upon what Plaintiff has received in the past.

*6 With respect to impeachment evidence, Defendant contends that she wishes to show that Plaintiff's witnesses have a bias in favor of her and have not included possible government assistance opportunities in the future damages calculation. Defendant may pursue such impeachment as to bias, but Defendant must base any impeachment on government assistance that may be available in the future. Defendant may not attempt to impeach any of Plaintiff's witnesses by utilizing evidence of Plaintiff's past government assistance. Accordingly, Defendant's Motion is DENIED.

### • Motion in Limine # 11 to Prevent Expert Reports from Being Admitted into Evidence and Given to the Jurors During Deliberations (D.E.# 282, # 350)

In this Motion, Defendant requests that the Court prevent expert reports from being admitted into evidence and given to the jurors during deliberations. Defendant contends that the reports are inadmissible hearsay that can be used for impeachment only pursuant to Rule 801 of the Federal Rules of Evidence. In the alternative, Defendant argues that even if the reports are admissible, it would be unfair for them to be provided to the jury because it would give undue weight to the exhibits provided to

WESTLAW © 2018 Thomson Reuters. No claim to original U.S. Government Works.

the jurors. Plaintiff asserts that the motion is premature because there has been no ruling on the admissibility of the reports. Upon review, the Court agrees with Plaintiff that the rulings on the admissibility of each report must be made at trial when counsel has the proper opportunity to attempt to admit any written expert reports. Likewise, any submission of expert reports to the jury must be made after the decision on admissibility. Thus, Defendant's Motion is DENIED without prejudice as premature.

- **Motion in Limine # 12 and for Protective Order to Preclude Cross–Examination of Defense Expert Dwight Rouse, M.D. with Deposition Testimony Taken Without Proper Notice (D.E.# 283)**

In this motion, Defendant requests that the Court issue a protective order and preclude Plaintiff's counsel from mentioning in opening statement or using in any manner the transcript, video, or fetal monitor tracing from a deposition taken in an unrelated state court case, which has been identified as *Jackory Clark v. Clarence T. Gooch, M.D.,* on July 2, 1998. It is undisputed that Defendant's counsel was not provided notice and was not present at this deposition. Rule 30(b)(1) of the Federal Rules of Civil Procedure requires that a "party who wants to depose a person by oral questions must give reasonable written notice to every other party." Fed.R.Civ.P. 30(b)(1). As Plaintiff failed to provide proper notice, Plaintiff will not be permitted to utilize the July 2, 1998 deposition testimony in the unrelated case for any purpose. Accordingly, Defendant's Motion is GRANTED.

- **Motion in Limine # 13 to Prohibit Plaintiff's Witnesses Who Are Not Licensed Physicians from Offering Opinions on Standard of Care, Diagnoses, Causation, or Life Expectancy (D.E.# 284, # 351)**

*7 In this Motion, Defendant seeks that the Court prohibit Plaintiff's witnesses who are not licensed physicians from offering opinions on standard of care, diagnoses, causation, or life expectancy. Defendant states that such individuals include healthcare providers, teachers, teaching assistants, and family members who have provided care and assistance to Kaitlyn Calaway and have been identified as potential witnesses in the instant case. Defendant bases the instant motion on Tennessee Code Annotated Section 29–26–115, which sets forth the elements of medical malpractice and requires, *inter alia,*

that an expert be licensed in a profession or specialty which would make the person's testimony relevant.

Plaintiff's Response does not oppose Defendant's motion as to either standard of care or causation. Accordingly, Defendant's Motion is GRANTED on these issues, and Plaintiff's witnesses who are not licensed physicians may not offer testimony on standard of care or causation.

With respect to diagnoses, Plaintiff states that the physical and occupational therapists, teachers, and assistants will not testify that they *made* a medical diagnosis, but will testify about how they *treated* her based upon the diagnoses that she was given by her physicians. The Court does not read Defendant's Motion to seek to prohibit non-expert testimony about any *reactions* to a diagnosis, but instead the *process* of making the diagnosis. In any event, the Court finds that lay testimony regarding the actions taken by these professionals to treat, act, or otherwise respond to Plaintiff's diagnoses is appropriate. As there is no dispute that these individuals cannot actually make diagnoses and cannot testify to the making of any diagnoses, Defendant's motion is GRANTED on this issue.

