IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JOHN RUFFINO and MARTHA RUFFINO, Husband and Wife, | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | ) CASE No. 3:17-cv-00725<br>) Judge Campbell<br>) Magistrate Judge Newbern |
| DR. CLARK ARCHER and HCA HEALTH SERVICES OF TENNESSEE, INC. d/b/a STONECREST MEDICAL CENTER | )<br>) JURY DEMANDED<br>)<br>)<br>) |
| Defendants. | )<br>) |

## DR. ARCHER'S MOTION IN *LIMINE* NO. 6 TO EXCLUDE EVIDENCE, TESTIMONY, AND/OR ARGUMENT CONCERNING WHETHER THE EMERGENCY ROOM OF STONECREST WAS BUSY

COMES NOW Defendant, Dr. Clark Archer (hereinafter "Dr. Archer" or "Defendant") and respectfully moves the Court in *limine* for an Order excluding all evidence, testimony, and/or argument concerning whether the emergency room of StoneCrest was busy pursuant to Rules 401 – 403 of the Federal Rules of Evidence.

During the depositions of Dr. Archer and the treating nurses, questioning and testimony was elicited concerning whether the emergency room ("ER") of StoneCrest was busy in February 17, 2016. Specifically, the following testimony was elicited:

    [Except from Dr. Archer's Deposition]

    Q. Do you know that Nurse Bromley was too busy on February 17, 2016, to create the entry we are looking at earlier than he did?

    [Defense Counsel]: Object to the form.

    A. Do I know?

1

Q. As opposed to relying on the way you know people can be busy in the ER in a nonspecific sense.

A. I think that's an interesting discussion, because some nurses will document at various times, for instance. So some are – and I don't know particular with Tony, but some are going to document, such as I did, at 2:11 PM when the chart was complete. I kind of finished it and then added an addendum. I did that later because of timing. I cannot comment on busyness of Tony. I cannot comment on his documentation style, and on whether or not his style is delayed or not. I would not know that day.[1]

---

[Except from Nurse Bromley's Deposition]

Q. Okay. How in February 2016 would you decide as an experienced nurse at that time when to document things you had already done?

[Mr. Bromley] A. When I had time.

Q. Does that mean then if hours went by between when you did something and when you documented, it meant you didn't have time in between those two points to do that documentation?
A. Yes.

Q. And I presumed you were going to say that because you wouldn't just say: "Forget about that, I'm going to wait three hours just because I want to." It's because things kept you from documenting sooner?

A. Yes, sir.

Q. Do you remember how busy or not busy you were in the ER on February 17th, 2016 when Mr. Ruffino was a patient?

A. I don't remember how busy, but we -- and that ER, it's, like, less than 20 rooms, I believe, and we're seeing close to 200 people a day in different levels of acuity. So it's very busy.

Q. That's what I thought you were going to say. You were kind of giving me the facts and then telling me from your perspective -- because I've never worked in an ER – whether that meant busy or

---

[1] Deposition of Dr. Clark Archer on November 17, 2017, ("Dr. Archer's Depo.") at 54:14 – 55:8. A copy of cited portion is included as part of **Collective Exhibit 1.**

not. Typically, the StoneCrest ER was a busy place from a nursing perspective?

A. Yes, it's very busy. In fact, they're expanding it as fast as possible. I work currently in the busiest ER in Tennessee.

Q. And when the StoneCrest ER was busy, would that lead to you not having as much time for the tasks you wanted to do as you would have liked?

[Defense Counsel]: Object to the form. You can answer.

[Mr. Bromley]: At times.

[Plaintiff's Counsel]: Q. And you don't remember one way or another whether when you cared for Mr. Ruffino, whether if that was one of those times when you wished you had more time to do things?

A. I don't recall[2]

---

[Except from Mrs. Bromley's Deposition]

Q. How would you describe the busy-ness of a typical shift in the StoneCrest ER?

[Mrs. Talegdy] A. I would say it's very busy.

Q. Did you ever find in the StoneCrest ER that you did not have as much time as you wished for patient care?

A. You always have to prioritize and take care of the people that need it the most with the time you have.

Q. Did you ever wish when you worked in the StoneCrest ER that you had more time for patient care?

A. Yes.[3]

---

[2] Deposition of Anthony Bromley, RN on November 29, 2017, on 19:19 – 21:16. A copy of cited portion is included as part of **Collective Exhibit 1.**

[3] Deposition of Haley Telegdy, RN, on November 29, 2017, at 31:21 – 32:8; 32:19 – 33:2. A copy of cited portions are included as part of **Collective Exhibit 1.**

3

First, the above testimony is irrelevant to the issues in this case, which are whether the care and treatment rendered to Mr. Ruffino by Dr. Archer complied with the applicable standard of care for an ER physician.  *See* Fed. R. Evid. 401.  Likewise, none of the testimony indicates that the ER of StoneCrest was actually busy on the date that Mr. Ruffino presented for care and treatment. As it is irrelevant, it should be excluded.  Fed. R. Evid. 402.

Second, to the extent there is any relevance to the above testimony or any other evidence that would bearing on how busy the ER at StoneCrest was on February 17, 2016, it should be excluded pursuant to Rule 403 of the Federal Rules of Evidence. Such evidence or testimony would be substantially outweighed by the prejudice to Dr. Archer. Such evidence or testimony may go towards the claims against StoneCrest, but they are not directed at Dr. Archer.  Therefore, he should not be forced to defense an entire ER department's care when only his care is on trial. Similarly, any probative value in such evidence is substantially outweighed through the high chance of confusing the issues or misleading the jury.  Plaintiffs dropped the hospital from the lawsuit, and if the ER was busy on the date of treatment, then that is an allegation directed at StoneCrest and not Dr. Archer. Put another way, the busyness of the ER at StoneCrest did not and does not impact the care that Dr. Archer rendered. There has been no expert testimony that the standard of care changes depending on how busy the ER was or that something was done, by Dr. Archer or anyone else, wrong because the ER was busy.  Therefore, evidence, testimony, and/or argument on whether the ER at StoneCrest was busy on February 17, 2016, should be excluded.

## **CONCLUSION**

For foregoing reasons, Dr. Archer respectfully requests that this Court enter an Order excluding evidence, testimony, or argument on whether the ER at StoneCrest was busy on February 17, 2016.

4

Case 3:17-cv-00725   Document 121   Filed 12/14/18   Page 4 of 5 PageID #: 1688

Respectfully submitted on this 14th day of December 2018.

**HALL BOOTH SMITH, P.C.**

By: /s/ Bryant C. Witt
James E. Looper, Jr. BPR #025200
Bryant C. Witt, BRP #018295
Fifth Third Center
424 Church St., Ste. 2950
Nashville, TN 37219
(615) 313-9911
*Counsel for Defendant Dr. Clark Archer*

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document has been furnished by electronic means via the Court's electronic filing system, this 14th day of December 2018, to counsel of record as follows:

Afsoon Hagh, Esq.
CUMMINGS MANOOKIAN PLC
45 Music Square West Nashville, TN 37203
afsoon@cummingsmanookian.com

Brian Cummings, Esq.
Cummings Law
4235 Hillsboro Pike #300
Nashville TN 37215
T: 615.800.6822
F: 615.815.1876
brian@cummingsinjurylaw.com

Mark Hammervold, Esq.
Hammervold, PLC
315 Deaderick Street, Suite 1550
Nashville, TN 37238
mark@hammervoldlaw.com

*Counsel for Plaintiffs, John Ruffino and Martha Ruffino,*

HALL BOOTH SMITH

By: /s/ Bryant C. Witt