**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | | |
|---|---|---|
| **JOHN RUFFINO and MARTHA RUFFINO, Husband and Wife,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | **CASE No. 3:17-cv-00725** |
| **v.** | ) | **Judge Campbell** |
| | ) | **Magistrate Judge Newbern** |
| **DR. CLARK ARCHER and HCA HEALTH SERVICES OF TENNESSEE, INC. d/b/a STONECREST MEDICAL CENTER** | ) | |
| | ) | **JURY DEMANDED** |
| | ) | |
| | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

**DR. ARCHER'S MOTION IN *LIMINE* NO. 8**
**OMNIBUS MOTION**

COMES NOW Defendant, Dr. Clark Archer (hereinafter "Dr. Archer") and respectfully moves the Court in *limine* for an Order on the following points of evidence at trial:

1. Excluding any and all witnesses identified by the Plaintiffs to be called to testify at trial that have not been properly disclosed in discovery. Rule 26(a)(1)(i) of the Federal Rules of Civil Procedure, among other things, requires that a party disclose the name of anyone with discoverable information and the subjects of that information that the party may use to support its claims or defenses. Likewise, Rule 26(e) of the Federal Rules of Civil Procedure provides that parties are under a duty to seasonably supplement responses to any question directed addressed to the identity and location of persons having knowledge of discoverable matters. Plaintiffs disclosed individuals and the subject of their information.[1]

---

[1] *See* The Plaintiffs' Rule 26(a)(1) Disclosures (a copy of the relevant portions is attached hereto as part of **Exhibit 1**).

1

District Courts have the authority to take such action as is necessary to prevent discovery abuse and have wide discretion to determine the appropriate sanction to be imposed.[2] Excluding a witness's testimony may be an appropriate sanction for failure to supplement answers to interrogatories or supplement initial disclosures.[3]

2.  Excluding any evidence, testimony or argument regarding Defendant's liability insurance. Evidence of such insurance coverage, if any, is not relevant to the Plaintiffs' currently pending claims and, to the extent there is any relevance whatsoever, the probative value is substantially outweighed by the danger of unfair prejudice.  Therefore, any claim or evidence of the Dr. Archer's insurance coverage with respect to the Plaintiffs' currently pending claims at trial should be excluded.   In addition, Rule 411 of the Federal  Rules of Evidence provides that evidence that a person was insured against liability is not admissible upon issues of negligence or other wrongful conduct.  Further still, out of an abundance of caution,[4] counsel for Dr. Archer respectfully asks the Court to exclude all questioning or argument posed to the experts who will testify on behalf of Dr. Archer on who is paying them.  Any relevance from demonstrating. Although Rule 411 permits the introduction of evidence about liability insurance for the purpose of showing the possible bias of a witness, clearly, any impeachment evidence offered to establish that a witness is being paid by Dr. Archer or some entity on his behalf clearly risks revealing the existence liability insurance, if any.  Therefore, any bearing

---

[2] FED. R. CIV. P. 37(c)(1); *see also* Order entered July 3, 2017 (Doc. 26).

[3] *See Adams v. Farbota*, 306 F.R.D. 563, 572 (M.D. Tenn. 2015) (citing *Sommer v. Davis*, 317 F.3d 686, 692 (6th Cir. 2003) ("[A district judge retains discretion to fashion an equitable remedy that is consonant with both the text and logic of Rule 37(c)(1)."*).

[4] This is filed out of an abundance of caution due to circumstances arising at a recent trial in which a plaintiff's attorney asked an expert witness, "who is paying you?"  To which the expert witness replied, "the medical malpractice insurance company."

on the "bias or prejudice"[5] that such questioning may reveal is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury.[6]

3. Requiring sequestration of witnesses under Rule 615 of the Federal Rules of Evidence.

4. Excluding any evidence, testimony, argument, or reference to (1) the size of Dr. Archer's counsel's law firm, or (2) the fact that Dr. Archer's counsel's law firm, Hall, Booth, Smith P.C., has multiple regional offices, including offices outside the State of Tennessee. Plaintiffs' counsel may not make reference to defense counsel as practicing in locales other than Tennessee, and to Hall, Booth, Smith P.C. as a larger-sized law firm based outside of the State of Tennessee and with multiple regional offices. Rule 402 of the Federal Rules of Evidence excludes irrelevant evidence. *See* Fed. R. Evid. 402. Rule 401 defines relevant evidence as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. Argument or testimony about defense counsel is clearly irrelevant because it does not tend to make any fact of consequence to the determination of the action more probable. *See* Fed. R. Evid. 401. To be clear, whether Hall, Booth, Smith P.C. employs one or one hundred lawyers, and whether Hall, Booth, Smith P.C. has more than one office does not make it more or less probable that these Defendants should be held liable for alleged medical malpractice. Therefore, this evidence should be excluded pursuant to Rule 402. *See* Fed. R. Evid. 402.

