# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| JOHN RUFFINO and MARTHA RUFFINO, Husband and Wife, ) ) ) | |
| Plaintiffs, ) ) | Civil Action No.: 3:17-cv-00725 |
| v. ) ) | Jury Demand |
| DR. CLARK ARCHER and HCA HEALTH SERVICES OF TENNESSEE, INC. d/b/a STONECREST MEDICAL CENTER, ) ) ) ) | Judge Campbell Magistrate Judge Newbern |
| Defendants. ) | |

## PLAINTIFFS' RESPONSE TO DEFENDANT'S MOTION IN LIMINE #8 (OMNIBUS)

The Plaintiffs respond as follows to the Defendant's Motion in Limine #8 (Omnibus Motion):

**1. Excluding All Witnesses Not Properly Disclosed.**

The Plaintiffs agree with this aspect of the Motion in general, but ask that (1) it also be applied to the Defendant and (2) that the Court reserve ruling on whether the adverse party had fair notice of a particular witness, until the specific context arises.

**2. Excluding Evidence of the Defendant's Liability Insurance.**

The Plaintiffs agree with this aspect of the Motion *at this time*. However, Plaintiffs note that Rule 411 permits evidence of liability insurance to be used for purposes other than to prove negligence. Should Plaintiffs identify a need to present evidence of Defendant's liability insurance for a purpose permitted by Rule 411, Plaintiffs will notify the Defendant and the Court and seek permission – outside the jury – to present any such evidence.

**3. Sequestration of Witnesses.**

The Plaintiffs agree with this aspect of the Motion as it relates to non-party witnesses.

### 4. Information About Defense Counsel's Law Firm.

Plaintiffs agree that information about Defense Counsel's law firm should not be admitted into evidence. However, Plaintiffs oppose this aspect of the Motion as it relates to *voir dire*. The Plaintiffs may need to reference some information about Defense Counsel's law firm to assess whether potential jurors have a relationship with a lawyer associated with that firm.

### 5. Respective Pecuniary Condition of the Parties.

The Plaintiffs agree with this aspect of the Motion *at this time*. Should Plaintiffs identify a need to present evidence suggesting or relating to the Parties' pecuniary condition, Plaintiffs will notify the Defendant and the Court and seek permission – outside the jury – to present any such evidence.

### 6. Requiring Participation of All Counsel at Every Phase of Trial.

The Plaintiffs oppose this Motion at this time, as this issue is already covered by Local Rule 39.01. Plaintiffs' Counsel intend to comply with Local Rule 39.01, and will seek leave of court if circumstances arise by January 2020 and/or during trial that make participation of all counsel during all phases of trial impractical.

### 7. Questioning of Experts Regarding What They Would Do.

The Plaintiffs oppose this Motion because examination regarding an expert's personal practice is relevant, and should not be excluded per Rule 403.

Although an expert's *personal* practice is not tantamount to or defining of the standard of care, it can serve as a basis for the expert's standard of care opinions and can also be highly relevant to assessing the credibility of his/her opinions regarding what most reputable physicians do. Additionally, if Defendant's experts do not practice what they preach, the jury needs to hear this.

Any "prejudice" the Defendants fear regarding confusion of the issues can be addressed with an appropriate jury instruction. TPI § 6.18 provides, in part, "The testimony of a physician as to what that physician personally would do or would not do or the personal opinion of a physician of what should or could not have been done does not prove the standard of medical practice." Tennessee courts provide this instruction because testimony from experts about what they would personally do is routinely presented at trial – as relevant, but not dispositive of the standard of care issue.

**8. Precluding "Any Suggestion" of a Presumption of Negligence Due to Injury.**

The Plaintiffs oppose this aspect of the Motion because it is extremely vague and better addressed by providing the jury an appropriate instruction.

Defendant asks the Court to enter an order precluding "any suggestion" that Mr. Ruffino's injuries create a presumption of negligence. The parameters of argument, comment or testimony disallowed by this order would be so unclear that such an order would not provide fair notice to the Plaintiffs as to what will actually be allowed and disallowed at trial.