Finally, Defendant briefly asserts that testimony on life expectancy should be considered testimony on a diagnosis. Plaintiff's Response does not address the issue of whether any of these individuals should be able to testify as to Plaintiff's life expectancy. Upon review, absent any citation to authority requiring expert testimony on life expectancy, Plaintiff's witnesses shall be able to testify on life expectancy, and Defendant's Motion is DENIED on this issue.

- **Motion to Enlarge Scheduling Order Deadline to Depose Plaintiff's Expert Witnesses as to Irmo Marini, Ph.D. Only (D.E.# 354)**

In this Motion, Defendant requests an enlargement of the prior scheduling order deadline to depose Plaintiff's life care planner, Irmo Marini, Ph.D. Plaintiff's Response, however, states that Dr. Marini will no longer be called as an expert witness and that she has withdrawn him from her witness list. Further, Plaintiff has substituted Dr. Marini with David Stewart, who is a Certified Life Care Planner. Plaintiff has agreed to provide Mr. Stewart for a deposition. Accordingly, Defendant's Motion pertaining to Dr. Marini is DENIED as moot.

**IT IS SO ORDERED.**

**All Citations**

Not Reported in F.Supp.2d, 2013 WL 960495

Footnotes

1    Defendants initially filed various motions in limine on September 8, 2011. On February 6, 2012, the District Court issued
     an Order Compelling Plaintiff to Produce Settlement Agreement (D.E.# 326), in which all pending motions were denied
     without prejudice to re-file. Defendant filed a Notice of Renewal of various pending motions on October 12, 2012, which
     listed several of the previously filed motions. Defendant also re-filed other of the previously filed motions separately. For
     clarity purposes, the Court will include the Docket Entry of the initial filing if renewed and of both the initial filing and re-
     filing if re-filed.

2    TennCare is the State of Tennessee's Medicaid program. *River Park Hosp., Inc. v. BlueCross BlueShield of Tennessee,
     Inc.,* 173 S.W.3d 43, 47 (Tenn.Ct.App.2002).

3    Plaintiff bases her argument that Section 29–26–119 does not apply to the calculation of damages being paid for out-of-
     pocked or by private insurance upon the Tennessee Court of Appeals' discussion in *Steele v. Ft. Sanders Anesthesia
     Group, P. C.,* 897 S.W.2d 270 (Tenn.Ct.App.1994). In *Steele,* the court briefly stated that the trial judge had ruled that
     Section 29–26–119 "did not apply since portions of the insurance were paid by plaintiffs." *Id.* at 281–82. However, the
     *Steele* court analyzes the issue of whether a plaintiff can introduce medical expenses where he or she paid part of the
     insurance premium under Section 29–26–119. *Id..* at 282–83.

End of Document                          © 2018 Thomson Reuters. No claim to original U.S. Government Works.

WESTLAW    © 2018 Thomson Reuters. No claim to original U.S. Government Works.

2013 WL 12033182
Only the Westlaw citation is currently available.
United States District Court,
W.D. Tennessee, Western Division.

Kaitlyn Calaway, a minor, by Natural Mother
and Next Friend, Kathleen Calaway, Plaintiff,
v.
Jodi Schucker, M.D., Defendant.

Case 2:02-cv-02715-STA-cgc
|
Signed 08/12/2013

**Attorneys and Law Firms**

Carroll C. Johnson, III, Carroll C. Johnson, III, Attorney at Law, Joanne L. Black, John R. Holton, Timothy R. Holton, Deal Cooper & Holton PLLC, Joann Nicholson Bell, Memphis, TN, for Plaintiff.

Darrell E. Baker, Jr., Deborah Whitt, Michael Jason Martin, Baker & Whitt PLLC, Memphis, TN, John L. Farringer, IV, Phillip F. Cramer, L. Webb Campbell, II, Sherrard Roe Voigt & Harbison PLC, Nashville, TN, for Defendant.

## ORDER GRANTING JODI SCHUCKER, M.D.'S MOTION FOR CORRECTION OF ORDER ON DEFENDANT'S MOTION IN LIMINE #9

CHARMIANE G. CLAXTON, UNITED STATES MAGISTRATE JUDGE

**\*1** Before the Court is Defendant Jodi Schucker, M.D.'s Motion for Correction of Order on Motion in Limine #9. (Docket Entry "D.E." #458). Defendant's original Motion in Limine #9 to Limit Plaintiff's Evidence of Economic Loss to Amounts that Comply with Tennessee Code Annotated Section 269-26-119 sought to limit the Plaintiff's recovery of medical expenses to the amounts paid or payable rather than the amounts billed, also referred to as the gross amount or "sticker price." (D.E. #280, #248).