5. Entry of an Order that (1) excludes any testimony or evidence relating to the respective pecuniary conditions of the parties, and (2) instructs Plaintiffs to refrain absolutely from

---

[5] FED. R. EVID. 411
[6] FED. R. EVID. 403

3

making any direct or indirect reference whatsoever in person, by counsel, by testimony, or by exhibits to the parties' respective pecuniary conditions. The law in Tennessee[7] is clear that it is improper to bring to the jury's attention at any stage of the trial the parties' respective pecuniary conditions when the parties seek only compensatory damages.[8] In the longstanding case of *Herstein v. Kemker*, the court emphasized that "[t]he rule is too well settled to need citation of authorities that evidence of the pecuniary condition of either of the parties is not admissible in an action to recover compensatory damages for personal injuries, except insofar as plaintiffs' right to prove loss of earning power resulting from the injuries may be considered an exception to this rule."[9] The narrow exception found by the *Herstein* Court would apply only to evidence relevant to loss of earning potential, and would not apply to any evidence of or reference to the Defendant's earning potential or standing in the community, as it may be compared to that of Plaintiffs.[10]

6. Entry of an Order requiring that all counsel that will participate in the case be present at every phase of the trial, beginning with *voir dire* and concluding the jury returning its verdict. Pursuant to Local Rule 39.01, which states "[i]n all jury cases, all counsel must be present at all portions and phases of trial including the time during which the jury is considering its verdict unless excused by the Court." As the interactions of all counsel during trial is on display for the jury, all counsel who will take part in the trial should be required to be present during all phased in accordance with the Local Rule.

---

[7] *See Eisenhauer v. Burger*, 431 F.2d 833, 837 (6th Cir. 1970) (applying Ohio law to the issue of whether evidence of the pecuniary condition of a party is admissible in a negligence action).

[8] *Herstein v. Kemker*, 94 S.W.2d 76, 94 (Tenn. Ct. App. 1936).

[9] *Id.*

[10] *See id.*

4

7. Entry of an Order to exclude any questioning or testimony concerning an expert witness' personal practice, personal standard, or what "he/she would do" under certain circumstances or at a particular hospital, clinic, or other medical facility. Likewise, the Order should encompass all criticisms that do not raise o the level of a deviation from the standard of care. The threshold issue in this case is whether the Plaintiffs can prove a deviation from the recognized standard of acceptable professional practice among health care providers practicing relevant specialties in Smyrna, Rutherford County, Tennessee, or in a similar community, under the facts of this case.[11] A health care provider's testimony as to what he/she would do under the circumstances does ***not*** address nor establish the statutory standard of acceptable professional practice and is irrelevant,[12] and for which Rule 402 of the Federal Rules of Evidence mandates the exclusion of this line of questioning and/or testimony. Likewise, criticisms that do not rise to the level of a deviation from the standard of care are also irrelevant and should be excluded. Further, Rule 403 of the Federal Rules of Evidence also requires exclusion of argument, evidence, or testimony of these topics due to unfair prejudice to Dr. Archer in having to defend against opinions that are not deviations from the applicable standard of care but may reflect negatively upon him in the eyes or the jury, the confusion of the issues and misleading of the jury due presentation of evidence that does not bear on whether a deviation from the applicable standard of care occurred, and/or the likelihood that this would waste time or undue delay due to the need to plod though direct and cross examination to remedy the testimony, all of which substantially outweigh any probative value.

---

[11] TENN. CODE ANN. § 29-26-115(a) (2018).

[12] *Jennings v. Case*, 10 S.W.3d 625, 632 (Tenn. Ct. App. 1999); *Roddy v. Volunteer Medical Center*, 926 S.W.2d 572, 578 (Tenn. Ct. App. 1996); *Lewis v. Hill*, 770 S.W.2d 751, 754 (Tenn. Ct. App. 1988).

5

8. Entry of an Order precluding any suggestion that Mr. Ruffino's alleged injuries create a presumption of negligence on the part of Dr. Archer. The mere occurrence of an injury does not give rise to a presumption that a health care provider is guilty of malpractice.[13] In fact, in a jury case, the Court is required by the Tennessee Health Care Liability Act to charge the jury with this instruction.[14]

9. Entry of an Order precluding and excluding any opinion testimony by lay witnesses and instructing Plaintiffs lay (fact) witnesses to refrain absolutely from making any direct or indirect reference in person, by counsel, by testimony, or through the use of exhibit to elicit improper opinion testimony, including, but not limited, standard of care, diagnoses, causation, or life expectancy. In particular, it is anticipated that Plaintiffs will attempt to elicit or may unintentionally elicit inadmissible opinion testimony about Mr. Ruffino's alleged current deficits, the cause thereof (questioning about capabilities before and after February 17, 2016), and future medical needs such as a home hospital bed, walk-in shower,[15] physical therapy, shower chair, or a lift chair[16] through lay opinion. Likewise, Rule 701 of the Federal Rules of Evidence requires that the Court exclude any testimony about Mr. Ruffino's physical or cognitive conditions through the testimony of a lay witness.