Plaintiffs submit that the Defendant's concern is better addressed by providing the jury with an instruction such as TPI 6.12:

> By undertaking treatment a physician does not guarantee a good result. A physician is not negligent merely because of an unsuccessful result or an error in judgment. An injury alone does not raise a presumption of the physician's negligence. It is negligence, however, if the error of judgment or lack of success is due to a failure to have and use the required knowledge, care and skill as defined in these instructions.

**9. Precluding "Medical Opinions" from Lay Witnesses.**

The Plaintiffs agree with this aspect of the Motion *in general*, including because Plaintiffs filed a similar motion (Plaintiffs' #14).

However, the Plaintiffs disagree with the specific applications of Rule 701 suggested by Defendant as precluding lay witness testimony about Mr. Ruffino's "alleged current deficits," "capabilities before and after February 17, 2016," or Mr. Ruffino's current or future needs. This application of the Motion should be denied, or at least reserved at this time, because "[a] lay witness may testify to his own physical condition or that of another person provided that the witness first states the detailed facts and then gives his opinion or conclusion." *Simpson v. Satterfield*, 564 S.W.2d 953, 956 (Tenn. 1978) (*quoting McKenzie v. Campbell and Dann Manufacturing Co.,* 209 Tenn. 475, 354 S.W.2d 440 (1962); *see also American Enka Corp. v. Sutton*, 216 Tenn. 228, 391 S.W.2d 643, 648 (Tenn. 1965) ("Lay testimony is competent to establish such simple but important matters as existence of pain, its location, inability to work, etc. ….").

**10. Exclude Expert Testimony Regarding Life Expectancy.**

The Plaintiffs do not claim that Defendant's negligence shortened Mr. Ruffino's life expectancy. No expert will testify otherwise. Plaintiff's experts will testify to the injuries Mr. Ruffino sustained that could have been avoided and/or mitigated if appropriate care were provided.

The Plaintiff intends to present evidence of Mr. Ruffino's life expectancy primarily through the Tennessee life expectancy / mortality table. Mortality tables provide an admissible and "reasonable" means by which a jury might calculate wrongful death damages. *Hall v. Stewart,* 2007 Tenn. App. LEXIS 60, *20, 2007 WL 258406 (Tenn. Ct. App. Jan. 31, 2007). The admissibility of a life expectancy table is not contingent upon any testimony from an expert that the data from the life expectancy table would have applied to the decedent or that the decedent's health was average. *Id.*

### 11. Preclude Mention of Plaintiff's Lawyers Background / Practice History.

The Plaintiffs opposes this aspect of the Motion to the extent it relates to introduction of Plaintiffs' attorneys and their backgrounds during *voir dire*. Such information is not a "personal opinion" about the case in violation of Rule 3.4(e), and there is no other basis for excluding such information.

At this time, Plaintiffs agree that it would not be admissible to introduce evidence or elicit testimony regarding Plaintiffs' Counsel's backgrounds during trial. However, the Defendants could open the door to this information if the Defendant makes the background of the Plaintiffs' counsel relevant, including by pursuing a line of questioning of Plaintiffs' experts suggesting that they exclusively or predominantly with "plaintiffs" lawyers.

**RESPECTFULLY SUBMITTED,**

 s/ Mark Hammervold
**Brian Cummings, #19354**
Cummings Law
4235 Hillsboro Pike, #300
Nashville, TN 37215
Phone: 615-800-6822
Fax: 615-815-1876
brian@cummingsinjurylaw.com

**Mark Hammervold, #31147**
Hammervold, PLC
315 Deaderick Street, Suite 1550
Nashville, TN 37238
(615) 928-2466 (phone)
(615) 928-2264 (fax)
mark@hammervoldlaw.com

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

      I certify that I served all parties in this matter through counsel of record listed below with the foregoing by CM/ECF on December 21, 2018:

    James E. Looper, Jr.
    Hall Booth Smith, PC
    Fifth Third Center
    424 Church Street, Suite 2950
    Nashville, TN 37219
    (615) 313-9911 (phone)
    (615) 313-8008 (fax)
    jlooper@hallboothsmith.com

    *Counsel for the Defendant*
    *Dr. Clark Archer*

     s/ Mark Hammervold
    **Mark Hammervold**