On March 12, 2013, the Magistrate Judge issued an Omnibus Order on Defendant's Motions in Limine (D.E. #405), which included a ruling on Motion in Limine #9. The Omnibus Order stated that the Magistrate Judge would follow the reasoning in *Cassie Nalawagan v. Hai v. Dang*, No. 06-2745-STA-dkv, 2010 WL 4340797 (W.D. Tenn. Oct. 27, 2010), in which this Court held that a plaintiff's recovery of medical expenses is limited to amounts "paid or payable" and that a plaintiff could not recover amounts billed. However, the Omnibus order then stated "Plaintiff will only be permitted to recover the *amounts billed*, not the gross 'sticker price' of the medical service, as set forth in *Nalawagan*. Thus, Defendant's Motion to limit Plaintiff's medical expenses to the *amount billed* is GRANTED." (emphasis added).

Upon review, the Omnibus Order correctly stated in portions that a plaintiff's recovery is limited to amounts paid or payable, that Plaintiff could not recover amounts billed, and that Defendant's Motion in Limine #9 was granted. However, the Omnibus Order the erroneously stated in another portion that the Plaintiff could recover the "amounts billed." To clarify, Plaintiff's recovery shall be limited to amounts paid or payable, Plaintiff shall not be permitted to recover amounts billed, the gross price, or the "sticker price," and Defendant's Motion in Limine #9 is granted. Accordingly, Defendant's Motion for Correction of Order on Defendant's Motion in Limine #9 is GRANTED.

**IT IS SO ORDERED** this 12th day of August, 2012.

**All Citations**

Not Reported in F.Supp.2d, 2013 WL 12033182

© 2018 Thomson Reuters. No claim to original U.S. Government Works.

WESTLAW  © 2018 Thomson Reuters. No claim to original U.S. Government Works.

2014 WL 5094140
Only the Westlaw citation is currently available.
United States District Court, E.D. Tennessee.

Karen GUTHRIE, Individually and on behalf
of the estate of Donald Guthrie, Plaintiff,
v.
Gregory BALL, M.D., Defendant.

No. 1:11–cv–333–SKL.
|
Filed Oct. 10, 2014.

**Attorneys and Law Firms**

Charles W. Miller, Michael E. Heygood, Heygood, Orr &
Pearson, Dallas, TX, Christopher A. Keith, Wettermark
& Keith, LLC, Birmingham, AL, for Plaintiff.

F. Laurens Brock, Tricia Thor Olson, Adams and Reese,
LLP, Nashville, TN, Donna L. Boyce, Adams and Reese,
LLP, Memphis, TN, for Defendant.

*ORDER*

SUSAN K. LEE, United States Magistrate Judge.

*1 Before the Court is "Motion in Limine # 1 to Limit
the Amount of Medical Bills Claimed by Plaintiff" filed by
Defendant Gregory Ball, M.D. ("Defendant") [Doc. 105].
Plaintiff Karen Guthrie, individually and on behalf of the
Estate of Donald Guthrie ("Plaintiff") filed a response
agreeing to the entry of an order limiting evidence of
the medical bills claimed to the amount permitted under
Tenn.Code Ann. § 29–26–119 [Doc. 161].

Defendant's motion asserts Plaintiff may attempt to claim
the full amount of the medical bills incurred by Mr.
Guthrie despite the fact that insurance and Medicare
covered all of Mr. Guthrie's bills after adjustments and
write-offs. Defendant argues that because Tenn.Code
Ann. § 29–26–119 limits any recovery to actual economic
losses, Plaintiff may not recover the amount billed, and
instead may only recover the discounted amount actually
paid or payable. Defendant bases this argument on
the language of Tenn.Code Ann. § 29–26–119, which
allows Plaintiff to recover only "actual economic losses,"
two district court decisions interpreting this statute,

*Nalawagan v. Hai v. Dang,* No. 06–2745–STA–dkv, 2010
WL 4340797, at *2–*3 (W.D.Tenn. Oct.27, 2010) and
*Calaway ex rel. Calaway v. Schucker,* No. 2:02–cv–02715,
2013 WL 960495 (W.D.Tenn. March 12, 2013), and
*Hughlett v. Shelby County Health Care Corp.,* 940 S.W.2d
571, 574 (Tenn.Ct.App.1996).