10. Entry of an Order excluding testimony from the Plaintiffs' Rule 26 witnesses, or any other witness regarding Mr. Ruffino's life expectancy. The following are the grounds for this motion:

---

[13] TENN. CODE ANN. § 29-26-115(d) (2018); *see also Kilpatrick v. Bryant*, 868 S.W.2d 594, 599 (Tenn. 1993).

[14] *Id.*

[15] *See* Deposition of John Ruffino from October 24, 2017 ("Mr. Ruffio Depo."), at 107:19 – 108:22; Deposition of Martha Ruffino from October 24, 2017 ("Mrs. Ruffio Depo."), at 18:7 – 14. A complete copies of their deposition transcripts will be filed pursuant to separate notices of filing.

[16] *See* **Exh. 1**, at 4.

6

a. An opinion regarding John Ruffino's life expectancy requires specialized knowledge and experience to be admissible.[17]
b. The Plaintiffs have failed to disclose a Rule 26 witness regarding John Ruffino's life expectancy. [18]
c. The Rule 26 witness disclosed by the Plaintiffs failed to offer an opinion at their depositions as to John Ruffino's life expectancy.[19]
d. The Plaintiffs' failures in this regard support the exclusion of any such opinion.[20]

To permit such undisclosed evidence or testimony now would permit a trial by ambush as to this topic.

11. Entry of an Order prohibiting Plaintiffs' counsel, Brian Cummings and Mark Hammervold, from referencing their current or past representation of defendant physicians, other health care providers, or clinics and hospitals, and also from referencing their current or past experience as a defense attorney in health care liability (medical malpractice) lawsuits. Defendant further seeks to prohibit any fact or expert witness for the Plaintiffs, as well as the Plaintiffs themselves, from referencing Mr. Cummings' or Mr. Hammervold's experience as a defense attorney or his representation of health care providers in malpractice lawsuits. This information is not relevant and should be excluded to Rules 401 and 402. To the extent it is found relevant, any probative value is substantially outweighed by unfair prejudice, the confusion of the issues and/or misleading the jury since it would be an improper attempt to bolster the credibility of these attorneys and possibly cause a juror to give undue weight to their arguments or the fact that they even brought the case. Examples of argument or testimony that may be presented: "I have represented doctors in

---

[17] There is no basis upon which the Rule 26 experts disclosed by the Plaintiffs can testify regarding Mr. Ruffino's life expectancy to a reasonable degree of certainty, and any speculative testimony in that regard will not substantially assist the jury, as required by Rule 702 of the Federal Rules of Evidence. FED. R. EVID. 702.

[18] See the Rule 26 Reports of Plaintiffs' experts that were filed separately pursuant to Notice of Filings.

[19] None of Plaintiffs' experts have offered any testimony about Mr. Ruffino's life expectancy, nor have any offered testified to his life expectancy.

[20] See Rules 26(a), (e)(1), and 37(c) of the Federal Rules of Civil Procedure.

7

medical malpractice trials before," "I have represented both sides in these types of cases," "I know when a medical malpractice case has merit," or any variation thereof should be excluded as improper. Any such testimony, argument or commentary would be more prejudicial than probative, irrelevant, and could serve to confuse or mislead the jury.

12. Entry of an Order excluding any physical or cognitive manipulation, examination, or demonstration of John Ruffino in the presence of the Jury by an expert witness. No expert witness has been disclosed that will manipulate, examine, or seek a demonstration of Mr. Ruffino in the presence of the jury, and therefore, to avoid surprise at trial, the Court should exclude any such acts at trial.[21]

Respectfully submitted on this 14th day of December 2018.

**HALL BOOTH SMITH, P.C.**


By:     /s/ Bryant C. Witt
        James E. Looper, Jr. BPR #025200
        Bryant C. Witt, BRP #018295
        Fifth Third Center
        424 Church St., Ste. 2950
        Nashville, TN 37219
        (615) 313-9911
        *Counsel for Defendant Dr. Clark Archer*

---

[21] *See* Rules 26(a), (e)(1), and 37(c) of the Federal Rules of Civil Procedure.

8

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that a true and correct copy of the foregoing document has been furnished by electronic means via the Court's electronic filing system, this 14th day of December 2018, to counsel of record as follows:

Afsoon Hagh, Esq.
CUMMINGS MANOOKIAN PLC
45 Music Square West Nashville, TN 37203
afsoon@cummingsmanookian.com

Brian Cummings, Esq.
Cummings Law
4235 Hillsboro Pike #300
Nashville TN 37215
T: 615.800.6822
F: 615.815.1876
brian@cummingsinjurylaw.com

Mark Hammervold, Esq.
Hammervold, PLC
315 Deaderick Street, Suite 1550
Nashville, TN 37238
mark@hammervoldlaw.com

*Counsel for Plaintiffs, John Ruffino and Martha Ruffino,*

HALL BOOTH SMITH

By: ___/s/ Bryant C. Witt

9