Tenn.Code Ann. § 29–26–119[1] states that in a medical
malpractice case, a plaintiff may not recover for the
cost of medical care if that cost was indemnified
in whole or in part by employer-provided insurance.
*Richardson v. Miller,* 44 S.W.3d 1, 32 (Tenn.App.2000).
The statute seeks to prohibit injured parties from realizing
a double recovery by reducing a plaintiff's recovery
by the amount of benefits paid by employer-provided
insurance. *See Nance v. Westside Hosp.,* 750 S.W.2d 740,
742 (Tenn.1988). Excluded, however, from the statute's
general operation are collateral payments made where the
collateral payor has subrogation rights. *See id.* at 743.

In *Hughlett,* the court held the statute did not apply
to Medicaid payments. 940 S.W.2d at 573–74. *Hughlett*
essentially holds that where the injured insured must
repay the insurer out of any damages recovered, such as
with Medicaid payments, the insured realizes no double
recovery. In other words, where a right of subrogation
exists or where the tort victim has a legal obligation to
repay the collateral source payor, then the victim's losses
have not been "replaced or indemnified" for purposes of
Tenn.Code Ann. § 29–26–119.

In *Nalawagan,* the court addressed whether a plaintiff
may only recover the discounted amount actually paid or
payable. After finding that no Tennessee state courts had
addressed the precise issue, the district court predicted the
state courts would hold a plaintiff may not recover the
amounts actually billed by the plaintiff's medical providers
over and above the amounts paid or payable by Medicaid
based on *Hughlett.* The court in *Nalawagan* reasoned that
the plain language of the statute is "sufficiently clear"
and "contemplates the recovery of 'actual economic losses
suffered by the claimant' including medical expenses, 'but
only to the extent' of costs 'not paid or payable.' "
*Nalawagan,* 2010 WL 4340797, at *3 (quoting Tenn.Code
Ann. § 29–26–119). The court further held that, "in so far
as amounts billed by the providers for medical care differ
from actual amounts 'paid or payable,' [p]laintiff is not
entitled to recover amounts billed pursuant to the statute."
*Id.*

**\*2** While *Nalawagan* pertained to Medicaid billing, in *Calaway ex rel. Calaway v. Schucker,* No. 2:02–cv–02715, 2013 WL 960495 (W.D.Tenn. March 12, 2013), the court applied the same reasoning to insurance holding that just as a plaintiff may recover only Medicaid expenses that are paid or payable, a plaintiff may recover only expenses that are paid or payable by private insurance under Tenn.Code Ann. § 29–26–119. Thus, Defendant's motion to limit Plaintiff's medical expenses to the amount billed is well taken.

Plaintiff has cited to no cases reaching a contrary result, and appears to agree the motion is well taken. Thus, the motion to limit the amount of medical bills claimed by Plaintiff [Doc. 105] is **GRANTED** and Plaintiff will be limited to seeking damages for medical bills to expenses actually "paid or payable" pursuant to Tenn.Code Ann. § 29–26–119.

SO ORDERED.

**All Citations**

Not Reported in F.Supp.3d, 2014 WL 5094140

Footnotes

1    The statute provides:

Damages.—In a health care liability action in which liability is admitted or established, the damages awarded may include (in addition to other elements of damages authorized by law) actual economic losses suffered by the claimant by reason of the personal injury, including, but not limited to, cost of reasonable and necessary medical care, rehabilitation services, and custodial care, loss of services and loss of earned income, but only to the extent that such costs are not paid or payable and such losses are not replaced, or indemnified in whole or in part, by insurance provided by an employer either governmental or private, by social security benefits, service benefit programs, unemployment benefits, or any other source except the assets of the claimant or of the members of the claimant's immediate family and insurance purchased in whole or part, privately and individually.

    © 2018 Thomson Reuters. No claim to original U.S. Government Works.

WESTLAW   © 2018 Thomson Reuters. No claim to original U.S. Government Works.